**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS VENDING INC. | ) | Case No. 26–90526 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Canadian Business No. 739359537 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITCOIN DEPOT OPERATING LLC | ) | Case No. 26–90527 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 81-3003586 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITCOIN DEPOT INC., | ) | Case No. 26–90528 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 87-3219029 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| BCD MERGER SUB LLC | ) | Case No. 26–90529 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. N/A | ) |  |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| BT HOLDCO LLC | ) | Case No. 26–90530 (CML) |
| Debtor. | ) | |
| Tax I.D. No. 93-2141549 | ) | |
| In re: | ) | Chapter 11 |
| BTM INTERNATIONAL HOLDINGS I LLC | ) | Case No. 26–90531 (CML) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |
| In re: | ) | Chapter 11 |
| BTM INTERNATIONAL HOLDINGS II LLC | ) | Case No. 26–90532 (CML) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |
| In re: | ) | Chapter 11 |
| CASH RAMP LLC | ) | Case No. 26–90533 (CML) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |
| In re: | ) | Chapter 11 |
| DIGITAL GOLD VENTURES INC. | ) | Case No. 26–90534 (CML) |
| Debtor. | ) | |
| Canadian Business No. 790161509 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTUITIVE SOFTWARE LLC | ) | Case No. 26–90535 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-1344496 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KIOSK HOLDCO LLC | ) | Case No. 26–90536 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-4691964 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KIOSK TECHNICIANS, LLC | ) | Case No. 26–90537 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-2118185 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KUTT, INC. | ) | Case No. 26–90538 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 38-4105034 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LUX VENDING KIOSK, LLC | ) | Case No. 26–90539 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-4240032 | ) | |
| | ) | |

3

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MCA SERVICES GROUP, LLC | ) | Case No. 26–90540 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MINTZ ASSETS, INC. | ) | Case No. 26–90541 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 85-2176273 | ) | |
| | ) | |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

**Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on May 19, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on Tuesday, May 19, 2026 at 2:00 p.m. (prevailing Central Time) in Courtroom 402, Floor 4, 515 Rusk Avenue, Houston, Texas 77002.**

**Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

4

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") file this motion (this "***Motion***") and in support respectfully submit the following:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 342(c) of title 11 of the United States Code (the "***Bankruptcy Code***"), Bankruptcy Rule 1015, rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas.

### EMERGENCY CONSIDERATION

4.      In accordance with Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion.  The Debtors submit that an immediate and orderly transition into chapter 11 is critical to the preservation of value at this important juncture and the success of these Chapter 11 Cases.  As discussed in detail below and in the First Day Declaration (as defined

below), any delay in granting the relief requested could cause immediate and irreparable harm to the Debtors.  As such, the Debtors submit that emergency consideration is necessary and respectfully request that this Motion be heard at the Debtors' first day hearing.

## BACKGROUND

5.      Bitcoin Depot Inc. and its Debtor and non-Debtor subsidiaries (collectively, the "***Company***") own and operate the largest network of Bitcoin kiosks across North America, providing users with a simple, efficient, and intuitive means of converting cash into Bitcoin.  The Company operates a portfolio of approximately 9,700 kiosks deployed in retailer locations throughout the United States, Canada, and Australia, and also offers BDCheckout, a product accepted at approximately 16,300 retail locations that enables users to load cash into their accounts at the checkout counter and then use those funds to purchase Bitcoin.  The Company is headquartered in Sandy Springs, Georgia, with additional corporate offices in Ottawa, Ontario, Canada.

6.      On the date hereof (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the Petition Date, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

7.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Thomas Studebaker*

*in Support of the Chapter 11 Cases and First-Day Motions* (the "***First Day Declaration***"), filed

contemporaneously herewith and incorporated herein by reference.[1]

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an order (the "***Order***"), substantially in

the form attached hereto as **Exhibit A**, consolidating the administration of these Chapter 11 Cases

for procedural purposes only as follows:

a.   the Office of the United States Trustee for the Southern District of Texas (the "***U.S. Trustee***") shall conduct joint informal meetings with the Debtors, as required, and, unless otherwise directed by the Court, to the extent required, a joint first meeting of creditors;

b.   one plan and disclosure statement may be filed for all of the Debtors by any plan proponent; however, substantive consolidation of the Debtors' estates is not being requested at this time;

c.   unless otherwise required by the Court, to the extent the Debtors are required to file schedules of assets and liabilities and statements of financial affairs, each Debtor will file separate schedules of assets and liabilities, statements of financial affairs, and lists of equity security holders;

d.   proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed; and

e.   a separate claims register shall be maintained for each Debtor.

9.      The Debtors respectfully request that the Court maintain one file and one docket

for all of the jointly administered cases under the lead case of Bitcoin Depot Inc. and that the Court

administer these Chapter 11 Cases under a consolidated caption, as follows:

---

[1]   Capitalized terms used but not otherwise defined in this Motion shall have the meanings set forth in the First Day Declaration.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
|  | ) |  |
| Debtors.[2] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

10.     The lead case docket, as well as the dockets for each of the other Chapter 11 Cases, will be available on the website of the Debtors' proposed claims, noticing, and solicitation agent at https://restructuring.ra.kroll.com/bitcoindepot.

11.     The Debtors also request that a notation substantially similar to the following be entered on each of the Debtors' respective dockets (other than Debtor Bitcoin Depot Inc.) to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas directing the joint administration of the chapter 11 cases of:  Bitcoin Depot Inc.; BCD Merger Sub LLC; Bitcoin Depot Operating LLC; BT HoldCo LLC; BTM International Holdings I LLC; BTM International Holdings II LLC; Cash Ramp LLC; Digital Gold Ventures Inc.; Express Vending Inc.; Intuitive Software LLC; Kiosk HoldCo LLC; Kiosk Technicians, LLC; Kutt, Inc.; Lux Vending Kiosk, LLC; MCA Services Group, LLC; and Mintz Assets, Inc.  The docket in Case No. 26-90528 (CML) should be consulted for all matters affecting these cases.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 26-90528 (CML).**

12.     The Debtors further respectfully request that the Court order that the foregoing consolidated caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

---

[2]     The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

**BASIS FOR RELIEF REQUESTED**

13.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Section 101(2) of the Bankruptcy Code defines the term "affiliate" to mean:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>>
>> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>>
>> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2).  In addition, Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.  Because Bitcoin Depot Inc. is affiliated with each of the other Debtors, and the Chapter 11 Cases are related to each other, the Court is authorized to jointly administer these Chapter 11 Cases for procedural purposes.

14.     The Debtors anticipate that notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases may affect all of the Debtors.  If each Debtor's case were administered independently, there would be a number of duplicative filings and overlapping service.  This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates, as well as the resources of this Court and of other parties in interest.

15. Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' Chapter 11 Cases and to combine notices to creditors and other parties in interest by ensuring that all parties in interest will be able to review one docket to stay apprised of the various matters before the Court regarding all of the Debtors' Chapter 11 Cases. Moreover, supervision of the administrative aspects of the Debtors' Chapter 11 Cases by the U.S. Trustee will be simplified. Therefore, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, their creditors, the U.S. Trustee, and the Court.

16. Joint administration will not give rise to any conflict of interest among the Debtors' estates. The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because each of the Debtors will continue as separate and distinct legal entities, will continue to maintain separate books and records, and will provide information as required in the monthly operating reports on a debtor-by-debtor basis. Each creditor may file a proof of claim against the applicable estate in which it allegedly has a claim or interest and will retain whatever claims or interests it has against the particular estate. The recoveries of all creditors will be enhanced by the reduction in costs resulting from joint administration of the Debtors' Chapter 11 Cases. The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

17. No administrative or scheduling orders previously entered in these Chapter 11 Cases will require modification if this Motion is granted.

## NOTICE

18. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) Alston & Bird LLP, as counsel to the Term Loan Agent; (c) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (d) those persons who have formally appeared in these Chapter 11 Cases and

requested service pursuant to Bankruptcy Rule 2002; (e) the Securities and Exchange Commission; (f) the Internal Revenue Service; and (g) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules.  In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

19.     No prior motion for the relief requested herein has been made to this Court or any other court.

11

**PRAYER**

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, and grant them such other and further relief to which the Debtors may be justly entitled.

Dated: May 18, 2026
Houston, Texas

/s/ Paul E. Heath
**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Sara Zoglman (TX 24121600)
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
Email: pheath@velaw.com
        szoglman@velaw.com

-and-

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Tel:  212.237.0000
Fax:  212.237.0100
Email: dmeyer@velaw.com
        jpeet@velaw.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

## **CERTIFICATE OF ACCURACY**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made in accordance with Bankruptcy Local Rule 9013-1(i).

 */s/ Sara Zoglman*
One of Counsel

## **CERTIFICATE OF SERVICE**

I certify that on May 18, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 */s/ Sara Zoglman*
One of Counsel

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS VENDING INC. | ) | Case No. 26–90526 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Canadian Business No. 739359537 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT OPERATING LLC | ) | Case No. 26–90527 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-3003586 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-3219029 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BCD MERGER SUB LLC | ) | Case No. 26–90529 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BT HOLDCO LLC | ) | Case No. 26–90530 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 93-2141549 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BTM INTERNATIONAL HOLDINGS 1 LLC | ) | Case No. 26–90531 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BTM INTERNATIONAL HOLDINGS II LLC | ) | Case No. 26–90532 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CASH RAMP LLC | ) | Case No. 26–90533 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DIGITAL GOLD VENTURES INC. | ) | Case No. 26–90534 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Canadian Business No. 790161509 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTUITIVE SOFTWARE LLC | ) | Case No. 26–90535 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 87-1344496 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KIOSK HOLDCO LLC | ) | Case No. 26–90536 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-4691964 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KIOSK TECHNICIANS, LLC | ) | Case No. 26–90537 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-2118185 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KUTT, INC. | ) | Case No. 26–90538 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 38-4105034 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LUX VENDING KIOSK, LLC | ) | Case No. 26–90539 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-4240032 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MCA SERVICES GROUP, LLC | ) | Case No. 26–90540 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MINTZ ASSETS, INC. | ) | Case No. 26–90541 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 85-2176273 | ) | |
| | ) | |

## ORDER DIRECTING JOINT
## ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon the motion (the "***Motion***")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") consolidating the administration of all of the above-captioned Chapter 11 Cases for procedural purposes only, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after considering the Motion and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      The above-captioned Chapter 11 Cases shall be jointly administered for procedural purposes only as follows.  Additionally, the following checked items are ordered:

    a.   __X__   one disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent, however, substantive consolidation of the Debtors' estates is not being requested at this time;

    b.   __X__   parties may request joint hearings on matters pending in any of the jointly administered cases;

    c.   __X__   the U.S. Trustee may conduct joint informal meetings with the Debtors, as required, and, unless otherwise directed by the Court, to the extent required, a joint first meeting of creditors;

    d.   __X__   unless otherwise required by the Court, to the extent the Debtors are required to file schedules of assets and liabilities and statements of financial affairs, each Debtor will file separate schedules of assets and liabilities and statements of financial affairs, and, as applicable, lists of equity security holders;

    e.   __X__   proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed; and

    f.   __X__   a separate claims register shall be maintained for each Debtor.

2.      The Court shall maintain one file and one docket for all of the jointly administered cases under the lead case of Bitcoin Depot Inc. and administer these Chapter 11 Cases under a consolidated caption, as follows:

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BITCOIN DEPOT INC., *et al.*, | ) ) ) | Case No. 26–90528 (CML) |
| Debtors.[2] | ) ) | (Jointly Administered) |
|  | ) ) |  |

3.      The foregoing consolidated caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4.      A notation substantially similar to the following shall be entered on each of the Debtors' respective dockets (other than Bitcoin Depot Inc.) to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas directing the joint administration of the chapter 11 cases of:  Bitcoin Depot Inc.; BCD Merger Sub LLC; Bitcoin Depot Operating LLC; BT HoldCo LLC; BTM International Holdings 1 LLC; BTM International Holdings II LLC; Cash Ramp LLC; Digital Gold Ventures Inc.; Express Vending Inc.; Intuitive Software LLC; Kiosk HoldCo LLC; Kiosk Technicians, LLC; Kutt, Inc.; Lux Vending Kiosk, LLC; MCA Services Group, LLC; and Mintz Assets, Inc.  The docket in Case No. 26-90528 (CML) should be consulted for all matters affecting these cases. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 26-90528 (CML).**

5.      The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

6.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases; provided,

---

[2]   The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

however, this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as granting any Debtor standing to be heard on any issue affecting another jointly administered Debtor beyond what is granted under applicable law.

8. Nothing contained in the Motion or this Order shall be deemed or construed as affecting the rights of parties in interest to object to, and be heard on, the appointment of any committee of creditors under section 1102 of the Bankruptcy Code, and all such rights are reserved.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. Notwithstanding any Bankruptcy Rule to the contrary, this Order's terms and conditions are immediately effective and enforceable upon its entry.

11. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ___, 2026
Houston, Texas

_____

**THE HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**