**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |
| | ) | |

**EMERGENCY MOTION OF DEBTORS FOR
ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS
TO (A) FILE A CONSOLIDATED CREDITOR MATRIX,
(B) FILE A CONSOLIDATED LIST OF THE THIRTY LARGEST
UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONAL
IDENTIFICATION INFORMATION, (II) APPROVING THE FORM AND MANNER
OF NOTICE OF COMMENCEMENT, (III) WAIVING THE REQUIREMENT TO
FILE A LIST OF EQUITY SECURITY HOLDERS OF BITCOIN DEPOT INC. AND
PROVIDE DIRECT NOTICE THERETO, AND (IV) GRANTING RELATED RELIEF**

**Emergency relief has been requested.  Relief is requested not later than 2:00 p.m. (prevailing Central Time) on May 19, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on Tuesday, May 19, 2026 at 2:00 p.m. (prevailing Central Time) in Courtroom 402, Floor 4, 515 Rusk Avenue, Houston, Texas 77002.**

**Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 832-917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is**

---

[1]  The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

> **590153.  Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*") file this motion (this "*Motion*") and in support respectfully submit the following:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "*Bankruptcy Code*"), Bankruptcy Rules 1007 and 2002, rules 1007-1, 1007-2, 1075-1, 2002-1, 9013-1(m), and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "*Local Rules*"), and the Procedures for Complex Cases in the Southern District of Texas (the "*Complex Case Procedures*").

**EMERGENCY CONSIDERATION**

4.      In accordance with Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion.  The Debtors submit that an immediate and orderly transition into chapter 11 is critical to the perseveration of value at this important juncture and the success of these Chapter 11 Cases.  As discussed in detail below and in the First Day Declaration (as defined below), any delay in granting the relief requested could cause immediate and irreparable harm to the Debtors.  As such, the Debtors submit that emergency consideration is necessary and respectfully request that this Motion be heard at the Debtors' first day hearing.

**BACKGROUND**

5.      Bitcoin Depot Inc. and its Debtor and non-Debtor subsidiaries (collectively, the "***Company***") own and operate the largest network of Bitcoin kiosks across North America, providing users with a simple, efficient, and intuitive means of converting cash into Bitcoin.  The Company operates a portfolio of approximately 9,700 kiosks deployed in retailer locations throughout the United States, Canada, and Australia, and also offers BDCheckout, a product accepted at approximately 16,300 retail locations that enables users to load cash into their accounts at the checkout counter and then use those funds to purchase Bitcoin.  The Company is headquartered in Sandy Springs, Georgia, with additional corporate offices in Ottawa, Ontario, Canada.

6.      On May 17, 2026 (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the Petition Date, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

7.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Thomas Studebaker in Support of the Chapter 11 Cases and First-Day Motions* (the "***First Day Declaration***"), filed contemporaneously herewith and incorporated herein by reference.[2]

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an order (the "***Order***"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to (i) file a consolidated creditor matrix; (ii) file a consolidated list of the thirty largest unsecured creditors; and (iii) redact certain personal identification information; (b) approving the form and manner of the notice of commencement of these Chapter 11 Cases; (c) waiving the requirement to file a list of equity security holders of Bitcoin Depot Inc., and (d) granting related relief.

## BASIS FOR RELIEF REQUESTED

**A.      Consolidated Creditor Matrix**

9.      Bankruptcy Rule 1007(a)(1) provides that a debtor "must file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H of the Official Forms."  FED. R. BANKR. P. 1007(a)(1).  In lieu of maintaining a separate creditor matrix for each debtor, the lead debtor in a complex chapter 11 bankruptcy in this Court may, consistent with the Complex Case Procedures, file a consolidated creditor matrix.  Preparing separate lists for each Debtor would be an unnecessarily burdensome task and could result in duplicate mailings.  Moreover, the Debtors presently maintain various computerized lists of the names and addresses of their respective creditors that are entitled to receive notice, as applicable,

---

[2]      Capitalized terms used but not otherwise defined in this Motion shall have the meanings set forth in the First Day Declaration.

and other documents in these Chapter 11 Cases.  The Debtors submit that the information, as maintained in computer files (or those of their agents), may be consolidated and utilized efficiently to provide interested parties with requisite notice and other documents filed in these Chapter 11 Cases.  Therefore, the Debtors respectfully request authority to file a consolidated list of creditors (the "***Creditor Matrix***") for all of the Debtors on the lead case docket.

**B.      Consolidated Top 30 Creditors List**

10.      Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the names, addresses, and claims of the creditors that hold the 20 largest unsecured claims, excluding insiders."  FED. R. BANKR. P. 1007(d).  This list is primarily used by the Office of the United States Trustee (the "***U.S. Trustee***") to evaluate the types and amounts of unsecured claims against the debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.[3] Additionally, paragraph F of the Complex Case Procedures requires the lead Debtor to "file a single, consolidated list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors."

11.      The Debtors respectfully request authority to file a single list of their thirty largest general unsecured creditors (the "***Top 30 List***") on a consolidated basis.[4]  Because the Top 30 Lists of the Debtors could overlap, and certain Debtors may have fewer than thirty significant unsecured creditors, the Debtors submit that filing separate Top 30 Lists for each Debtor would be of limited

---

[3]     "The purpose of the separate list of [20] largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)."  *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); *see also* 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (Alan N. Resnick et al. eds., 16th ed. rev. 2012) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

[4]     The Debtors submit that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within ten days of any such conversion.

utility.  The Debtors submit that a single consolidated Top 30 List would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate lists for each of the Debtors.  In addition, the exercise of compiling separate Top 30 Lists for each individual Debtor could consume an excessive amount of the Debtors' limited time and resources.  A single Top 30 List will also help alleviate administrative burden, costs, and the possibility of duplicative service.

12.     Accordingly, the Debtors submit that filing a consolidated Top 30 List is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

**C.     Request to Redact Certain Personal Identification Information**

13.     Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury, [including]. . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).  Further, Local Rule 9037-1(b) recognizes that "[c]ertain documents are routinely redacted to remove personal identifying information or other content that is not relevant to a decision by the Court."

14.     The Debtors submit that cause exists to authorize the Debtors to redact address information of the Debtors' employees and individual creditors, including individual equity holders of the Debtors, from the Creditor Matrix because such information could be used to perpetrate identity theft or to harm such individuals.  The Debtors propose to provide an unredacted version of the Creditor Matrix to the Court, the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases, and any party in interest who, for cause, requests such information from the Debtors or the Court.

6

**D.      Service of Notice of Commencement**

15.      Bankruptcy Rule 2002 provides the general rule for providing notice of commencement of a chapter 11 case. Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b). . . ." FED. R. BANKR. P. 2002(a). Bankruptcy Rule 2002(f) further provides that such notice of the order for relief shall be sent by mail to all creditors. *See* FED. R. BANKR. P. 2002(f).

16.      The Debtors, through Kroll Restructuring Administration LLC, their proposed claims and noticing agent, propose to serve the notice of commencement substantially in the form attached to the Order as **Annex A** (the "*Notice of Commencement*"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Providing service of the Notice of Commencement on the Creditor Matrix will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' Creditor Matrix and will preserve judicial resources and prevent creditor confusion through the efficient service of critical information. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted and appropriate in these Chapter 11 Cases.[5]

17.      Courts in this district have routinely granted relief similar to that requested herein. *See, e.g., In re Axip Energy Services, LP*, No. 26-90338 (CML) (Bankr. S.D. Tex. Feb. 24, 2026) (authorizing the debtors to (a) file a consolidated creditor matrix and list of the thirty largest unsecured creditors and (b) redact personal identifying information, (c) approving the form and

---

[5]    For the avoidance of doubt, this approach is consistent with Local Rule 2002-1(e)(i), which provides that in cases with over 200 creditors, the claims and noticing agent shall provide such notice in the manner set forth therein.

manner of the notice of commencement, and (d) granting related relief); *In re Pine Gate Renewables*, No. 25-90669 (CML) (Bankr. S.D. Tex. Nov. 10, 2025) (same); *In re Worldwide Machinery Group, Inc.*, No. 25-90379 (CML) (Bankr. S.D. Tex. Sept. 15, 2025) (same); *In re Aleon Metals, LLC*, No. 25-90305 (CML) (Bankr. S.D. Tex. Aug. 19, 2025) (same); *In re Strategic Materials, Inc.*, No. 23-90907 (CML) (Bankr. S.D. Tex. Dec. 5, 2023) (same).

**E.      Waiver of the Requirements to File a List of, and to Provide Notice Directly to, the Equity Security Holders of Bitcoin Depot Inc.**

18.      Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen days after the petition date, a list of the debtor's equity security holders.  Bankruptcy Rule 2002(d) requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing.  Bankruptcy courts have authority to modify or waive the requirements under both rules.  FED. R. BANKR. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . ."); FED. R. BANKR. P. 2002(d) ("[U]nless otherwise ordered by the court, the clerk . . . shall in the manner and form directed by the court give notice to all equity security holders . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); FED. R. BANKR. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

19.      The requirements to file a list of and to provide notice directly to equity security holders should be waived as to Bitcoin Depot Inc.  As stated herein, Bitcoin Depot Inc. is a public company and, as of the Petition Date, has in excess of 11 million shares of common stock outstanding, held by more than 90 holders.  Bitcoin Depot Inc. only maintains a list of its registered equity security holders and therefore must obtain the names and addresses of its beneficial

8

shareholders from a securities agent. Preparing and submitting such a list with last known addresses for each equity security holder and sending notices to all such parties will create undue expense and administrative burden with limited corresponding benefit to the Debtors' estates or parties in interest.

20.     Bitcoin Depot Inc. has taken or will take several actions to inform its equity security holders of the commencement of these Chapter 11 Cases as soon as is practicable after the date hereof: (a) the Debtors will serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of Bitcoin Depot Inc.'s equity securities and all banks, brokers, intermediaries, Continental Stock Transfer & Trust Company participants, and other nominees or their mailing agents that hold Bitcoin Depot Inc. equity securities in "street name" for the beneficial holders (with instructions to serve down to beneficial holders, as applicable); (b) the Debtors will prominently post the Notice of Commencement on the Debtors' case website located at https://restructuring.ra.kroll.com/bitcoindepot; and (c) the Debtors will file a Form 8-K with the Securities and Exchange Commission (the "*SEC*") notifying their equity holders and other parties of the commencement of these Chapter 11 Cases.

21.     Equity security holders routinely monitor SEC filings about the Company and also will receive notice through the registered holders of Bitcoin Depot Inc.'s common stock. In light of the multiple channels through which the Debtors will provide notice of the commencement of these Chapter 11 Cases, all of which are likely to provide notice to equity security holders, the Debtors request that the Court waive the requirements to file a list of and to provide notice directly to Bitcoin Depot Inc.'s equity security holders (other than registered holders of Bitcoin Depot Inc.'s common stock). Therefore, out of an abundance of caution, the Debtors respectfully ask the

9

Court to approve the form and manner of notice as it relates to equity security holders in the manner described above.[6]

22.     Courts in this district have granted similar relief to the relief requested herein. *See, e.g., In re QVC Group, Inc.*, No. 26-90447 (ARP) (Bankr. S.D. Tex. Apr. 17, 2026) (modifying the requirement to provide notice of the commencement of the chapter 11 cases directly to equity security holders); *In re Cumulus Media Inc.*, No. 26-90346 (ARP) (Bankr. S.D. Tex. Mar. 5, 2026) (same); *In re FAT Brands Inc.*, No. 26-90126 (ARP) (Bankr. S.D. Tex. Jan. 28, 2026) (same); *In re Zynex, Inc.*, No. 25-90810 (ARP) (Bankr. S.D. Tex. Dec. 25, 2025) (same); *In re Luminar Technologies, Inc.*, No. 25-90807 (CML) (Bankr. S.D. Tex. Dec. 16, 2025) (same).

## RESERVATION OF RIGHTS

23.     Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in this Motion shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien, security interest in, or other encumbrances against the Debtors and the property of their estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim or interest; (d) an implication or admission that any particular claim or interest is of a type specified or defined in this Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a concession by the Debtors that any liens (contractual, common

---

[6]     For the avoidance of doubt, the Debtors are not, by this Motion, seeking approval of the form and manner of notice for creditors because the Local Rules provide that in cases with over 200 creditors, the claims and noticing agent shall provide such notice in the manner set forth therein. Local Rule 2002-1(e)(i).

law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## **NOTICE**

24.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) Alston & Bird, LLP, as counsel to the Term Loan Agent; (c) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (d) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (e) the SEC; (f) the Internal Revenue Service; and (g) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules.  In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## **NO PRIOR REQUEST**

25.     No prior motion for the relief requested herein has been made to this Court or any other court.

*[The remainder of this page is intentionally left blank]*

## PRAYER

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, and grant them such other and further relief to which the Debtors may be justly entitled.

Dated: May 18, 2026
Houston, Texas

*/s/  Paul E. Heath*
**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Sara Zoglman (TX 24121600)
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
Email: pheath@velaw.com
        szoglman@velaw.com

-and-

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Tel:  212.237.0000
Fax:  212.237.0100
Email: dmeyer@velaw.com
        jpeet@velaw.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made in accordance with Bankruptcy Local Rule 9013-1(i).

*/s/ Sara Zoglman*
One of Counsel


## CERTIFICATE OF SERVICE

I certify that on May 18, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Sara Zoglman*
One of Counsel

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re:  Docket No. ___** |

**ORDER (I) AUTHORIZING
DEBTORS TO (A) FILE A CONSOLIDATED
CREDITOR MATRIX, (B) FILE A CONSOLIDATED LIST
OF THE THIRTY LARGEST UNSECURED CREDITORS,
AND (C) REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION, (II) APPROVING THE FORM AND MANNER OF
NOTICE OF COMMENCEMENT, (III) WAIVING THE REQUIREMENT TO
FILE A LIST OF EQUITY SECURITY HOLDERS OF BITCOIN DEPOT INC. AND
PROVIDE DIRECT NOTICE THERETO, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") (a) authorizing the Debtors to (i) file a consolidated creditor matrix; (ii) file a consolidated list of the thirty largest unsecured creditors; and (iii) redact certain personal identification information; (b) approving the form and manner of the notice of commencement of these Chapter 11 Cases; (c) waiving the requirement to file a list of equity security holders of Bitcoin Depot Inc., and (d) granting related relief, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1]   The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2]   Capitalized terms used but not otherwise defined in this Order shall have the meanings set forth in the Motion.

and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after considering the Motion and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     The Debtors are authorized to file a single consolidated Creditor Matrix and Top 30 List for all of the Chapter 11 Cases.

3.     The requirement that the Debtors file a separate Creditor Matrix and Top 30 List for each Debtor is waived.

4.     The Debtors are authorized to redact the personal addresses of individual creditors—including the Debtors' employees, customers, and individual equity holders—on the Creditor Matrix and any other papers filed publicly with this Court; *provided, however*, the Debtors shall provide (upon request) an unredacted version of the Creditor Matrix and any other redacted papers to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases,  and, (d) any other party in interest who, for cause, requests such information from the Debtors or the Court.  Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the

2

Court to obtain such document.  Each party receiving an unredacted Creditor Matrix or any other applicable document shall keep any personally identifiable information confidential unless required to be disclosed by law or court order.

5.      The Debtors are authorized to serve the Notice of Commencement, substantially in the form attached hereto as **Annex A**, on all parties listed on the Creditor Matrix.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of the commencement of these Chapter 11 Cases.

6.      The requirement that Bitcoin Depot Inc. file a list of equity security holders pursuant to Bankruptcy Rule 1007(a)(3) is waived and the Debtors shall provide notice to equity security holders in accordance with paragraph 4 hereof.

7.      Any requirement that Bitcoin Depot Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors instead shall: (a) serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of Bitcoin Depot Inc.'s equity securities and all banks, brokers, intermediaries, Continental Stock Transfer & Trust Company participants, and other nominees or their mailing agents that hold Bitcoin Depot Inc. equity securities in "street name" for the beneficial holders (with instructions to serve down to beneficial holders, as applicable); (b) prominently post the Notice of Commencement on the Debtors' case website located at https://restructuring.ra.kroll.com/bitcoindepot; and (c) file a Form 8-K with the Securities and Exchange Commission notifying their equity holders and other parties of the commencement of these Chapter 11 Cases.

8.      Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien,

3

security interest in, or other encumbrances against the Debtors and the property of their estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim or interest; (d) an implication or admission that any particular claim or interest is of a type specified or defined in the Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ___, 2026
Houston, Texas

_____
**THE HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**

4

<u>**Annex A**</u>

**Notice of Commencement**

| Debtor | Bitcoin Depot Inc., et. al. | EIN | 87-3219029 |
| --- | --- | --- | --- |
| | Name | | |

United States Bankruptcy Court for the: Southern District of Texas

Date cases filed for chapter 11: 05/17/2026

## Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case          10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. | Debtor's full name: | See chart below | | | |
| --- | --- | --- | --- | --- | --- |

| No. | Debtor Name | Former Name | Address | Case No. | EIN # / Canadian Business No. / Australian Business No. |
| --- | --- | --- | --- | --- | --- |
| 1 | Bitcoin Depot Inc. | GSR II Meteora Acquisition Corp. | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90528 | EIN 87-3219029 |
| 2 | BCD Merger Sub LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90529 | N/A |
| 3 | Bitcoin Depot Operating LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90527 | EIN 81-3003586 |
| 4 | BT HoldCo LLC | BT OpCo Sub LLC | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90530 | EIN 93-2141549 |
| 5 | BTM International Holdings 1 LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90531 | N/A |
| 6 | BTM International Holdings II LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90532 | N/A |

| | | | | | |
|---|---|---|---|---|---|
| 7 | Cash Ramp LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90533 | N/A |
| 8 | Digital Gold Ventures Inc. | N/A | 267 Richmond Road 3rd Floor Ottawa, ON K1Z 6X3 | 26-90535 | Canadian BN 790161509 |
| 9 | Express Vending Inc. | N/A | 267 Richmond Road 3rd Floor Ottawa, ON K1Z 6X3 | 26-90526 | Canadian BN 739359537 |
| 10 | Intuitive Software LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90535 | EIN 87-1344496 |
| 11 | Kiosk Holdco LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90536 | EIN 99-4691964 |
| 12 | Kiosk Technicians, LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90537 | EIN 99-2118185 |
| 13 | Kutt, Inc. | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90538 | EIN 38-4105034 |
| 14 | Lux Vending Kiosk, LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90539 | EIN 99-4240032 |
| 15 | MCA Services Group, LLC | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90540 | EIN 41-3190911 |
| 16 | Mintz Assets, Inc. | N/A | 8601 Dunwoody Place Suite 308 Sandy Springs, GA 30350 | 26-90541 | EIN 85-2176273 |

| | | |
|---|---|---|
| **2.** | **All other names used in the last 8 years** | <u>See chart above</u> |
| **3.** | **Address** | <u>See chart above</u> |
| **4.** | **Debtor's attorney** Name and address | VINSON & ELKINS LLP David S. Meyer Jessica C. Peet The Grace Building 1114 Avenue of the Americas, 32nd Floor New York, New York 10036-7708<br><br>- and –<br><br>Paul E. Heath Sara Zoglman 845 Texas Avenue, Suite 4700 Houston, Texas 77002 |
| **5.** | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Hours open<br><br><u>Mon-Fri. 8:30 -4:30 (CT)</u><br><br><u>Contact phone</u>: (713) 250-5500<br><br><u>Please contact Kroll Restructuring Administration LLC, the court-appointed claims agent by</u>:<br><br><u>Email</u>: BitcoinDepotInfo@ra.kroll.com<br><br><u>Toll-Free Line</u>: (844) 339-4117 (Toll-Free US/Canada) |

| | | | International: + 1 (332) 232-7827 (International) |
|---|---|---|---|

| 6. | **Meeting of creditors** The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | _____ at _____ Date                    Time  The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: BY TELEPHONE Toll free number: Alternate number: Participant code: |
|---|---|---|---|
| 7. | **Proof of claim deadline** | **Deadline for filing proof of claim:** A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. Your claim will be allowed in the amount scheduled unless: <br>▪ your claim is designated as *disputed*, *contingent*, or *unliquidated*; <br>▪ you file a proof of claim in a different amount; or <br>▪ you receive another notice. <br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. <br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. <br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | Not yet set. If a deadline is set, the court will send you another notice. |
| 8. | **Exception to discharge deadline** The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. **Deadline for filing the complaint:**            **To be determined** | |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | |
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. | |