**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |
| | ) | |

**EMERGENCY MOTION**
**FOR ENTRY OF AN ORDER**
**(I) EXTENDING TIME TO FILE**
**(A) SCHEDULES OF ASSETS AND**
**LIABILITIES, SCHEDULES OF CURRENT**
**INCOME AND EXPENDITURES, SCHEDULES OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES,**
**AND STATEMENTS OF FINANCIAL AFFAIRS AND (B) RULE**
**2015.3 FINANCIAL REPORTS, (II) MODIFYING THE REQUIREMENTS OF**
**BANKRUPTCY LOCAL RULE 2015-3, AND (III) GRANTING RELATED RELIEF**

**Emergency relief has been requested.  Relief is requested not later than 2:00 p.m. (prevailing Central Time) on May 19, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on Tuesday, May 19, 2026 at 2:00 p.m. (prevailing Central Time) in Courtroom 402, Floor 4, 515 Rusk Avenue, Houston, Texas 77002.**

**Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 832-917-1510.  Once connected, you will be asked to enter**

---

[1]   The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.   The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

**the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*") file this motion (this "*Motion*") and in support respectfully submit the following:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "*Bankruptcy Code*"), Bankruptcy Rules 1007(c), 2015.3, and 9006(b), rules 1001-1, 2015-3, 4002-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "*Local Rules*"), and the Procedures for Complex Cases in the Southern District of Texas.

**EMERGENCY CONSIDERATION**

4.      In accordance with Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion.  The Debtors submit that an immediate and orderly transition into chapter 11 is critical to the preservation of value at this important juncture and the success of these Chapter 11 Cases.  As discussed in detail below and in the First Day Declaration (as defined below), any delay in granting the relief requested could cause immediate and irreparable harm to the Debtors.  As such, the Debtors submit that emergency consideration is necessary and respectfully request that this Motion be heard at the Debtors' first day hearing.

**BACKGROUND**

5.      Bitcoin Depot Inc. and its Debtor and non-Debtor subsidiaries (collectively, the "***Company***") own and operate the largest network of Bitcoin kiosks across North America, providing users with a simple, efficient, and intuitive means of converting cash into Bitcoin.  The Company operates a portfolio of approximately 9,700 kiosks deployed in retailer locations throughout the United States, Canada, and Australia, and also offers BDCheckout, a product accepted at approximately 16,300 retail locations that enables users to load cash into their accounts at the checkout counter and then use those funds to purchase Bitcoin.  The Company is headquartered in Sandy Springs, Georgia, with additional corporate offices in Ottawa, Ontario, Canada.

6.      On the date hereof (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the Petition Date, no request for the appointment of a trustee or examiner has been made and no official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

7.       Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Thomas Studebaker in Support of the Chapter 11 Cases and First-Day Motions* (the "***First Day Declaration***"), filed contemporaneously herewith and incorporated herein by reference.[2]

## RELIEF REQUESTED

8.       By this Motion, the Debtors seek entry of an order (the "***Proposed Order***"), substantially in the form attached hereto as **Exhibit A**: (a) extending the deadline by which the Debtors must file (i) their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "***Schedules and Statements***") by 30 days, for a total of 44 days from the Petition Date, through and including June 30, 2026 and (ii) initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "***2015.3 Reports***") by 37 days, for a total of 44 days from the Petition Date, through and including June 30, 2026, in each case without prejudice to the Debtors' ability to request additional extensions for cause shown, (b) modifying the requirements of Local Rule 2015-3 to permit the Debtors to file 2015.3 Reports every six months, and (c) granting related relief.

## BASIS FOR RELIEF REQUESTED

### A.       Cause Exists to Extend the Time to File the Schedules and Statements

9.       The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) require debtors to file the Schedules and Statements within fourteen days after the Petition

---

[2]       Capitalized terms used but not otherwise defined in this Motion shall have the meanings set forth in the First Day Declaration.

Date.  Pursuant to Bankruptcy Rules 1007(c) and 9006(b), however, the Court has authority to extend the time required for filing of the Schedules and Statements "for cause."  FED. R. BANKR. P. 1007(c) and 9006(b).

10.     The Debtors submit that ample cause exists to grant the relief requested herein.  To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of creditors, assets, leases, and contracts from each Debtor entity.  To accurately prepare their Schedules and Statements will require a significant expenditure of time and effort on the part of the Debtors' employees.  Complying with the short timeline granted under the Bankruptcy Code and the Bankruptcy Rules would place significant strain on the Debtors' financial team and would likely impact the Debtors' ability to facilitate these Chapter 11 Cases.

11.     In the days leading up to the Petition Date, the primary focus of the Debtors' financial team has been preparing for these Chapter 11 Cases.  Focusing the attention of key personnel on critical business and chapter 11 compliance issues during the early days of these Chapter 11 Cases will facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates and all stakeholders.  Accordingly, the Debtors request that the Court extend the time by which the Debtors must file their Schedules and Statements through and including June 30, 2026, without prejudice to the Debtors' ability to request further extensions for cause shown.

12.     Courts in this district have granted similar relief to that requested herein in a number of recent cases.  *See, e.g., In re Axip Energy Services, LP*, No. 26-90338 (CML) (Bankr. S.D. Tex. Feb. 24, 2026) (extending the time to file schedules and statements); *In re TPI Composites, Inc.*, No. 25-34655 (CML) (Bankr. S.D. Tex. Sept. 19, 2025) (same); *In re Modivcare Inc.*,

No. 25-90309 (ARP) (Bankr. S.D. Tex. Aug. 21, 2025) (same); *In re Aleon Metals, LLC*, No. 25-90305 (CML) (Bankr. S.D. Tex. Aug. 19, 2025); *In re Desktop Metal, Inc.*, No. 25-90268 (CML) (Bankr. S.D. Tex. Jul. 31, 2025) (same).

**B.      Cause Exists to Extend the Time to File the 2015.3 Reports**

13.      Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the creditors' meeting required by section 341 of the Bankruptcy Code and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in these Chapter 11 Cases and in which the estate holds a substantial or controlling interest. FED. R. BANKR. P. 2015.3(a)–(c).  Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause."  FED. R. BANKR. P. 9006(b)(1). Bankruptcy Rule 2015.3(d) further provides that the Court may modify the reporting requirements for cause after notice and a hearing. FED. R. BANKR. P. 2015.3(d).

14.      Certain Debtors maintain interests in non-Debtor affiliates that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports.[3]  As set forth in the First Day Declaration, these non-Debtor affiliates are all foreign entities with few or no creditors and *de minimis* assets and operations, all of which have begun or will imminently begin the process of liquidating and winding down their affairs.  Cause exists to extend the deadline for filing the 2015.3 Reports based on (a) the size, scope, and complexity of the businesses; (b) the substantial burdens associated with complying with Bankruptcy Rule 2015.3 in the early days of these Chapter 11 Cases; and (c) the limited utility of immediate 2015.3 Reports for non-Debtor entities that are

---

[3]      Such non-Debtor affiliates are:  Bitcoin Depot, S. de R.L. de C.V. (Mexico), Brazil BTM Limitada (Brazil), BTM Solutions India Private Ltd. (India), HK BTM Ltd. (Hong Kong), NZ BTM Ltd. (New Zealand),  UK BTM Ltd. (United Kingdom) and AUS BTM PTY LTD (Australia).

liquidating rather than operating active businesses.  In addition, the Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3 for the reasons described above regarding the Schedules and Statements.

15.     Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their advisors and the Office of the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*") to determine the appropriate nature and scope of the 2015.3 Reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3.  Accordingly, the Debtors request that the Court extend the time by which the Debtors must file the initial 2015.3 Reports through and including June 30, 2026, without prejudice to the Debtors' ability to request further extensions for cause shown.

**C.     Cause Exists to Modify the Requirements of Local Rule 2015-3**

16.     Pursuant to Local Rule 2015-3, the Debtors are required to file the 2015.3 Reports monthly, rather than every six months as required by Bankruptcy Rule 2015.3.  The Court, however, "may modify the application of the [Local Rules] in any case."  Local Rule 1001-1.  Here, the Debtors request that the Court modify Local Rule 2015-3 to permit the Debtors to file their 2015.3 Reports every six months in compliance with Bankruptcy Rule 2015.3.

17.     Cause exists to modify Local Rule 2015-3 because filing the 2015.3 Reports monthly would create an unnecessary administrative burden for the Debtors' estates.  To prepare the 2015.3 Reports, the Debtors must compile information from books, records, and documents relating to their non-Debtor affiliates across several jurisdictions.  Given that such non-Debtor affiliates are winding down, any utility of such monthly reporting is significantly outweighed by the disproportionate burden to the Debtors' estates. Collecting the necessary information requires a substantial expenditure of time and effort on the part of the Debtors, their employees, and their

professional advisors on a consistent, monthly basis, when these resources would be best used to facilitate the Debtors' restructuring efforts and administration of these Chapter 11 Cases.

18.     Furthermore, the Debtors do not seek a full waiver of their obligations to file the 2015.3 Reports.  Rather, the Debtors seek permission to file the 2015.3 Reports every six months instead of every month.  Accordingly, there will be no harm to any parties in interest, who will receive the information regarding the Debtors' estates contained within the 2015.3 Reports as contemplated by the Bankruptcy Rules.  The Debtors therefore request that the Court modify the requirements of Local Rule 2015-3.

19.     Courts in this district have granted similar relief in a number of recent cases. *See, e.g.*, *In re Modivcare Inc.*, No. 25-90309 (ARP) (Bankr. S.D. Tex. Aug. 21, 2025) (allowing the debtors to file their 2015.3 reports every six months instead of every month); *In re Global Clean Energy Holdings, Inc.*, No. 25-90113 (ARP) (Bankr. S.D. Tex. Apr. 16, 2025) (same); *In re Northvolt AB*, No. 24-90577 (ARP) (Bankr. S.D. Tex. Nov. 21, 2024) (same); *In re Digital Media Solutions, Inc.*, No. 24-90468 (ARP) (Bankr. S.D. Tex. Sept. 12, 2024) (same).

## REQUEST FOR IMMEDIATE RELIEF

20.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  FED. R. BANKR. P. 6003.  For the reasons discussed herein and in the First Day Declaration, authorizing the Debtors to extend the time by which the Debtors are required to file the Schedules and Statements and 2015.3 Reports, as well as modifying Local Rule 2015-3 and granting the other relief requested herein, is critical to enabling the Debtors to effectively transition to operating as chapter 11 debtors.  Failure to receive such authorization and other relief during the first twenty-one days of these Chapter 11 Cases could impact the Debtors' operations at this important juncture and inhibit the Debtors' ability to focus on preserving and maximizing the value of the

Debtors' estates.  The requested relief is necessary to ensure a successful transition into chapter 11, preserve the ongoing value of the Debtors' estates, and maximize value for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## NOTICE

21.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) Alston & Bird LLP, as counsel to the Term Loan Agent; (c) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (d) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules.  In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

22.     No prior motion for the relief requested herein has been made to this Court or any other court.

*[Remainder of page intentionally left blank.]*

## **PRAYER**

The Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant them such other and further relief to which the Debtors may be justly entitled.

Dated: May 18, 2026
Houston, Texas

*/s/ Paul E. Heath*
**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Sara Zoglman (TX 24121600)
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
Email: pheath@velaw.com
        szoglman@velaw.com

-and-

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Tel:  212.237.0000
Fax:  212.237.0100
Email: dmeyer@velaw.com
        jpeet@velaw.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

## **CERTIFICATE OF ACCURACY**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made in accordance with Bankruptcy Local Rule 9013-1(i).

 */s/ Sara Zoglman*
One of Counsel

## **CERTIFICATE OF SERVICE**

I certify that on May 18, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 */s/ Sara Zoglman*
One of Counsel

## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No. ___** |

**ORDER (I) EXTENDING TIME TO FILE
(A) SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS AND (B) RULE
2015.3 FINANCIAL REPORTS, (II) MODIFYING THE REQUIREMENTS OF
BANKRUPTCY LOCAL RULE 2015-3, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") (a) extending the time period to file the Schedules and Statements and 2015.3 Reports, (b) modifying the requirements of Local Rule 2015-3, and (c) granting related relief, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after considering the Motion and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      The time within which the Debtors must file the Schedules and Statements is extended through and including June 30, 2026, without prejudice to the Debtors' right to seek an additional extension upon cause shown therefor.

2.      The time within which the Debtors must file the 2015.3 Reports is extended through and including June 30, 2026, without prejudice to the Debtors' right to seek an additional extension upon cause shown therefor.

3.      The Debtors' obligation to file the 2015.3 Reports every month in compliance with Local Rule 2015-3 is hereby modified to permit the Debtors to file the 2015.3 Reports every six months.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.      The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: [●], 2026
Houston, Texas

_____
**THE HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**