**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Joint Administration Requested) |
|  | ) | (Emergency Hearing Requested) |
|  | ) |  |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO PAY (A) CRITICAL VENDORS, (B) LIEN CLAIMANTS,
AND (C) FOREIGN VENDORS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an interim order (this "***Interim Order***") (a) authorizing the Debtors to pay in the ordinary course of business, based on their sound business judgment, prepetition amounts owed to the Vendors; and (b) granting related relief, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the First Day Declaration; and the Court having found that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003; and

---

[1]   The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.   The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after considering the Motion and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing on the Motion shall be held on _____, 2026, at __:__ _.m., prevailing Central Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 5:00 p.m., prevailing Central Time, on _____, 2026, and shall be served on:  (a) proposed counsel to the Debtors, Vinson & Elkins LLP, The Grace Building, 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036-7708, Attn: David S. Meyer and Jessica C. Peet, and 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman; (b) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen; (c) counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: Paul Hespel; and (d) the official committee of unsecured creditors (if any) appointed in these Chapter 11 Cases and their counsel.

3. Subject to this Interim Order, the Debtors are authorized but not directed to pay the prepetition Vendor Claims described in the Motion, in the ordinary course of business, as the Debtors determine to be necessary or appropriate, in an aggregate amount not to exceed $448,000 on an interim basis as set forth in the categories and amounts set forth in the Motion.  For the avoidance of doubt, the Debtors may pay Vendor Claims without regard to any Vendor category

2

described in the Motion, provided that the total amount of Vendor Claims paid on an interim basis does not exceed the aggregate amount authorized pursuant to this Interim Order.

4.        As a condition to receiving any payment under this Interim Order, a Vendor must maintain or apply, as applicable, Customary Trade Terms[3] during the pendency of these Chapter 11 Cases, which for the avoidance of doubt, the Debtors may not waive or modify. Further, if a Vendor, after receiving a payment under this Interim Order, ceases to provide goods or services on Customary Trade Terms, the Debtors may assert and request that the Court order: (a) that the payment of such Vendor Claim is a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover from such Vendor in cash, (b) that the Vendor immediately return such payment(s) in respect of its Vendor Claim to the extent that the aggregate amount of such payment(s) exceeds the postpetition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever, and (c) upon recovery of such payment(s) by the Debtors, such Vendor Claim shall be reinstated in such an amount as to restore the Debtors and the applicable Vendor to their original positions, as if the payment of the Vendor Claim had not been made.

5.        The form of Vendor Agreement, substantially in the form attached to the Motion as **Exhibit C**, is approved in its entirety.  The Debtors are authorized to enter into Vendor Agreements with Vendors or otherwise obtain a written communication from the Vendor evidencing such Vendor's agreement to continue providing goods or services on Customary Trade Terms.  To the extent that the Debtors do not enter into a Vendor Agreement with a Vendor, such Vendor's

---

[3]     As used herein, "***Customary Trade Terms***" means, with respect to a Vendor, (a) the normal and customary trade terms, practices, and programs that were most favorable to the Debtors and in effect between such Vendor and the Debtors in the twelve-month period prior to the Petition Date or (b) such other trade terms as agreed by the Debtors and such Vendor that, in the reasonable business judgment of the Debtors, are more favorable to the Debtors than the terms in the preceding clause (a).

3

acceptance of payment on account of its Vendor Claim shall be deemed as the Vendor's agreement to continue providing goods or services on Customary Trade Terms.

6.      The Debtors are authorized to negotiate, modify, or amend the form of the Vendor Agreement (provided that any such modification or amendment must require the Vendor to provide the trade terms set forth above) and to settle all or some of the Vendor Claims for less than the face amount of such claims without further notice or hearing, each in the Debtors' reasonable business judgment.

7.      The Debtors are authorized to require, as a further condition of receiving payment on a Vendor Claim, that a Vendor agree to take whatever action is necessary to remove any existing liens on the Debtors' property at such Vendor's sole cost and expense and waive any right to assert a trade lien on account of a paid Vendor Claim.

8.      Any party that accepts payments from the Debtors on account of a Vendor Claim shall be deemed to have agreed to the terms and provisions of this Interim Order.  Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Interim Order, the Debtors shall provide such Vendor with a copy of this Interim Order (unless previously provided to such Vendor).

9.      If any party accepts payment on behalf of a Vendor Claim under this Interim Order, and such claim is determined by the Court after notice and hearing not to give rise to a Lien or Interest, the Debtors are authorized to avoid such payment as a postpetition transfer under section 549 of the Bankruptcy Code, and the party who had accepted such payment shall be required to immediately repay to the Debtors any payment made to such party on account of its asserted claim to the extent the aggregate amount of such payments exceeds the postpetition obligations then

outstanding, without the right of setoff, claims, or otherwise.  Upon recovery of such payments by the Debtors, the obligations shall be reinstated as a prepetition claim in the amount so recovered.

10.     Nothing herein shall impair or prejudice the Debtors' or any other party in interest's ability to contest the extent, perfection, priority, validity, or amount of any Vendor Claim.

11.     In the event that the Debtors will exceed the aggregate amounts to be paid to the Critical Vendors, Lien Claimants, or Foreign Vendors during the interim period, the Debtors shall file a notice with the Court describing the category and overage amount.  Nothing herein shall prejudice the Debtors' ability to seek a further order from this Court authorizing the Debtors to exceed the aggregate amounts of Vendor Claims as set forth in the Motion and herein or any party in interest's right to contest such relief.

12.     The Debtors shall maintain a matrix/schedule of payments made pursuant to this Interim Order, including the following information:  (a) the name of the payee; (b) the nature, date, and amount of the payment; (c) the category or type of payment as characterized in the Motion; and (d) the Debtor or Debtors that made the payment.  The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases every thirty days beginning upon entry of this Interim Order.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

14.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

5

designation of any particular check or electronic payment request as approved by this Interim Order.

15.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts that are authorized to be paid pursuant to this Interim Order.

16.     Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in the Motion or this Interim Order shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien, security interest in, or other encumbrances against the Debtors and the property of their estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim or interest; (d) an implication or admission that any particular claim or interest is of a type specified or defined in the Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

17.     Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made or obligation, relief, or authorization granted hereunder shall be consistent with, and shall be subject to, the requirements imposed on the Debtors under the terms

6

of any interim or final order (as applicable) entered by the Court in these Chapter 11 Cases approving the Debtors' use of cash collateral (the "***Cash Collateral Order***") and any budgets in connection therewith governing any such use of cash collateral.  To the extent there is any conflict between this Interim Order and the Cash Collateral Order, the Cash Collateral Order shall govern.

18.     Bankruptcy Rule 6003(b) has been satisfied.

19.     The requirements of Bankruptcy Rule 6004(a) are waived.

20.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon entry of this Interim Order.

21.     The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: ___, 2026
Houston, Texas

_____
**THE HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**