**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |
| | ) | |

**DECLARATION OF BENJAMIN J. STEELE
IN SUPPORT OF DEBTORS' <u>EMERGENCY</u> *EX PARTE*
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING
ADMINISTRATION LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

I, Benjamin J. Steele, under penalty of perjury, declare as follows:

1.　　I am a Managing Director at Kroll Restructuring Administration LLC ("***Agent***" or "***Claims and Noticing Agent***" ), a chapter 11 administrative services firm whose headquarters are located at 1 World Trade Center, 31st Floor, New York, New York 10007.  Except as otherwise noted in this declaration (this "***Declaration***"), I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently as follows.

2.　　I submit this Declaration in support of the above-captioned Debtors' (collectively, the "***Debtors***") *Emergency Ex Parte Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent*, filed contemporaneously herewith (the "***Application***").[2]

---

[1]　　The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2]　　Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Application.

3.      Agent represents the following:

(a)     Agent, its members, and employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders, or employees of the Debtors;

(b)     Agent will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c)     by accepting employment in these chapter 11 cases, Agent waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d)     in its capacity as the Claims and Noticing Agent in these chapter 11 cases, Agent will not be an agent of the United States and will not act on behalf of the United States;

(e)     Agent will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f)     Agent is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

(g)     in its capacity as Claims and Noticing Agent in these chapter 11 cases, Agent will not intentionally misrepresent any fact to any person;

(h)     Agent shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

(i)     Agent will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)     none of the services provided by Agent as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk.

4.      I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "***Potential Parties in Interest***") in these chapter 11 cases. The results of the conflict check were compiled and reviewed by Agent professionals under my supervision. Agent is not aware of any connection that would present a disqualifying conflict of interest. Should Agent discover any new relevant facts or connections bearing on the matters

described herein during the period of its retention, Agent will use reasonable efforts to promptly file a supplemental declaration.

5. To the best of my knowledge, neither Agent, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. Agent may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Agent serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

6. Agent discloses the following connections, each of which Agent believes does not present an interest adverse to the Debtors:

- I was previously an associate at Kirkland & Ellis LLP ("**K&E**"), one of the top unsecured creditors in these chapter 11 cases. I left K&E in August 2013. I did not work on any matters involving the Debtors while employed by K&E.

- I understand that K&E has represented and currently represents Agent in matters unrelated to the Debtors and these chapter 11 cases. Agent also acts as a technology services vendor to K&E in connection with matters unrelated to these chapter 11 cases. I do not believe that these connections preclude Kroll from meeting the disinterestedness standard under the Bankruptcy Code.

- My wife, Yoomi Lee Steele, is a Director, Office of Cyber Resiliency at Google, one of the Debtors' vendors and top unsecured creditors in these chapter 11 cases. My wife's role at Google is not customer-facing and is wholly unrelated to the Debtors and these cases.

- Oleg Bitman, a Director at Agent, was previously an associate at BakerHostetler LLP ("**Baker**"), one of the Debtors' vendors. Mr. Bitman left Baker in 2016. Mr. Bitman did not work on any matters involving the Debtors during his time at Baker. Additionally, Eric Usitalo, a director at Agent, is the spouse of Michelle Usitalo. Ms. Usitalo is a partner at Baker. On information and belief, Ms. Usitalo does not work on any matters involving the Debtors.

- Mariah Dubin is a Director at Agent. Mrs. Dubin's husband is an Executive Director, Technology Consulting, at Ernst & Young LLP, one of the Debtors' vendors. Mr. Dubin's role is not restructuring related and he is not involved in these chapter 11 cases.

- Stacey Corr-Irvine, a Director at Agent, was formally a partner at Jones Day, one of the Debtors' vendors. Ms. Corr-Irvine left Jones Day in 2020. Ms. Corr-Irvine did not work on any matters involving the Debtors during her time at Jones Day.

- The son of Pedro A. Jimenez, a Partner at Paul Hastings LLP, one of the Debtors' vendors, is currently employed as a consultant at Kroll.

- Jordan Searles, a Director at Agent, was previously an audit associate at KPMG LLP, one of the Debtors' ordinary course professionals.  Mr. Searles left KPMG in 2014.  Mr. Searles did not work on any matters involving the Debtors during his time at KPMG.

- Albert Alonzo is a Vice President of Agent.  Mr. Alonzo was formerly a case manger for this Court, prior to joining Agent in November 2023.

- Agent is an indirect subsidiary of Kroll, LLC ("***Kroll Parent***").  Kroll Parent is the leading independent provider of financial and risk advisory solutions.  Within the Kroll Parent corporate structure, Agent operates independently from Kroll Parent.  As such, any relationships that Kroll Parent and its affiliates maintain do not create an interest of Agent's that is materially adverse to the Debtors' estates or any class of creditors or security holders.  Agent and its affiliates (which include Kroll Parent and other subsidiaries of Kroll Parent discussed herein) share various intra-firm services (*e.g.*, human resources, legal, certain technology functions, mailroom and certain finance functions).  The boards of directors of Kroll Parent and its other subsidiaries are separate and independent from the board of directors of Agent.  Kroll Parent and its other subsidiaries do not have access to Agent's files or systems, and Agent does not have access to Kroll Parent's files or systems.  Kroll Parent is not currently identified on the Potential Parties in Interest list, but I understand that Kroll Parent's expert services and valuation practices are currently providing services to the Debtors.  As of the filing of this declaration, I am unable to determine whether Kroll Parent is a creditor in these cases.  To the extent Kroll Parent is a creditor in these cases, I will file a supplemental declaration informing the court of such.  Agent makes this disclosure out of an abundance of caution.

- Agent further declares that Agent does not now have nor has it ever had any contract or agreement with XClaim Inc. or with any other party under which Agent provides, provided, or will provide exclusive access to claims data or under which Agent would be compensated for claims data made available by Agent.

7.    I believe that Agent is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Date: May 18, 2026

/s/ Benjamin J. Steele
Benjamin J. Steele
Managing Director
Kroll Restructuring Administration LLC