United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 19, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| EXPRESS VENDING INC. | Case No. 26–90526 (CML) |
| Debtor. | |
| Canadian Business No. 739359537 | |
| In re: | Chapter 11 |
| BITCOIN DEPOT OPERATING LLC | Case No. 26–90527 (CML) |
| Debtor. | |
| Tax I.D. No. 81-3003586 | |
| In re: | Chapter 11 |
| BITCOIN DEPOT INC., | Case No. 26–9028 (CML) |
| Debtor. | |
| Tax I.D. No. 87-3219029 | |
| In re: | Chapter 11 |
| BCD MERGER SUB LLC | Case No. 26–90529 (CML) |
| Debtor. | |
| Tax I.D. No. N/A | |

4920-4846-4557

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| BT HOLDCO LLC | ) | Case No. 26–90530 (CML) |
| Debtor. | ) | |
| Tax I.D. No. 93-2141549 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| BTM INTERNATIONAL HOLDINGS 1 LLC | ) | Case No. 26–90531 (CML) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| BTM INTERNATIONAL HOLDINGS II LLC | ) | Case No. 26–90532 (CML) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| CASH RAMP LLC | ) | Case No. 26–90533 (CML) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| DIGITAL GOLD VENTURES INC. | ) | Case No. 26–90534 (CML) |
| Debtor. | ) | |
| Canadian Business No. 790161509 | ) | |

2

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| INTUITIVE SOFTWARE LLC | ) | Case No. 26–90535 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 87-1344496 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| KIOSK HOLDCO LLC | ) | Case No. 26–90536 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 99-4691964 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| KIOSK TECHNICIANS, LLC | ) | Case No. 26–90537 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 99-2118185 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| KUTT, INC. | ) | Case No. 26–90538 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 38-4105034 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| LUX VENDING KIOSK, LLC | ) | Case No. 26–90539 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 99-4240032 | ) |  |
|  | ) |  |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MCA SERVICES GROUP, LLC | ) | Case No. 26–90540 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. N/A | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| MINTZ ASSETS, INC. | ) | Case No. 26–90541 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 85-2176273 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITACCESS INC. | ) | Case No. 26–90542 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Canadian Business No. 823256235 | ) |  |
|  | ) |  |

**AMENDED ORDER DIRECTING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "***Motion***")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") consolidating the administration of all of the above-captioned Chapter 11 Cases for procedural purposes only, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

4

Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after considering the Motion and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      This Order amends the *Order Directing Joint Administration of the Debtors' Chapter 11 Cases* previously entered by the Court in each of the Chapter 11 Cases.

2.      The above-captioned Chapter 11 Cases shall be jointly administered for procedural purposes only as follows.  Additionally, the following checked items are ordered:

a.   __X__   one disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent, however, substantive consolidation of the Debtors' estates is not being requested at this time;

b.   __X__   parties may request joint hearings on matters pending in any of the jointly administered cases;

c.   __X__   the U.S. Trustee may conduct joint informal meetings with the Debtors, as required, and, unless otherwise directed by the Court, to the extent required, a joint first meeting of creditors;

d.   __X__   unless otherwise required by the Court, to the extent the Debtors are required to file schedules of assets and liabilities and statements of financial affairs, each Debtor will file separate schedules of assets and liabilities and statements of financial affairs, and, as applicable, lists of equity security holders;

e.   __X__   proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in which chapter 11 case such claim is to be filed; and

f. ___X___ a separate claims register shall be maintained for each Debtor.

3. The Court shall maintain one file and one docket for all of the jointly administered cases under the lead case of Bitcoin Depot Inc. and administer these Chapter 11 Cases under a consolidated caption, as follows:

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26 – 90528 (CML) |
| | ) | |
| Debtors.[2] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

4. The foregoing consolidated caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A notation substantially similar to the following shall be entered on each of the Debtors' respective dockets (other than Bitcoin Depot Inc.) to reflect the joint administration of these Chapter 11 Cases:

An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas directing the joint administration of the chapter 11 cases of:  Bitcoin Depot Inc.; BCD Merger Sub LLC; Bitcoin Depot Operating LLC; BT HoldCo LLC; BTM International Holdings 1 LLC; BTM International Holdings II LLC; Cash Ramp LLC; Digital Gold Ventures Inc.; Express Vending Inc.; Intuitive Software LLC; Kiosk HoldCo LLC; Kiosk Technicians, LLC; Kutt, Inc.; Lux Vending Kiosk, LLC; MCA Services Group, LLC; Mintz Assets, Inc.; and BitAccess Inc.  The docket in Case No. 26-90528 (CML) should be consulted for all matters affecting these cases. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 26-90528 (CML).**

---

[2] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

5.     The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

6.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases; provided, however, this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

7.     Nothing contained in the Motion or this Order shall be deemed or construed as granting any Debtor standing to be heard on any issue affecting another jointly administered Debtor beyond what is granted under applicable law.

8.     Nothing contained in the Motion or this Order shall be deemed or construed as affecting the rights of parties in interest to object to, and be heard on, the appointment of any committee of creditors under section 1102 of the Bankruptcy Code, and all such rights are reserved.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     Notwithstanding any Bankruptcy Rule to the contrary, this Order's terms and conditions are immediately effective and enforceable upon its entry.

11.     The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Signed:  May 19, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

7