### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | (Emergency Hearing Requested) |
| | ) | |

**EMERGENCY**
**MOTION FOR ENTRY**
**OF AN ORDER (I) APPROVING**
**PROCEDURES TO REJECT EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES;**
**(II) WAIVING BANKRUPTCY RULE 6006(F)(6);**
**(III) APPROVING ABANDONMENT OF PROPERTY**
**IN CONNECTION WITH REJECTION OF EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

> **Emergency relief has been requested.  Relief is requested not later than 9:15 a.m. (prevailing Central Time) on June 3, 2026.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on June 3, 2026 at 9:15 a.m. (prevailing Central Time) in Courtroom 402, Floor 4, 515 Rusk Avenue, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 832-917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is**

---

[1] The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

**590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*") file this motion (this "*Motion*") and in support respectfully submit the following:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363, 365, and 554 of title 11 of the United States Code (the "*Bankruptcy Code*"), Bankruptcy Rules 6004, 6006, and 6007, rules 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "*Local Rules*"), and the Procedures for Complex Cases in the Southern District of Texas.

**EMERGENCY CONSIDERATION**

4.      In accordance with Local Rule 9013-1 and Bankruptcy Rule 6003, the Debtors respectfully request emergency consideration of this Motion.  The Debtors are parties to thousands of Contracts (as defined below) potentially imposing ongoing obligations that may continue to accrue as administrative expenses.  Without prompt approval of the Rejection Procedures (as defined below), the Debtors would be required to file numerous rejection motions, and would continue to incur unnecessary costs associated with maintaining insignificant personal property.  As discussed in detail below, any delay in granting the relief requested could cause immediate and irreparable harm to the Debtors and their estates.  As such, the Debtors submit that emergency consideration is necessary and respectfully request that this Motion be heard on an expedited basis.

**BACKGROUND**

5.      Bitcoin Depot Inc. and its Debtor and non-Debtor subsidiaries (collectively, the "*Company*") owned and operated the largest network of Bitcoin kiosks across North America, providing users with a simple, efficient, and intuitive means of converting cash into Bitcoin.  The Company operated a portfolio of approximately 9,700 kiosks deployed in retailer locations throughout the United States, Canada, and Australia, and also offered BDCheckout, a product accepted at approximately 16,300 retail locations that enabled users to load cash into their accounts at the checkout counter and then use those funds to purchase Bitcoin.  The Company is headquartered in Sandy Springs, Georgia, with additional corporate offices in Ottawa, Ontario, Canada.

6.      On May 17, 2026 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 28, 2026, the United States Trustee

3

for the Southern District of Texas (the "*U.S. Trustee*") appointed an official committee of unsecured creditors in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code (the "*Committee*").  *See The United States Trustee's Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 101].  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

7.  On May 22, 2026, Bitcoin Depot Inc., in its capacity as foreign representative, commenced an ancillary proceeding in Canada (the "*Canadian Proceedings*") on behalf of the Debtors' estates, including the estates of Debtors' Digital Gold Ventures Inc., BitAccess Inc., and Express Vending Inc., under the *Companies' Creditors Arrangement Act* in the Ontario Superior Court of Justice (Commercial List) (the "*Canadian Court*") in order to, among other things, protect the Debtors' assets in Canada. Alvarez & Marsal Canada Inc. was appointed by the Canadian Court as the information officer in the Canadian Proceedings.

8.  Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Thomas Studebaker in Support of the Chapter 11 Cases and First-Day Motions* [Docket No. 23], filed on the Petition Date and incorporated herein by reference.

## RELIEF REQUESTED

9.  By this Motion, the Debtors seek entry of an order (the "*Order*"), substantially in the form attached hereto as **Exhibit A**: (a) approving procedures to reject executory contracts and unexpired leases (each, a "*Contract*," and collectively, the "*Contracts*"); (b) waiving the limitation set forth in Bankruptcy Rule 6006(f)(6); (c) approving abandonment of property in connection with rejection of any Contracts; and (d) granting related relief.

**PROPOSED REJECTION PROCEDURES**

10.     The Debtors are parties to over 8,000 Contracts, the majority of which are floorspace and master placement agreements with retailers for the hosting and deployment of the Debtors' Bitcoin kiosks.  Many of these Contracts impose ongoing payment and performance obligations on the Debtors' estates.

11.     The Debtors are engaging in a comprehensive review and analysis of their Contracts to identify those that are burdensome to the estates or that no longer serve the Debtors' business needs.  In light of the Debtors' chapter 11 objectives to maximize value for their estates, the Debtors anticipate that they may reject a voluminous number of Contracts during the pendency of these Chapter 11 Cases.  In the Debtors' business judgment, rejecting burdensome Contracts will reduce the estates' potential ongoing liabilities, minimize the accrual of any administrative expenses associated with maintaining non-essential Contracts, and allow the Debtors to focus their resources on maximizing recoveries to the benefit of their estates.  The Debtors submit that rejecting Contracts that are not necessary to the Debtors' chapter 11 objectives or that impose financial obligations that outweigh any benefit to the estates is a sound exercise of the Debtors' business judgment and will maximize the value available for distribution to creditors.

12.     In connection with the Debtors' floorspace and master placement agreements with retailers for the hosting and deployment of the Debtors' Bitcoin kiosks, the Debtors anticipate that, in certain instances, the cost to transport, relocate, remove, and/or store certain of their Bitcoin kiosks and other personal property will be burdensome to their estates and exceed any potential benefit to the Debtors' estates of retrieving such property.  Moreover, removal of such personal property would expose the Debtors to unnecessary costs, fees, potential damage claims, and potential administrative expense claims that would further diminish estate value.  Accordingly, in

the exercise of their sound business judgment, the Debtors believe that the ability to abandon such personal property, in connection with the rejection of the related Contracts, is in the best interests of the estates and their creditors.

13.     In addition, given the volume of Contracts involved in these Chapter 11 Cases, the Debtors seek a waiver of the limitation set forth in Bankruptcy Rule 6006(f)(6), which generally limits omnibus rejection motions to no more than 100 executory contracts or unexpired leases, and instead request authority to include up to 1,000 Contracts on each Rejection Notice.  As described more fully below, cause exists to waive this limitation in light of the large number and substantially similar nature of the Contracts to be rejected.

14.     Absent the relief requested in this Motion, the Debtors may be required to file numerous separate motions to reject certain Contracts, resulting in administrative costs to the Debtors' estates without a meaningful benefit to the counterparties to such Contracts. Accordingly, the Debtors seek to implement the following streamlined procedures for the rejection of burdensome Contracts and the abandonment of burdensome personal property in connection therewith (the "*Rejection Procedures*"):

     a.  <u>Rejection Notice</u>.  The Debtors shall file one or more sequentially numbered notices, substantially in the form attached as **Exhibit 1** to the Order (the "*Rejection Notice*"), to reject Contracts pursuant to section 365 of the Bankruptcy Code.  Each Rejection Notice shall include a schedule (the "*Rejection Schedule*") setting forth, among other things: (i) the Contract(s) to be rejected; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each, a "*Counterparty*"); (iv) the proposed effective date of the rejection for such Contract(s) (the "*Rejection Date*"); and (v) if applicable, the location and summary description of personal property to be abandoned, if any (the "*Abandoned Property*").  The Rejection Notice shall also set forth the deadlines and procedures for filing objections (as set forth below).  For the avoidance of doubt, the Debtors may file and serve multiple Rejection Notices contemporaneously; *provided,* that no more than 1,000 Contracts are included on each corresponding Rejection Schedule.

b. <u>Service of Rejection Notices</u>.  The Debtors will cause each Rejection Notice to be served via electronic mail or overnight mail upon: (i) each relevant Counterparty at the notice address provided in the applicable Contract (and upon such Counterparty's counsel, if known); (ii) all parties who may have any interest in any Abandoned Property (if known); (iii) the U.S. Trustee; (iv) Alston & Bird LLP, as counsel to the Term Loan Agent; and (v) the Committee and its counsel (collectively, the "***Rejection Notice Parties***"). Notwithstanding the foregoing, with respect to any Rejection Notice served by overnight mail, the Debtors may, in lieu of attaching the Rejection Schedule, include a statement directing the relevant Counterparty to the Debtors' case website at https://restructuring.ra.kroll.com/bitcoindepot to access the Rejection Schedule at a specified docket entry number or advising that such Counterparty may contact the Debtors' claims and noticing agent to request a physical copy of the Rejection Schedule.[2]

c. <u>Objection Procedures</u>.   Parties objecting to a proposed rejection or abandonment must file and serve a written objection (an "***Objection***") so that the Objection is filed with the Court and is actually received by (i) proposed counsel to the Debtors, Vinson & Elkins LLP, The Grace Building, 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036-7708, Attn: David S. Meyer and Jessica C. Peet, and 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman; (ii) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen; (iii) counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: Jim Vincequerra, Will Hao, and Paul Hespel; and (iv) the Committee and its counsel (collectively, the "***Objection Notice Parties***") no later than twenty-one days after the date the Debtors file and serve the relevant Rejection Notice (the "***Rejection Objection Deadline***").   Each Objection must state, with specificity, the grounds for objection to the proposed Contract rejection or abandonment of personal property.

d. <u>No Objection Timely Filed</u>. If no Objection is timely filed and properly served by the Rejection Objection Deadline, the rejection of each Contract listed in the Rejection Schedule and/or any abandonment of personal property in connection therewith (as applicable) shall be deemed effective automatically as of the Rejection Date set forth in the Rejection Schedule, without further notice, hearing, or order of this Court, or such other date as the Debtors and the applicable Counterparty may agree.

e. <u>Unresolved Timely Objections</u>.  If an Objection is timely filed and properly served and not withdrawn or resolved (an "***Unresolved Objection***"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at a hearing date subject to the Court's schedule, but in no event with

---

2    Such requests may be made by email to BitcoinDepotInfo@ra.kroll.com or by telephone at (844) 339-4117 (Toll-Free U.S./Canada) or + 1 (332) 232-7827 (International).

less than seven days' notice.  The parties may resolve the Unresolved Objection without further notice or Court approval in advance of the hearing.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection and/or abandonment (as applicable) shall be (i) the Rejection Date; (ii) such other date to which the Debtors and the party to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.

f.  <u>No Application of Security Deposits</u>.  If the Debtors have deposited funds with a Counterparty as a security deposit or other similar arrangement, such Counterparty may not set off, recoup, or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the Counterparty otherwise agree; *provided*, that the Debtors shall provide not less than two business days' notice to the Objection Notice Parties prior to consenting to a setoff or recoupment with respect to any single deposit of more than $10,000.

g.  <u>Abandoned Property</u>.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon, at their option, any of the Debtors' personal property in connection with a rejected Contract that is: (i) of minimal or no material value or benefit to the Debtors' estates and/or (ii) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.  The Debtors shall generally describe the Abandoned Property in the Rejection Schedule and their intent to abandon such property.  The Abandoned Property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, as set forth in subsections (d) and (e) above, as applicable.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Counterparty may, in their sole discretion and without further order of this Court, utilize and/or dispose of such Abandoned Property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.  <u>Proofs of Claim</u>.  Claims arising out of the rejection of Contracts and/or abandonment of property in connection therewith, if any, must be filed on or before the later of: (i) the applicable deadline for filing proofs of claim established in these Chapter 11 Cases, and (ii) thirty days after the effective date of rejection.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and/or abandonment of property and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

i.  <u>Removal from Schedule</u>.  The Debtors reserve the right to remove any Contract from any Rejection Schedule at any time prior to the earlier of (i) the Rejection Objection Deadline, or (ii) if an Objection has been filed, the hearing scheduled to address such Unresolved Objection.

## BASIS FOR RELIEF REQUESTED

A.      **Rejection of the Contracts is in the Best Interest of the Debtors' Estates.**

15.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval.  11 U.S.C. § 365(a).  The standard applied by courts in determining whether the rejection of an unexpired lease or executory contract pursuant to section 365(a) of the Bankruptcy Code should be approved is the "business judgment" test, which requires that the debtor have determined that the requested rejection would be beneficial to its estate.  *See Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Invr's. v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)); *In re Pisces Energy, LLC*, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009); *see also In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009) ("The general rule is that the decision to reject a given contract should be left to the trustee's (or debtor in possession's) sound business judgment.").

16.      In applying the business judgment standard, bankruptcy courts afford great deference to a debtor's decision to assume or reject contracts or leases.  *See, e.g., In re Pisces Energy*, 2009 WL 7227880, at *6 ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered."); *In re Eagle Bus Mfg., Inc.*, 134 B.R. 584, 597 (Bankr. S.D. Tex. 1991) (confirming reorganization plan and finding that debtor's rejection of unexpired leases was in sound business judgment and the best interest of the estate); *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming rejection of a service agreement as sound exercise of debtor's business judgment when bankruptcy court found rejection would benefit estate); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121

9

(Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.") (citations omitted); *In re Genco Shipping & Trading Ltd.*, 509 B.R. 455, 463 (Bankr. S.D.N.Y. 2014) (stating that a court generally will not second guess a debtor's business judgment regarding assumption or rejection benefits to the debtor's estate).

17.     In addition, the Court may authorize the Rejection Procedures based on section 105(a) of the Bankruptcy Code.  Section 105(a) codifies a bankruptcy court's inherent equitable powers and allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  A bankruptcy court's exercise of its authority under section 105(a) of the Bankruptcy Code is appropriately used to carry out one of the central policies underlying chapter 11 as described herein—preserving value and maximizing property available to satisfy a debtor's stakeholders.

18.     The Rejection Procedures will avoid substantial administrative expenses that could result if a motion were filed and a hearing held for every potential motion seeking the rejection of Contracts.  The Debtors submit that the information provided on the Rejection Notices will provide the Court and interested parties with sufficient information to evaluate whether the Debtors' decision to reject the applicable Contracts is a sound exercise of their business judgment. Accordingly, the Debtors have determined, in their sound business judgment, that the rejection of Contracts in accordance with the Rejection Procedures proposed herein is in the best interest of the Debtors' estates, and the Debtors respectfully request that the Court approve the Rejection Procedures.

**B.     Retroactive Effective Relief May Be Sought Where Appropriate.**

19.     Courts have held that bankruptcy courts may retroactively reject executory contracts and unexpired leases based on a "balancing of the equities" standard.  *See, e.g., In re*

10

*Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *Constant Ltd. P'ship v. Jamesway Corp.* (*In re Jamesway Corp.*), 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 of the Bankruptcy Code does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("[A] trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

20.     To the extent the Rejection Date set forth on a Rejection Notice is a date that is prior to the date of the applicable Rejection Objection Deadline, approval of any such proposed retroactive relief contemplated in the Rejection Procedures is warranted based on a balancing of the equities. Without such relief, the Debtors could potentially incur unnecessary administrative expenses. *See* 11 U.S.C. §§ 365(d)(3), 365(d)(5). Minimizing administrative expenses is critical to ensuring the Debtors maintain an adequate liquidity runway to support, among other things, the administration of their estates and their value-maximizing sale process. The Counterparties will not be unduly prejudiced if the rejection is deemed effective as of the Rejection Date as the Debtors' Rejection Notice will provide the Counterparties with adequate notice of any retroactively effective relief sought by the Debtors.

11

## C.        Rejection Procedures Satisfy Due Process.

21.     The Rejection Procedures comply with the procedural requirements of the Bankruptcy Rules. "A proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." FED. R. BANKR. P. 6006(a). Bankruptcy Rule 9014 provides: "In a contested matter . . ., not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." FED. R. BANKR. P. 9014(a). The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").   The Rejection Procedures provide Counterparties with twenty-one days to file Objections to a Rejection Notice and require the Debtors to file a notice of hearing for any Unresolved Objections, and thus satisfy the requirements of Bankruptcy Rules 6006(a) and 9014.

22.     Under analogous circumstances, courts in the Fifth Circuit have approved notice-based rejection procedures that allow rejections to become effective without a further hearing or order of the court, provided the counterparties receive adequate notice and an opportunity to object. *See, e.g., Lion Ribbon Texas Corp.*, No. 25-90164 (CML) (Bankr. S.D. Tex. Jul. 31, 2025) [Docket No. 181] (approving procedures that allowed rejections to become effective without further hearing or order); *In re Taco Bueno Restaurants, Inc.*, No. 18-33678 (SGJ) (Bankr. N.D. Tex. Nov. 30, 2018) [Docket No. 154] (same); *In re Fat Brands Inc.*, No. 26-90126 (ARP) (Bankr. S.D. Tex. Mar. 18, 2026) [Docket No. 450] (approving procedures that allowed rejections to become effective without further hearing); *In re Anthology Inc.*, No. 25-90498 (ARP) (Bankr. S.D. Tex. Nov. 7, 2025) [Docket No. 212] (same); *In re TGI Friday's, Inc.*, No. 24-80069 (SGJ) (Bankr.

12

N.D. Tex. Nov. 5, 2024) [Docket No. 97] (same); *In re Steward Health Care System LLC*, No. 24-90213 (CML) (Bankr. S.D. Tex. Jul. 10, 2024) [Docket No. 1551] (same).

23.     Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to reject multiple executory contracts and unexpired leases in one motion, subject to Bankruptcy Rule 6006(f). *See* FED. R. BANKR. P. 6006(e).   Bankruptcy Rule 6006(f) sets forth procedural requirements that motions to reject multiple executory contracts and unexpired leases must satisfy to ensure that counterparties to rejected executory contracts or unexpired leases are able to identify their contracts or leases and readily determine whether their contracts or leases are being rejected. A motion to reject multiple executory contracts and unexpired leases that are not between the same parties shall:

  a.  state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

  b.  list parties alphabetically and identify the corresponding contract or lease;

  c.  be numbered consecutively with other omnibus motions to reject executory contracts or unexpired leases; and

  d.  be limited to no more than 100 executory contracts or unexpired leases. Bankruptcy Rule 6006(f).

24.     The Rejection Procedures satisfy the substantive purpose of Bankruptcy Rule 6006(f).   The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to the Debtors' Contracts. *See, e.g., In re Old Carco LLC*, 406 B.R. 180, 209 (Bankr. S.D.N.Y. 2009) (recognizing that the "requirements [of Bankruptcy Rule 6006(f)] are intended to ensure that the non-debtor parties to the contracts and leases receive effective notice of the motion") (citing 10 COLLIER ON BANKRUPTCY ¶ 6006[6] (15th ed. rev. 2009)) (internal quotation marks omitted).  The Rejection Procedures afford Counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard.  Moreover,

Court oversight is maintained in the event of an Unresolved Objection.  Counterparties will be able to locate their Contracts and readily determine whether their Contracts are being rejected because the Rejection Notice will include a Rejection Schedule that lists Counterparties alphabetically and identifies the corresponding Contract, or will otherwise direct Counterparties to the Debtors' case website to access such Rejection Schedule and provide clear instructions for obtaining a physical copy of such Rejection Schedule.  Accordingly, the form of Rejection Notice complies with all applicable procedural requirements of Bankruptcy Rule 6006(f), except for the limitation set forth in Bankruptcy Rule 6006(f)(6), for which the Debtors request a waiver as described below.

25.     Given the volume of Contracts to which the Debtors are party, obtaining separate Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and the Court, and would result in costs to the Debtors' estates that would diminish the economic benefits of rejection.  Further, the Rejection Procedures are reasonable and fair to Counterparties because they afford parties in interest the opportunity to be heard with respect to the rejection of the Contracts (or abandonment of property related thereto).  The Debtors, therefore, request approval of the Rejection Procedures as the most efficient and cost-effective way for the Debtors to eliminate the costs in connection with maintaining the Contracts that will not serve the Debtors' chapter 11 objectives.

**D.     Cause Exists to Waive the Limitation Under Bankruptcy Rule 6006(f)(6).**

26.     Bankruptcy Rule 6006(f)(6) provides that an omnibus motion to reject multiple executory contracts or unexpired leases that are not between the same parties "must . . . be limited to no more than 100 executory contracts or unexpired leases."  FED. R. BANKR. P. 6006(f)(6). However, the 100-contract limitation is procedural in nature, not jurisdictional, and courts have granted waivers of this limitation where circumstances warrant.  *See, e.g., In re Old Carco LLC*,

406 B.R. 180, 208-09 (Bankr. S.D.N.Y. 2009) (waiving the Bankruptcy Rule 6006(f)(6) limitation and approving rejection of 789 dealer agreements in a single motion).

27.     In *Old Carco*, the bankruptcy court identified several factors justifying waiver of the 100-contract limitation: (a) all of the rejected agreements were substantially similar in form and content; (b) all were subject to a single comprehensive analysis by the debtors rather than individualized review; (c) all agreements were being rejected outright, not selectively assumed or assigned; and (d) requiring the debtors to file multiple separate motions seeking identical relief "would not have advanced the process." *Id.* (noting that the waiver "helps achieve what the 1983 Advisory Committee Notes deemed the 'objective of expeditious and economical administration' of cases under the Bankruptcy Code."); *see also* 9A COLLIER ON BANKRUPTCY ¶ 6006.05 (16th ed. rev. 2026) (explaining that the requirements of Bankruptcy Rule 6006(f) are intended to assist the other party to a contract . . . in locating the relevant information about its contract in the sea of material filed by the debtor"); *see also In re TM Vill., Ltd.*, 598 B.R. 851 (Bankr. N.D. Tex. Feb. 27, 2019) (finding that strict compliance with Rule 6006(f) was not required when the motion involved only one type of executory contract and did not seek a ruling on a myriad of complex agreements, and it was doubtful that an objecting party was confused about the objective of the motion).

28.     The same factors support the requested waiver here.  First, the vast majority of the Contracts proposed for rejection are substantially similar in form and purpose, consisting primarily of floorspace and master placement agreements with retailers for the hosting of the Debtors' Bitcoin kiosks and service agreements related to the Debtors' kiosk operations.  Second, the Debtors are engaged in a comprehensive review and analysis of all Contracts to identify those that are burdensome or no longer serve the Debtors' business needs, as opposed to engaging in a

15

selective, contract-by-contract analysis. Third, the rejected Contracts will be rejected outright; the Debtors are not seeking to assume and assign Contracts to a purchaser. Fourth, given that the Debtors are parties to over 8,000 Contracts, even a rejection of a small percentage of the Debtors' Contracts would require the Debtors to file numerous separate Rejection Notices limited to 100 Contracts each would impose significant and unnecessary administrative burdens on the Debtors, their estates, and the Court, without advancing the process or providing any additional protection to Counterparties who will receive notice and an opportunity to object. Indeed, requiring the Debtors to strictly comply with the 100-contract limitation would not only impose unnecessary costs on the estates and thereby diminish potential creditor recoveries, but it would also result in additional time and effort spent by Counterparties reviewing dozens of Rejection Notices in an attempt to identify their respective Contracts.

29. Notably, the limitation set forth in Bankruptcy Rule 6006(f)(6) is procedural in nature and is intended to ensure that counterparties receive effective notice. *See In re Old Carco LLC*, 406 B.R. at 209. Here, each Counterparty will receive service of the applicable Rejection Notice by electronic mail or overnight mail, together with an express statement that the Debtors intend to reject such Counterparty's Contract, and will have twenty-one days after receipt of such Rejection Notice to file an Objection. Because the purpose of Bankruptcy Rule 6006(f)(6)—ensuring effective notice to counterparties—is fully satisfied, the Debtors respectfully submit that cause exists to permit Rejection Notices containing up to 1,000 Contracts. The Court has authority to grant this relief pursuant to its inherent authority and section 105(a) of the Bankruptcy Code, which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also In re Old Carco LLC*, 406 B.R. at 209-10.

**E.      Abandonment of Personal Property is in the Best Interest of Debtors' Estates.**

30.      In connection with the rejection of the Contracts, the Debtors also request authority to abandon any personal property in connection with a rejected Contract that the Debtors determine is too burdensome to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would be outweighed by the attendant costs.

31.      Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Bankruptcy Rule 6007(a) provides that the debtor must give notice of a proposed abandonment to all creditors, indenture trustees, committees, and the U.S. Trustee, and that a party in interest may file an objection within fourteen days after such notice is mailed.  FED. R. BANKR. P. 6007(a).  Consistent with Bankruptcy Rule 6007(a), the Rejection Procedures provide that each Rejection Notice will identify any Abandoned Property proposed to be abandoned in connection with such rejection, and will be served on the Rejection Notice Parties.  Further, the Rejection Procedures afford parties twenty-one days to file an Objection—seven days more than the default period under Bankruptcy Rule 6007(a)(2).

32.      Any property of the bankruptcy estates that the Debtors propose to abandon would be of inconsequential value or burdensome to the Debtors' estates, and the cost of retrieving, marketing, and reselling such Abandoned Property would outweigh any recovery the Debtors could attain for such property.  Accordingly, the abandonment of such property is in the best interests of the Debtors, their estates, and their creditors, and parties in interest will have sufficient notice of such abandonment.

33.      Any Counterparty or other designee will be free to dispose of the Abandoned Property after the Rejection Date without notice or liability to any party.  To the best of the

Debtors' knowledge, the abandonment of the property would not be in violation of any state or local statutes or regulations reasonably designed to protect the public health or safety. Accordingly, abandonment of the Abandoned Property as of the Rejection Date should be approved.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

34.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

35.     Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in this Motion shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien, security interest in, or other encumbrances against the Debtors and the property of their estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim or interest; (d) an implication or admission that any particular claim or interest is of a type specified or defined in this Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (f) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

## NOTICE

36.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) Alston & Bird LLP, as counsel to the Term Loan Agent; (c) the Committee and its counsel; (d) the Debtors' 30

18

largest unsecured creditors (on a consolidated basis); (e) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules. In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

37.    No prior motion for the relief requested herein has been made to this Court or any other court.

**PRAYER**

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, and grant them such other and further relief to which the Debtors may be justly entitled.

Dated: June 1, 2026
Houston, Texas

*/s/  Paul E. Heath*
**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Sara Zoglman (TX 24121600)
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
Email: pheath@velaw.com
        szoglman@velaw.com

-and-

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Tel:  212.237.0000
Fax:  212.237.0100
Email: dmeyer@velaw.com
        jpeet@velaw.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

20

## **CERTIFICATE OF ACCURACY**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made in accordance with Bankruptcy Local Rule 9013-1(i).

 */s/ Sara Zoglman*
One of Counsel


## **CERTIFICATE OF SERVICE**

I certify that on June 1, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 */s/ Sara Zoglman*
One of Counsel

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. ___** |

**ORDER
(I) APPROVING
PROCEDURES TO
REJECT EXECUTORY
CONTRACTS AND UNEXPIRED LEASES;
(II) WAIVING BANKRUPTCY RULE 6006(F)(6);
(III) APPROVING ABANDONMENT OF PROPERTY
IN CONNECTION WITH REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") (a) approving procedures to reject executory contracts and unexpired leases; (b) waiving the limitation set forth in Bankruptcy Rule 6006(f)(6); (c) approving abandonment of property in connection with rejection of executory contracts and unexpired leases; and (d) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

reviewed the Motion; and the Court having found that the relief requested in the Motion is

necessary to avoid immediate and irreparable harm to the Debtors and their estates, as

contemplated by Bankruptcy Rule 6003; and the Court having found that the relief requested in

the Motion is in the best interests of the Debtors and their respective estates, creditors, and other

parties in interest; and the Court having found that proper and adequate notice of the Motion and

hearing thereon has been given and that no other or further notice is necessary; and the Court

having found that good and sufficient cause exists for the granting of the relief requested in the

Motion after considering the Motion and all of the proceedings before the Court in connection with

the Motion, it is HEREBY ORDERED THAT:

1. The following Rejection Procedures are approved in connection with rejecting Contracts:

    a. <u>Rejection Notice</u>.  The Debtors shall file one or more sequentially numbered notices, substantially in the form attached as **Exhibit 1** to the Order (the "***Rejection Notice***"), to reject Contracts pursuant to section 365 of the Bankruptcy Code.  Each Rejection Notice shall include a schedule (the "***Rejection Schedule***") setting forth, among other things: (i) the Contract(s) to be rejected; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each, a "***Counterparty***"); (iv) the proposed effective date of the rejection for such Contract(s) (the "***Rejection Date***"); and (v) if applicable, the location and summary description of personal property to be abandoned, if any (the "***Abandoned Property***").  The Rejection Notice shall also set forth the deadlines and procedures for filing objections (as set forth below).  For the avoidance of doubt, the Debtors may file and serve multiple Rejection Notices contemporaneously; *provided,* that no more than 1,000 Contracts are included on each corresponding Rejection Schedule.

    b. <u>Service of Rejection Notices</u>.  The Debtors will cause each Rejection Notice to be served via electronic mail or overnight mail upon: (i) each relevant Counterparty at the notice address provided in the applicable Contract (and upon such Counterparty's counsel, if known); (ii) all parties who may have any interest in any Abandoned Property (if known); (iii) the office of the United States Trustee for the Southern District of Texas (the "***U.S. Trustee***"); (iv) Alston & Bird LLP, as counsel to the Term Loan Agent; and (v) the official

committee of unsecured creditors appointed in these Chapter 11 Cases (the "***Committee***") and its counsel (collectively, the "***Rejection Notice Parties***"). Notwithstanding the foregoing, with respect to any Rejection Notice served by overnight mail, the Debtors may, in lieu of attaching the Rejection Schedule, include a statement directing the relevant Counterparty to the Debtors' case website at https://restructuring.ra.kroll.com/bitcoindepot to access the Rejection Schedule or advising that such Counterparty may contact the Debtors' claims and noticing agent to request a physical copy of the Rejection Schedule.[3]

c.  Objection Procedures.   Parties objecting to a proposed rejection or abandonment must file and serve a written objection (an "***Objection***") so that the Objection is filed with the Court and is actually received by (i) proposed counsel to the Debtors, Vinson & Elkins LLP, The Grace Building, 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036-7708, Attn: David S. Meyer and Jessica C. Peet, and 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman; (ii) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen; (iii) counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: Jim Vincequerra, Will Hao, and Paul Hespel; and (iv) the Committee and its counsel (collectively, the "***Objection Notice Parties***") no later than twenty-one days after the date the Debtors file and serve the relevant Rejection Notice (the "***Rejection Objection Deadline***").  Each Objection must state, with specificity, the grounds for objection to the proposed Contract rejection or any abandonment of personal property.

d.  No Objection Timely Filed.  If no Objection is timely filed and properly served by the Rejection Objection Deadline, the rejection of each Contract listed in the Rejection Schedule and/or abandonment of personal property in connection therewith (as applicable) shall be deemed effective automatically as of the Rejection Date set forth in the Rejection Schedule, without further notice, hearing, or order of this Court, or such other date as the Debtors and the applicable Counterparty may agree.

e.  Unresolved Timely Objections.  If an Objection is timely filed and properly served and not withdrawn or resolved (an "***Unresolved Objection***"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at a hearing date subject to the Court's schedule, but in no event with less than seven days' notice.  The parties may resolve the Unresolved Objection without further notice or Court approval in advance of the hearing.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection and/or abandonment (as applicable) shall be (i) the Rejection Date; (ii) such

---

[3]  Such requests may be made by email to BitcoinDepotInfo@ra.kroll.com or by telephone at (844) 339-4117 (Toll-Free U.S./Canada) or + 1 (332) 232-7827 (International).

other date to which the Debtors and the party to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.

f.   No Application of Security Deposits.  If the Debtors have deposited funds with a Counterparty as a security deposit or other similar arrangement, such Counterparty may not set off, recoup, or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the Counterparty otherwise agree; *provided*, that the Debtors shall provide not less than two business days' notice to the Objection Notice Parties prior to consenting to a setoff or recoupment with respect to any single deposit of more than $10,000.

g.   Abandoned Property.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon, at their option, any of the Debtors' personal property in connection with a rejected Contract that is: (i) of minimal or no material value or benefit to the Debtors' estates and/or (ii) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.  The Debtors shall generally describe the Abandoned Property in the Rejection Schedule and their intent to abandon such property.  The Abandoned Property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, as set forth in subsections (d) and (e) above, as applicable.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Counterparty may, in their sole discretion and without further order of this Court, utilize and/or dispose of such Abandoned Property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.   Proofs of Claim.  Claims arising out of the rejection of Contracts and/or abandonment of property in connection therewith, if any, must be filed on or before the later of: (i) the applicable deadline for filing proofs of claim established in these Chapter 11 Cases, and (ii) thirty days after the effective date of rejection.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and/or abandonment of property and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

i.   Removal from Schedule.  The Debtors reserve the right to remove any Contract from any Rejection Schedule at any time prior to the earlier of (i) the Rejection Objection Deadline, or (ii) if an Objection has been filed, the hearing scheduled to address such Unresolved Objection.

2.   The limitation set forth in Bankruptcy Rule 6006(f)(6) is waived.  The Debtors are authorized to file Rejection Notices containing up to 1,000 Contracts per corresponding Rejection Schedule.

4

3.      The form of Rejection Notice attached hereto as **Exhibit 1** is approved.

4.      Nothing herein shall be construed as a concession or evidence that a Contract has expired, been terminated, or is otherwise not currently in full force and effect.  The Debtors' rights with respect thereto are reserved, including the Debtors' rights to seek a later determination of such matters and to dispute the validity, status, characterization, or enforceability of such Contract and any claims related thereto, as are any Counterparty's defenses to such assertions.  The Debtors do not waive any claims they may have against any Counterparty, regardless of whether such claims relate to the Contract(s) between any of the Debtors and such Counterparty.

5.      Approval of this Order shall not prevent the Debtors from seeking to assume or reject an executory contract and/or unexpired lease by separate motion or pursuant to a chapter 11 plan.

6.      All rights and defenses of the Debtors and any Counterparty are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien, security interest in, or other encumbrances against the Debtors and the property of their

estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim or interest; (d) an implication or admission that any particular claim or interest is of a type specified or defined in the Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (f) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

9.     The requirements of Bankruptcy Rule 6004(a) are waived.

10.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

11.    The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ___, 2026
Houston, Texas

_____
**THE HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**

**EXHIBIT 1**

**Proposed Rejection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**[FIRST / SECOND / THIRD, ETC.] OMNIBUS NOTICE OF REJECTION OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

> **PARTIES RECEIVING THIS NOTICE SHOULD CAREFULLY REVIEW THIS NOTICE AND LOCATE THEIR NAME AND THEIR CONTRACT(S) ON <u>SCHEDULE A</u> ATTACHED HERETO, WHICH SETS FORTH THE CONTRACT(S) THAT THE DEBTORS PROPOSE TO REJECT AND THE PERSONAL PROPERTY (IF ANY) THE DEBTORS PROPOSE TO ABANDON IN CONNECTION THEREWITH.  This notice, including <u>Schedule A</u>, is also available, free of charge, on the Debtors' case website at https://restructuring.ra.kroll.com/bitcoindepot.  Counterparties may also contact the Debtors' claims and noticing agent to request a physical copy of <u>Schedule A</u> by email at BitcoinDepotInfo@ra.kroll.com or by telephone at (844) 339-4117 (Toll-Free U.S./Canada) or + 1 (332) 232-7827 (International).**

PLEASE TAKE NOTICE that, on May 17, 2026**,** the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") each commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*").

PLEASE TAKE FURTHER NOTICE that, on [●], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "*Court*") entered an order approving procedures for the rejection of the Debtors' executory contracts and unexpired leases (each, a "*Contract*" and collectively, the "*Contracts*") and the abandonment of property in connection therewith and granting related relief [Docket No. [●]] (the "*Rejection Procedures Order*").[2]

---

[1]   The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Rejection Procedures Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby provide notice (this "***Rejection Notice***") of their intent to: (a) reject the Contract(s) set forth on **Schedule A** attached hereto (the "***Rejection Schedule***"); and/or (b) abandon the personal property of the Debtors (if any) listed and described in the Rejection Schedule in connection with the rejection of such Contract(s), in each case effective as of the corresponding date set forth on the Rejection Schedule (the "***Rejection Date***"), or such other date as the Debtors and the applicable counterparty to any such Contract (the "***Counterparty***") may agree.

PLEASE TAKE FURTHER NOTICE that objections, if any, to this Rejection Notice (an "***Objection***") must be made in writing and filed and served so that such Objection is filed with the Court and actually received by the following parties no later than twenty-one days after the date of filing of this Rejection Notice (the "***Rejection Objection Deadline***"): (a) proposed counsel to the Debtors, Vinson & Elkins LLP, The Grace Building, 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036-7708, Attn: David S. Meyer and Jessica C. Peet, and 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman; (b) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen; (c) counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: Jim Vincequerra, Will Hao, and Paul Hespel; and (d) the official committee of unsecured creditors appointed in these Chapter 11 Cases and its counsel (collectively, the "***Objection Notice Parties***"). Each Objection must state, with specificity, the grounds of objection to the proposed Contract rejection or abandonment of any personal property.[3]

PLEASE TAKE FURTHER NOTICE that, if no Objection is timely filed and properly served by the Rejection Objection Deadline, the rejection of each Contract listed in the Rejection Schedule and/or abandonment of personal property in connection therewith (as applicable) shall be deemed effective automatically as of the Rejection Date set forth in the Rejection Schedule, without further notice, hearing, or order of this Court, or such other date as the Debtors and the applicable Counterparty may agree

PLEASE TAKE FURTHER NOTICE that if an Objection is timely filed and not withdrawn or resolved (an "***Unresolved Objection***"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at a hearing date subject to the Court's schedule, but in no event with less than seven days' notice. The parties may resolve the Unresolved Objection without further notice or Court approval in advance of the hearing. If the Unresolved Objection is overruled or withdrawn, the effective date of rejection and/or abandonment (as applicable) shall be (a) the Rejection Date; (b) such other date to which the Debtors and the Counterparty to the Unresolved Objection have agreed; or (c) such other date as determined by the Court.

PLEASE TAKE FURTHER NOTICE that pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited funds with Counterparty as a security deposit or

---

[3]   An objection to the rejection of any particular Contract listed in the Rejection Schedule, or to the abandonment of personal property in connection therewith, shall not constitute an objection to the rejection of any other Contract listed in the Rejection Schedule, or to the abandonment of any personal property in connection therewith.

2

other similar arrangement, such Counterparty may not set off, recoup, or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the Counterparty otherwise agree; *provided*, that the Debtors shall provide not less than two business days' notice to the professionals to the Objection Notice Parties prior to consenting to a setoff or recoupment with respect to any single deposit of more than $10,000.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, after the Debtors' personal property is deemed abandoned pursuant to the procedures set forth herein (if any), the applicable Counterparty may, in their sole discretion and without further order of the Court, utilize and/or dispose of such property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

**PLEASE TAKE FURTHER NOTICE** that claims arising out of the rejection of Contracts and/or abandonment of property in connection therewith, if any, must be filed on or before the later of: (a) the applicable deadline for filing proofs of claim established in these Chapter 11 Cases, and (b) thirty days after the effective Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and/or abandonment of property in connection therewith and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, the Debtors reserve the right to remove any Contract from the Rejection Schedule at any time prior to the earlier of (i) the Rejection Objection Deadline, or (ii) if an Objection has been filed, the hearing scheduled to address such Unresolved Objection.

*[Remainder of page intentionally left blank.]*

3

Dated: [\_\_\_], 2026
Houston, Texas

_/s/  Paul E. Heath_

**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Sara Zoglman (TX 24121600)
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
Email: pheath@velaw.com
      szoglman@velaw.com

-and-

David S. Meyer (_pro hac vice_ pending)
Jessica C. Peet (_pro hac vice_ pending)
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Tel:  212.237.0000
Fax:  212.237.0100
Email: dmeyer@velaw.com
      jpeet@velaw.com

_Proposed Counsel to the Debtors and Debtors
in Possession_

## Schedule A

### Rejected Contracts and Abandoned Property

| Debtor | Counterparty | Address | Contract Title | Rejection Date | Abandoned Property |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

*[The following statement may be included in a Rejection Notice
served by overnight mail in lieu of attaching the Rejection Schedule.]*

**IMPORTANT NOTICE REGARDING ONE OR MORE OF YOUR CONTRACTS:**

**You have been identified as a Counterparty to one or more executory contract or unexpired lease to which the Debtors are also a party. The Debtors intend to reject your Contract(s) pursuant to section 365 of the Bankruptcy Code.**

**Due to the size of the Rejection Schedule, it has been excluded from this Rejection Notice. The full Rejection Schedule identifying your Contract(s) and the proposed Rejection Date is attached as <u>Schedule A</u> to the Rejection Notice filed with the United States Bankruptcy Court for the Southern District of Texas at Docket No. [●], which is available, free of charge, on the Debtors' case website set forth below, by clicking on the "Rejection Notices" section of the website on the left-hand navigation panel. To request a physical copy of the Rejection Schedule, you may contact the Debtors' claims and noticing agent by email or telephone set forth below.**

**<u>Case Website</u>**
https://restructuring.ra.kroll.com/bitcoindepot

**<u>Email</u>**
BitcoinDepotInfo@ra.kroll.com

**<u>Telephone</u>**
**(**844) 339-4117 (Toll-Free U.S./Canada)
+ 1 (332) 232-7827 (International)

**YOU ARE STRONGLY ENCOURAGED TO CAREFULLY REVIEW THE REJECTION SCHEDULE PROMPTLY TO LOCATE YOUR NAME AND CONTRACT(S) AND TO UNDERSTAND YOUR RIGHTS AND THE APPLICABLE DEADLINES TO FILE AN OBJECTION.**