**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re:  Docket No. ___** |

**ORDER**
**(I) APPROVING**
**PROCEDURES TO**
**REJECT EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES;**
**(II) WAIVING BANKRUPTCY RULE 6006(F)(6);**
**(III) APPROVING ABANDONMENT OF PROPERTY**
**IN CONNECTION WITH REJECTION OF EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") (a) approving procedures to reject executory contracts and unexpired leases; (b) waiving the limitation set forth in Bankruptcy Rule 6006(f)(6); (c) approving abandonment of property in connection with rejection of executory contracts and unexpired leases; and (d) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and

---

[1]   The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after considering the Motion and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      The following Rejection Procedures are approved in connection with rejecting Contracts:

   a. Rejection Notice.  The Debtors shall file one or more sequentially numbered notices, substantially in the form attached as **Exhibit 1** to the Order (the "*Rejection Notice*"), to reject Contracts pursuant to section 365 of the Bankruptcy Code.  Each Rejection Notice shall include a schedule (the "*Rejection Schedule*") setting forth, among other things: (i) the Contract(s) to be rejected; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names (listed in alphabetical order) and addresses of the counterparties to such Contract(s) (each, a "*Counterparty*"); (iv) the proposed effective date of the rejection for such Contract(s) (the "*Rejection Date*"); and (v) if applicable, the location and summary description of personal property to be abandoned, if any (the "*Abandoned Property*").  The Rejection Notice shall also set forth the deadlines and procedures for filing objections (as set forth below).  For the avoidance of doubt, the Debtors may file and serve multiple Rejection Notices contemporaneously; *provided,* that no more than 1,000 Contracts are included on each corresponding Rejection Schedule.

   b. Service of Rejection Notices.  The Debtors will cause each Rejection Notice to be served via electronic mail or overnight mail upon: (i) each relevant Counterparty at the notice address provided in the applicable Contract (and upon such Counterparty's counsel, if known); (ii) all parties who may have any interest in any Abandoned Property (if known); (iii) the office of the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*"); (iv) Alston & Bird LLP, as counsel to the Term Loan Agent; (v) NFS Capital,

as equipment financing party; and (vi) Willkie Farr & Gallagher LLP, as proposed counsel to the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "***Committee***") (collectively, the "***Rejection Notice Parties***").  Notwithstanding the foregoing, with respect to any Rejection Notice served by overnight mail, the Debtors may, in lieu of attaching the Rejection Schedule, include a statement directing the relevant Counterparty to the Debtors' case website at https://restructuring.ra.kroll.com/bitcoindepot to access the Rejection Schedule or advising that such Counterparty may contact the Debtors' claims and noticing agent to request a physical copy of the Rejection Schedule.[3]

c.  Objection Procedures.   Parties objecting to a proposed rejection or abandonment must file and serve a written objection (an "***Objection***") so that the Objection is filed with the Court and is actually received by (i) proposed counsel to the Debtors, Vinson & Elkins LLP, The Grace Building, 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036-7708, Attn: David S. Meyer and Jessica C. Peet, and 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman; (ii) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen; (iii) counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: Jim Vincequerra, Will Hao, and Paul Hespel; (iv) NFS Capital, 900 Cummings Center, Suite 226-U Beverly, MA 01915,  Attn: David Braun; and (v) proposed counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Brett Miller, Paul Labov, and James Burbage (collectively, the "***Objection Notice Parties***") no later than twenty-one days after the date the Debtors file and serve the relevant Rejection Notice (the "***Rejection Objection Deadline***").   Each Objection must state, with specificity, the grounds for objection to the proposed Contract rejection or any abandonment of personal property.

d.  No Objection Timely Filed.  If no Objection is timely filed and properly served by the Rejection Objection Deadline, the rejection of each Contract listed in the Rejection Schedule and/or abandonment of personal property in connection therewith (as applicable) shall be deemed effective automatically as of the Rejection Date set forth in the Rejection Schedule, without further notice, hearing, or order of this Court, or such other date as the Debtors and the applicable Counterparty may agree.

e.  Unresolved Timely Objections.  If an Objection is timely filed and properly served and not withdrawn or resolved (an "***Unresolved Objection***"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at a hearing date subject to the Court's schedule, but in no event with less than seven days' notice.  The parties may resolve the Unresolved Objection

---

[3]  Such requests may be made by email to BitcoinDepotInfo@ra.kroll.com or by telephone at (844) 339-4117 (Toll-Free U.S./Canada) or + 1 (332) 232-7827 (International).

without further notice or Court approval in advance of the hearing.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection and/or abandonment (as applicable) shall be (i) the Rejection Date; (ii) such other date to which the Debtors and the party to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.

f.  No Application of Security Deposits.  If the Debtors have deposited funds with a Counterparty as a security deposit or other similar arrangement, such Counterparty may not set off, recoup, or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the Counterparty otherwise agree; *provided*, that the Debtors shall provide not less than two business days' notice to the Objection Notice Parties and shall consult with the Committee prior to consenting to a setoff or recoupment with respect to any single deposit of more than $10,000.

g.  Abandoned Property.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon, in consultation with the Committee, at their option, any of the Debtors' personal property in connection with a rejected Contract that is: (i) of minimal or no material value or benefit to the Debtors' estates and/or (ii) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.  The Debtors shall generally describe the Abandoned Property in the Rejection Schedule and their intent to abandon such property.  The Abandoned Property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, as set forth in subsections (d) and (e) above, as applicable.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Counterparty may, in their sole discretion and without further order of this Court, utilize and/or dispose of such Abandoned Property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.  Proofs of Claim.  Claims arising out of the rejection of Contracts and/or abandonment of property in connection therewith, if any, must be filed on or before the later of: (i) the applicable deadline for filing proofs of claim established in these Chapter 11 Cases, and (ii) thirty days after the effective date of rejection.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and/or abandonment of property and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

i.  Removal from Schedule.  The Debtors reserve the right, in consultation with the Committee, to remove any Contract from any Rejection Schedule at any time prior to the earlier of (i) the Rejection Objection Deadline, or (ii) if an Objection has been filed, the hearing scheduled to address such Unresolved Objection.  The Debtors shall file an amended Rejection Notice following any such removal.

4

2.      The limitation set forth in Bankruptcy Rule 6006(f)(6) is waived.  The Debtors are authorized to file Rejection Notices containing up to 1,000 Contracts per corresponding Rejection Schedule.

3.      The form of Rejection Notice attached hereto as **<u>Exhibit 1</u>** is approved.

4.      For the avoidance of doubt and subject to Paragraphs 1(d), 1(e), and 1(i) herein, the Debtors shall be authorized to establish a Rejection Date of June 3, 2026, to apply to any Contracts set forth on any Rejection Notices filed by the Debtors within one business day following entry of this Order.

5.      Nothing herein shall be construed as a concession or evidence that a Contract has expired, been terminated, or is otherwise not currently in full force and effect.  The Debtors' rights with respect thereto are reserved, including the Debtors' rights to seek a later determination of such matters and to dispute the validity, status, characterization, or enforceability of such Contract and any claims related thereto, as are any Counterparty's defenses to such assertions.  The Debtors do not waive any claims they may have against any Counterparty, regardless of whether such claims relate to the Contract(s) between any of the Debtors and such Counterparty.

6.      Approval of this Order shall not prevent the Debtors from seeking to assume or reject an executory contract and/or unexpired lease by separate motion or pursuant to a chapter 11 plan.

7.      All rights and defenses of the Debtors and any Counterparty are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to

subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease.

8.     Notwithstanding anything to the contrary herein, the abandonment of any property pursuant to this Order shall not impair, release, modify, waive, extinguish, or otherwise affect any lien, security interest, or other encumbrance of the Term Loan Secured Parties, all of which shall continue in the abandoned property with the same force and effect as existed prior to such abandonment.

9.     With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, the automatic stay is modified, effective as of the Rejection Date, to allow any third party (including but not limited to Counterparties) to recover and to dispose of the Abandoned Property without notice or liability to the Debtors or their estates and without further notice or order of the Court. If any such personal property remains at the applicable retail location after the Rejection Date, the Counterparty may dispose of any and all such property as set forth in the Rejection Procedures.

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.    Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien, security interest in, or other encumbrances against the Debtors and the property of their estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim or interest; (d) an implication or admission that any particular claim or interest is of a type

6

specified or defined in the Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (f) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12. The requirements of Bankruptcy Rule 6004(a) are waived.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

14. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ___, 2026
Houston, Texas

_____
**THE HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**

## EXHIBIT 1

**Proposed Rejection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**[FIRST / SECOND / THIRD, ETC.] OMNIBUS NOTICE OF REJECTION OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

> **PARTIES RECEIVING THIS NOTICE SHOULD CAREFULLY REVIEW THIS NOTICE AND LOCATE THEIR NAME AND THEIR CONTRACT(S) ON <u>SCHEDULE A</u> ATTACHED HERETO, WHICH SETS FORTH THE CONTRACT(S) THAT THE DEBTORS PROPOSE TO REJECT AND THE PERSONAL PROPERTY (IF ANY) THE DEBTORS PROPOSE TO ABANDON IN CONNECTION THEREWITH.  This notice, including <u>Schedule A</u>, is also available, free of charge, on the Debtors' case website at https://restructuring.ra.kroll.com/bitcoindepot.  Counterparties may also contact the Debtors' claims and noticing agent to request a physical copy of <u>Schedule A</u> by email at BitcoinDepotInfo@ra.kroll.com or by telephone at (844) 339-4117 (Toll-Free U.S./Canada) or + 1 (332) 232-7827 (International).**

PLEASE TAKE NOTICE that, on May 17, 2026**,** the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") each commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***").

PLEASE TAKE FURTHER NOTICE that, on [●], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") entered an order approving procedures for the rejection of the Debtors' executory contracts and unexpired leases (each, a "***Contract***" and collectively, the "***Contracts***") and the abandonment of property in connection therewith and granting related relief [Docket No. [●]] (the "***Rejection Procedures Order***").[2]

---

[1]  The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Rejection Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby provide notice (this "***Rejection Notice***") of their intent to: (a) reject the Contract(s) set forth on **Schedule A** attached hereto (the "***Rejection Schedule***"); and/or (b) abandon the personal property of the Debtors (if any) listed and described in the Rejection Schedule in connection with the rejection of such Contract(s), in each case effective as of the corresponding date set forth on the Rejection Schedule (the "***Rejection Date***"), or such other date as the Debtors and the applicable counterparty to any such Contract (the "***Counterparty***") may agree.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Rejection Notice (an "***Objection***") must be made in writing and filed and served so that such Objection is filed with the Court and actually received by the following parties no later than twenty-one days after the date of filing of this Rejection Notice (the "***Rejection Objection Deadline***"): (a) proposed counsel to the Debtors, Vinson & Elkins LLP, The Grace Building, 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036-7708, Attn: David S. Meyer and Jessica C. Peet, and 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman; (b) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen; (c) counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: Jim Vincequerra, Will Hao, and Paul Hespel; (d) NFS Capital, 900 Cummings Center, Suite 226-U Beverly, MA 01915, Attn: David Braun; and (e) proposed counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Brett Miller, Paul Labov, and James Burbage (collectively, the "***Objection Notice Parties***").  Each Objection must state, with specificity, the grounds of objection to the proposed Contract rejection or abandonment of any personal property.[3]

**PLEASE TAKE FURTHER NOTICE** that, if no Objection is timely filed and properly served by the Rejection Objection Deadline, the rejection of each Contract listed in the Rejection Schedule and/or abandonment of personal property in connection therewith (as applicable) shall be deemed effective automatically as of the Rejection Date set forth in the Rejection Schedule, without further notice, hearing, or order of this Court, or such other date as the Debtors and the applicable Counterparty may agree

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely filed and not withdrawn or resolved (an "***Unresolved Objection***"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at a hearing date subject to the Court's schedule, but in no event with less than seven days' notice.  The parties may resolve the Unresolved Objection without further notice or Court approval in advance of the hearing.  If the Unresolved Objection is overruled or withdrawn, the effective date of rejection and/or abandonment (as applicable) shall be (a) the Rejection Date; (b) such other date to which the Debtors and the Counterparty to the Unresolved Objection have agreed; or (c) such other date as determined by the Court.

---

[3]   An objection to the rejection of any particular Contract listed in the Rejection Schedule, or to the abandonment of personal property in connection therewith, shall not constitute an objection to the rejection of any other Contract listed in the Rejection Schedule, or to the abandonment of any personal property in connection therewith.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited funds with Counterparty as a security deposit or other similar arrangement, such Counterparty may not set off, recoup, or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the Counterparty otherwise agree; *provided*, that the Debtors shall provide not less than two business days' notice to the professionals to the Objection Notice Parties and shall consult with the Committee prior to consenting to a setoff or recoupment with respect to any single deposit of more than $10,000.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, after the Debtors' personal property is deemed abandoned pursuant to the procedures set forth herein (if any), the applicable Counterparty may, in their sole discretion and without further order of the Court, utilize and/or dispose of such property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

**PLEASE TAKE FURTHER NOTICE** that claims arising out of the rejection of Contracts and/or abandonment of property in connection therewith, if any, must be filed on or before the later of: (a) the applicable deadline for filing proofs of claim established in these Chapter 11 Cases, and (b) thirty days after the effective Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and/or abandonment of property in connection therewith and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection Procedures Order, the Debtors reserve the right, in consultation with the Committee, to remove any Contract from the Rejection Schedule at any time prior to the earlier of (i) the Rejection Objection Deadline, or (ii) if an Objection has been filed, the hearing scheduled to address such Unresolved Objection. The Debtors shall file an amended Rejection Notice following any such removal.

*[Remainder of page intentionally left blank.]*

3

Dated: [____], 2026
Houston, Texas

*/s/  Paul E. Heath*
**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Sara Zoglman (TX 24121600)
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
Email: pheath@velaw.com
        szoglman@velaw.com

-and-

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Tel:  212.237.0000
Fax:  212.237.0100
Email: dmeyer@velaw.com
        jpeet@velaw.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

## Schedule A

### Rejected Contracts and Abandoned Property

| Debtor | Counterparty | Address | Contract Title | Rejection Date | Abandoned Property |
|--------|--------------|---------|----------------|----------------|--------------------|
|        |              |         |                |                |                    |

*[The following statement may be included in a Rejection Notice
served by overnight mail in lieu of attaching the Rejection Schedule.]*

**IMPORTANT NOTICE REGARDING ONE OR MORE OF YOUR CONTRACTS:**

**You have been identified as a Counterparty to one or more executory contract or unexpired lease to which the Debtors are also a party.  The Debtors intend to reject your Contract(s) pursuant to section 365 of the Bankruptcy Code.**

**Due to the size of the Rejection Schedule, it has been excluded from this Rejection Notice. The full Rejection Schedule identifying your Contract(s) and the proposed Rejection Date is attached as <u>Schedule A</u> to the Rejection Notice filed with the United States Bankruptcy Court for the Southern District of Texas at Docket No. [●], which is available, free of charge, on the Debtors' case website set forth below, by clicking on the "Rejection Notices" section of the website on the left-hand navigation panel.  To request a physical copy of the Rejection Schedule, you may contact the Debtors' claims and noticing agent by email or telephone set forth below.**

**<u>Case Website</u>**
https://restructuring.ra.kroll.com/bitcoindepot

**<u>Email</u>**
BitcoinDepotInfo@ra.kroll.com

**<u>Telephone</u>**
**(**844) 339-4117 (Toll-Free U.S./Canada)
+ 1 (332) 232-7827 (International)

**YOU ARE STRONGLY ENCOURAGED TO CAREFULLY REVIEW THE REJECTION SCHEDULE PROMPTLY TO LOCATE YOUR NAME AND CONTRACT(S) AND TO UNDERSTAND YOUR RIGHTS AND THE APPLICABLE DEADLINES TO FILE AN OBJECTION.**