**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) SCHEDULING A
COMBINED HEARING; (II) ESTABLISHING
OBJECTION DEADLINES; (III) APPROVING
THE SOLICITATION MATERIALS AND TABULATION
PROCEDURES; (IV) CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND PLAN; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") (a) scheduling a Combined Hearing, (b) establishing objection deadlines, (c) approving the Solicitation Materials and Tabulation Procedures, (d) conditionally approving the Combined Disclosure Statement and Plan, and (e) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Combined Disclosure Statement and Plan, as applicable.

28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is critical to facilitate the Debtors' prompt emergence from these Chapter 11 Cases for the benefit of all stakeholders; and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective Estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      The Combined Hearing, at which time the Court will consider, among other things, the adequacy and confirmation of the Combined Disclosure Statement and Plan, will be held **virtually by video conference** before the Honorable Judge Christopher M. Lopez, United States Bankruptcy Judge, on **_____, 2026 at __:__ _.m. (Central Time)**.  The Combined Hearing may be adjourned from time to time, subject to the terms of the Combined Disclosure Statement and Plan, without further notice other than an announcement of the adjourned date(s) in open court, at the Combined Hearing, or by an appropriate filing with the Court, and notice of such adjourned date(s) will be available on the Solicitation Agent's website: https://restructuring.ra.kroll.com/bitcoindepot.

2.      Any objections to the approval or confirmation of the Combined Disclosure Statement and Plan must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; (d) state with particularity the legal and factual basis

2

for such objections, and, if practicable, a proposed modification to the Combined Disclosure Statement and Plan that would resolve such objections; and (e) be filed with the Court with proof of service, so as to be received **no later than 5:00 p.m. (Central Time) on July 23, 2026**. Objections must be served on:

    a. proposed counsel to the Debtors, Vinson & Elkins LLP, 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman and 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036 Attn: David S. Meyer and Jessica C. Peet;

    b. counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: James Vincequerra;

    c. the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen;

    d. counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: James H. Burbage and Emma Kari; and

    e. those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

3. Objections, if any, not timely filed and served in the manner set forth above may, in the Court's discretion, not be considered and may be overruled.

4. The following additional dates and deadlines related to the solicitation of votes on the Combined Disclosure Statement and Plan are approved as set forth below:

3

| Event | Date |
|---|---|
| Voting Record Date[3] | June 22, 2026 |
| Notice Date[4] | Within one (1) business day following entry of the Order (or as soon as practicable thereafter) |
| Solicitation Mailing Deadline and Deadline to Mail the Notice of Non-Voting Status | Within three (3) business days of entry of the Order (or as soon as practicable thereafter) |
| Publication Deadline | Within five (5) business days following entry of the Order (or as soon as practicable thereafter) |
| Plan Supplement Filing Deadline | July 16, 2026 |
| Voting Deadline[5] and Objection Deadline | July 23, 2026 at 5:00 p.m. (Central Time) |
| Reply Deadline | July 28, 2026 at 5:00 p.m. (Central Time) |
| Deadline to File the Voting Report | July 28, 2026 |
| Combined Hearing Date | July 30, 2026 (subject to Court availability) |

5.      The Solicitation Materials and Tabulation Procedures satisfy the requirements of the Bankruptcy Code and Bankruptcy Rules and are approved.  The ballots, substantially in the form attached to the Motion as **Exhibit B**, **Exhibit C**, and **Exhibit D** are approved in all respects. The forms of the Notice of Non-Voting Status and the Combined Hearing Notice, attached to the Motion as **Exhibit E** and **Exhibit F**, respectively, are approved in all respects and shall be deemed good and sufficient notice of these Chapter 11 Cases, the Combined Hearing, the Objection Deadline, and the procedures for objecting to the adequacy and/or confirmation of the Combined Disclosure Statement and Plan and, with respect to Holders of Claims in Classes 1 and 2, opting

---

[3]   The "*Voting Record Date*" is the date as of which a holder of record of a claim entitled to vote on the Combined Disclosure Statement and Plan must have held such claim to cast a vote to accept or reject the Combined Disclosure Statement and Plan.

[4]   The "*Notice Date*" is the date by which the Combined Hearing Notice (as defined below) will be served upon the Debtors' creditor matrix and all interest holders of record as of the Voting Record Date to provide notice of the Combined Hearing.

[5]   The "*Voting Deadline*" is the deadline by which the Solicitation Agent must have received the ballots of the Voting Classes (as described below) to be properly counted.

4

out of the releases in Article IX of the Combined Disclosure Statement and Plan, and service thereof complies with the requirements of the Bankruptcy Code and the Bankruptcy Rules and is approved.

6. The Court conditionally approves the Combined Disclosure Statement and Plan as containing adequate information as required by section 1125 of the Bankruptcy Code without prejudice to any party in interest objecting to the Combined Disclosure Statement and Plan at the Combined Hearing; provided, that any party in interest who has not (a) notified the Debtors of its intention to object to the Combined Disclosure Statement and Plan on the basis that it does not include adequate information prior to the Voting Deadline, (b) provided the Debtors with a written request for additional information that would cure such objection, and (c) provided sufficient opportunity for the Debtors to cure such objection or provide such information, shall be deemed to have waived such objection to the Combined Disclosure Statement and Plan.

7. The Solicitation Materials and Tabulation Procedures set forth in the Motion are approved as set forth herein.

8. Solely for the purpose of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a Claim, each Claim within a Voting Class shall be temporarily allowed in an amount equal to (i) the amount asserted in a timely filed Proof of Claim, or, if no timely Proof of Claim has been filed, (ii) the liquidated, non-contingent, undisputed amount of such Claim set forth in the Schedules, subject to the following exceptions:

   a. If a Claim is deemed Allowed pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan.

   b. If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court.

c.  If an objection to, or request for estimation of, a Claim has been filed by the Voting Deadline, such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided* if the claimant files a response thereto, the matter shall be resolved by the Court.

d.  If the voting amount of a Claim has been established by a stipulation, settlement, or other agreement filed by the Debtors on or before the Voting Deadline, such Claim shall be allowed for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, in the stipulation, settled, or otherwise agreed-to amount.

e.  If a Claim was listed in the Debtors' filed Schedules in an amount that is liquidated, non-contingent, and undisputed, and a Proof of Claim was not filed by the Voting Record Date, such Claim is allowed for voting in the liquidated, non-contingent, undisputed amount set forth in the Debtors' filed Schedules.

f.  If a Claim, for which a Proof of Claim was timely filed, is listed as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution.

g.  If a Claim, for which a Proof of Claim was timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Debtors and/or Solicitation Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

h.  Claims filed for $0.00 are not entitled to vote.

i.  If a Claim, for which a Proof of Claim has not been timely filed and/or as to which the applicable Claims filing deadline has not passed, and which is listed in the Debtors' filed Schedules as wholly unknown, contingent, and/or disputed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

j.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

k.  Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

l.  If a Claim has been amended by a later-filed Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to a Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

m.  For the avoidance of doubt, a Holder shall only be entitled to vote on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date, or by such later date as provided for in the Solicitation Materials and Tabulation Procedures, or as directed by the Court.

9.  If, before the filing of the final Voting Report, the Debtors and the Holder of the Claim reach an agreement to alter the amount of the voting Claim or the classification of the voting Claim for tabulation purposes, the Solicitation Agent is authorized to rely on such an agreement and tabulate the votes accordingly.  Such agreement shall be memorialized in an email or other correspondence sent from the Debtors to the Solicitation Agent copying the Holder whose Claim is being tabulated, and the Solicitation Agent shall memorialize the existence of such agreement in its Voting Report.  The Debtors shall be permitted to file a supplemental Voting Report prior to the Combined Hearing to permit ballots received after the Voting Deadline to be included on account of claims timely filed by the July 16, 2026 General Bar Date established in these Chapter 11 Cases.

10.  With respect to the Term Loan Claims in Class 3, to the extent applicable, the amount of such Claims for voting purposes only will be established based on the amounts of the applicable positions held by each Holder, as of the Voting Record Date, as evidenced by (a) the Debtors' books and records or (b) the applicable books and records maintained by the Term Loan Agent, which will be provided to the Debtors or the Solicitation Agent in electronic Microsoft Excel format no later than one (1) Business Day following the entry of this Order.

11.     Notwithstanding any provision to the contrary contained herein, with respect to Equipment Financing Agreement Claims in Class 4, the Claim amounts for voting purposes only shall be established based on the amounts of the applicable positions held by each claimant, as of the Voting Record Date, as evidenced by the applicable books and records maintained by the Debtors, and/or the applicable equipment financing counterparty, with the register therefor provided, pursuant to the Court's direction, to the Solicitation Agent in electronic Microsoft Excel, or similar electronic, format within one (1) Business Day following the entry of this Order.

12.     Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien, security interest in, or other encumbrances against the Debtors and the property of their estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim or interest; (d) an implication or admission that any particular claim or interest is of a type specified or defined in the Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13.     The Term Loan Agent is hereby authorized and directed to provide a register of individual Holders of the Class 3 Term Loan Claims, including the Claim amount for voting

8

purposes only and mailing and/or email addresses for each such Holder, as of the Voting Record Date, directly to the Solicitation Agent in Microsoft Excel or similar electronic format no later than one Business Day after entry of this Order.

14.     All time periods set forth in this Order shall be deemed to meet the statutory requirements or are hereby altered in accordance with Bankruptcy Rule 9006(a).

15.     The Debtors are authorized to take or refrain from taking all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion without seeking further order from the Court.

16.     Notwithstanding anything in the Bankruptcy Code or the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.     The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2026
Houston, Texas

_____
**THE HONORABLE CHRISTOPHER M. LOPEZ**
**UNITED STATES BANKRUPTCY JUDGE**

9

## EXHIBIT 1

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF (A) COMBINED
HEARING TO CONSIDER FINAL
APPROVAL OF AND CONFIRMATION OF
THE COMBINED DISCLOSURE STATEMENT AND
PLAN, (B) DEADLINE FOR FILING OBJECTIONS TO FINAL
APPROVAL AND CONFIRMATION OF THE COMBINED DISCLOSURE
STATEMENT AND PLAN, AND (C) OTHER RELEVANT INFORMATION**

**PLEASE TAKE NOTICE THAT** on June 18, 2026, Bitcoin Depot Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "***Debtors***") in the above-captioned cases, filed the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (as may be modified, amended, or supplemented, the "***Combined Disclosure Statement and Plan***") [Docket No. [•]] pursuant to sections 1125 and 1126(b) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***").  On [•], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") entered an order [Docket No. [•]] (the "***Disclosure Statement Order***"): (a) scheduling a combined hearing (the "***Combined Hearing***") to consider approval and confirmation of the Combined Disclosure Statement and Plan; (b) setting a deadline by which parties must file objections to the adequacy of the Disclosure Statement and the confirmation of the Plan (the "***Objection Deadline***")[2] and a deadline for the Debtors to reply thereto and file a brief in support of approval and confirmation of the Combined Disclosure Statement and Plan (the "***Reply Deadline***"); (c) approving the form of the Solicitation Materials and Tabulation Procedures, including the forms of ballots; (d) conditionally approving the Combined Disclosure Statement and Plan; and (e) granting related relief.  Copies of the Combined Disclosure Statement and Plan may be obtained free of charge by visiting the website maintained by the Debtors' claims, noticing and solicitation agent, Kroll Restructuring Administration LLC (the "***Solicitation Agent***"), at https://restructuring.ra.kroll.com/bitcoindepot.

---

[1]   The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2]   The Objection Deadline shall also be the deadline for Holders of Claims in Classes 1 and 2 to return their completed Opt-Out Forms, which will be included in the Notice of Non-Voting Status (each as defined below).

Copies of the Combined Disclosure Statement and Plan may also be obtained by calling the Solicitation Agent at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll).

**PLEASE TAKE FURTHER NOTICE THAT** the Combined Hearing will commence on **[•], 2026, at [•]:[•] [•].m. (prevailing Central Time)** before The Honorable Christopher M. Lopez, United States Bankruptcy Judge, in Courtroom 402, Floor 4 of the United States Bankruptcy Court, 515 Rusk Street, Houston, Texas 77002, or as soon thereafter as counsel may be heard.

### Critical Information Regarding Voting on the Plan

Within three (3) business days after entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter (the "***Solicitation Mailing Deadline***"), the Debtors will complete the initial mailing of the solicitation packages to solicit votes to accept or reject the Plan from the Holders of Claims in Class 3, Class 4, and Class 5, each of record as of June 22, 2026, (the "***Voting Record Date***").  **The deadline for the submission of votes to accept or reject the Plan is at 5:00 p.m. (prevailing Central Time) on July 23, 2026, unless such time is extended by the Debtors.**

### Critical Information Regarding Objecting to the Plan or Disclosure Statement

Any objections to confirmation of the Plan and the adequacy of the Disclosure Statement on a final basis must a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Combined Disclosure Statement and Plan that would resolve such objections; and (e) be filed with the Court with proof of service, so as to be received **no later than the Objection Deadline**.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.  IF THE PLAN IS CONFIRMED BY THE COURT, IT WILL BE BINDING ON THE DEBTORS, ANY AND ALL HOLDERS OF CLAIMS OR INTERESTS (REGARDLESS OF WHETHER THEIR CLAIMS OR INTERESTS ARE DEEMED TO HAVE ACCEPTED OR REJECTED THE PLAN), ALL ENTITIES THAT ARE PARTIES TO OR ARE SUBJECT TO THE SETTLEMENTS, COMPROMISES, RELEASES, DISCHARGES, AND INJUNCTIONS DESCRIBED IN THE PLAN OR THE CONFIRMATION ORDER, EACH ENTITY ACQUIRING PROPERTY UNDER THE PLAN OR THE CONFIRMATION ORDER, AND ANY AND ALL NON-DEBTOR PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES WITH THE DEBTORS.**

3

**<u>Important Information Regarding Discharges, Injunctions, Exculpations, and Releases</u>**

**If you do not opt out of granting the releases set forth in the Plan, you shall be deemed to have consented to the releases contained in Article IX.C of the Plan.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**