United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 25, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No. 306** |

**ORDER (I) ESTABLISHING
BAR DATES AND PROCEDURES;
(II) APPROVING THE FORM AND MANNER OF
NOTICE THEREOF; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") (a) establishing bar dates and procedures; (b) approving the form and manner of notice thereof; and (c) granting related relief , all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003; and the Court having found that the relief requested in

---

[1]    The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after considering the Motion and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The General Bar Date shall be fixed as **July 21, 2026 at 5:00 p.m. (prevailing Central Time)**.

2. The Governmental Bar Date shall be fixed as **November 23, 2026 at 5:00 p.m. (prevailing Central Time)**.

3. The Amended Schedules Bar Date shall be fixed as the **later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Central Time), on the date that is 21 days from the date on which the Debtors provide notice of the previously unfiled Schedule or Statement or amendment or supplement to the Schedules and Statements**.

4. The Rejection Damages Bar Date shall be fixed as the **later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Central Time) on the date that is 30 days after the effective date of rejection of any executory contracts or unexpired leases of the Debtors and/or abandonment of property in connection therewith**.[3]

---

[3] To the extent any executory contract or unexpired lease is rejected pursuant to the terms of any Plan, the order confirming the Plan may provide a separate bar date as the deadline on or before which claimants holding claims for damages arising from such rejection must file proofs of claim with respect to such rejection.

5.      The forms of the Bar Dates Notice, the Proof of Claim Form, the Publication Notice, and the manner of providing notice of the Bar Dates proposed in the Motion are approved in all respects.  The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules.

6.      Subject to terms described in this Order for holders of claims subject to the Governmental Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

a.      any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed in such Schedules as "contingent," "unliquidated," or "disputed," if such person or entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

b.      any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.      any person or entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.      any person or entity that believes that its claim (or a portion of its claim) against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

7.      The following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim in these Chapter 11 Cases:

a.      The U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any person or entity that has already filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Kroll, the Debtors' claims and noticing agent, in a form substantially similar to Official Form 410;

c.      any person or entity whose claim is listed on the Schedules if:  (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not

3

dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.    any person or entity whose claim has previously been allowed by order of the Court on or before the applicable Bar Date;

e.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f.    any Debtor having a claim against another Debtor;

g.    any person or entity whose claim is based on an equity interest in any of the Debtors;

h.    any current officer or director of any of the Debtors for claims based on indemnification, contribution, or reimbursement;

i.    any person or entity holding a claim for which a separate deadline is fixed by this Court;

j.    any person or entity holding a claim allowable under sections 503(b) or 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided, however*, that any person or entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a proof of claim on or prior to the General Bar Date;

k.    any claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided however, that any current or former employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

l.    any claim held by any person or entity solely against a non-Debtor entity; and

m.    professionals retained by the Debtors or the Committee.

8.    Parties asserting claims against the Debtors that accrued before the Petition Date must use a proof of claim form (the "***Proof of Claim Form***") substantially in the form attached as **Exhibit C** to the Motion.

9.    The following procedures for the filing of a proof of claim shall apply:

a.    Each proof of claim must be filed so that it is postmarked on or before the applicable Bar Dates either (i) electronically through Kroll's website, using the interface available on such website located at

4

https://restructuring.ra.kroll.com/bitcoindepot (the "*Electronic Filing System*"), (ii) by delivering the original Proof of Claim Form by first-class mail to:

> Bitcoin Depot Inc.
> Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> Grand Central Station, PO Box 4850
> New York, NY 10163-4850

(iii) by delivering the original Proof of Claim Form by hand delivery or overnight mail to:

> Bitcoin Depot Inc. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

or (iv) in a manner that is otherwise acceptable to the Debtors in consultation with the Committee.

b.   A proof of claim will be deemed filed when marked by the U.S. Postal Service as received for mailing.

c.   Proofs of claim may not be delivered via facsimile or electronic mail transmission (the Electronic Filing System not being considered electronic mail transmission). Any facsimile or electronic mail submissions **will not be accepted** and will not be considered properly or timely filed for any purpose in these Chapter 11 Cases.

d.   Proofs of claim will be collected, docketed, and maintained by Kroll.

e.   All proofs of claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The Proof of Claim Form must be completed in English and be denominated in United States currency. Claimants should set forth with specificity the legal and factual basis for the alleged claim and attach to the completed Proof of Claim Form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

f.   Any person or entity asserting claims against multiple Debtors must file a separate proof of claim with respect to each Debtor. In addition, any person or entity filing a proof of claim must identify on its Proof of Claim Form the particular Debtor against which the entity asserts its claim. Any proof of claim filed under the Debtors' joint administration case number, or that otherwise fails to identify a Debtor shall be deemed as filed only against Bitcoin Depot Inc. If an entity lists more than one Debtor on any one proof of claim, the relevant claims will be treated as filed only against the first listed Debtor.

10. Any person or entity holding an interest or a security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "**Interest Holder**"), need not file a proof of interest on or before the General Bar Date; *provided*, *however,* Interest Holders who desire to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including claims arising out of or relating to the sale, issuance, or distribution of such equity security or other ownership interest, must file a proof of claim by the applicable Bar Date, unless another exception identified in this Order applies.

11. Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a proof of claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to (a) such claim for purposes of voting upon any plan in these Chapter 11 Cases and (b) distribution from property of the Debtors' estates.

12. The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules and Statements.

13. Notwithstanding anything to the contrary herein, the Debtors, in consultation with the Committee, may direct Kroll to accept a Proof of Claim received after the Bar Dates; provided

that nothing herein shall prejudice the Debtors' or any other party in interest's right to object to such Proof of Claim.

14. As soon as practicable, but no later than three business days after entry of this Order, the Debtors, through Kroll or otherwise, shall serve the Bar Dates Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form, substantially in the forms attached to the Motion as **Exhibit B** and **Exhibit C**, respectively, by first-class mail, postage prepaid, on: (a) all holders of claims or potential claims listed in the Debtors' Schedules; (b) the U.S. Trustee; (c) Willkie Farr & Gallagher LLP, as proposed counsel to the Committee appointed in these Chapter 11 Cases; (d) all parties that have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Order; (e) all known creditors and other known holders of potential claims against any of the Debtors; (f) all counterparties to executory contracts and unexpired leases of the Debtors listed in the Schedules or their designated representatives; (g) all parties to pending litigation with the Debtors; (h) all current and former employees of the Debtors (to the extent that contact information for former employees is available in the Debtors' records); (i) the Internal Revenue Service and all other taxing authorities for the jurisdictions in which the Debtors conduct business; (j) all relevant state attorneys general; (k) all identified registered holders of any Interests in any of the Debtors as of the Petition Date (although copies of the Proof of Claim Form will not be provided to them); (l) all other entities listed on the Debtors' respective creditor matrices; and (m) counsel to any of the foregoing, if known.

15. The Debtors shall post the Bar Date Notice and Proof of Claim Form on Kroll's website at https://restructuring.ra.kroll.com/bitcoindepot.

16. As soon as practicable, but no later than three business days after entry of this Order, the Debtors, through Kroll or otherwise, shall serve the Bar Date Notice and a link to Kroll's

website at https://restructuring.ra.kroll.com/bitcoindepot, by email to current and former customers to the email address listed in the Debtors' records.

17.     The Debtors shall also post the Bar Date Notice and a link to Kroll's website at https://restructuring.ra.kroll.com/bitcoindepot to the Debtors' social media channels.

18.     After the initial mailing of the Bar Dates Notice Package, the Debtors may, in their sole discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) certain parties acting on behalf of parties in interest decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants or parties in interest become known as the result of the Bar Date noticing process or the Schedules and Statements filing process.  In this regard, the Debtors are permitted to make supplemental mailings of the Bar Dates Notice Package in these and similar circumstances at any time up to 10 days in advance of the applicable Bar Date, with any such mailings deemed timely and such Bar Date being applicable to the recipient creditors.

19.     Pursuant to Bankruptcy Rules 2002(l) and 9008, the Debtors shall publish the Publication Notice in *The New York Times* and *The Globe & Mail* as a means to provide notice of the Bar Dates to unknown potential claimants.  The Debtors will cause such publication to occur as soon as reasonably practicable after entry of the Bar Date Order, but in no event later than 21 days before the General Bar Date.

20.     The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

---

[4]     To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors request that they not be required to mail additional notices to such creditors.

21.     Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien, security interest in, or other encumbrances against the Debtors and the property of their estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim or interest; (d) an implication or admission that any particular claim or interest is of a type specified or defined in the Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

22.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims not subject to the Bar Dates established herein must file such claims against the Debtor or be forever barred from so doing.

23.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

24.     The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  June 25, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

9

**EXHIBIT B**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | (Emergency Hearing Requested) |
| | ) | |

### NOTICE OF DEADLINES FOR FILING PROOF OF CLAIM

**TO ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST THE ABOVE-CAPTIONED DEBTORS:**

On May 17, 2026 (the "***Petition Date***"), Bitcoin Depot Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***") filed voluntary cases under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Court***").  Set forth below are the name, case number, and last four digits of the federal tax identification number for each of the Debtors:

| Debtor | Case Number | EIN # (Last 4 Digits) |
|---|---|---|
| Express Vending Inc. | 26–90526 | N/A |
| Bitcoin Depot Operating LLC | 26–90527 | 3586 |
| Bitcoin Depot Inc. | 26–90528 | 9029 |
| BCD Merger Sub LLC | 26–90529 | N/A |
| BT Holdco LLC | 26–90530 | 1549 |
| BTM International Holdings I LLC | 26–90531 | N/A |
| BTM International Holdings II LLC | 26–90532 | N/A |
| Cash Ramp LLC | 26–90533 | N/A |
| Digital Gold Ventures Inc. | 26–90534 | N/A |
| Intuitive Software LLC | 26–90535 | 4496 |
| Kiosk Holdco LLC | 26–90536 | 1964 |
| Kiosk Technicians, LLC | 26–90537 | 8185 |
| Kutt, Inc. | 26–90538 | 5034 |
| Lux Vending Kiosk, LLC | 26–90539 | 0032 |
| MCA Services Group, LLC | 26–90540 | N/A |

---

[1]   The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot.  The location of the Debtors' corporate headquarters is:  8601 Dunwoody Place, Sandy Springs, Georgia 30350.

4908-1907-9095

| Debtor | Case Number | EIN # (Last 4 Digits) |
|---|---|---|
| Mintz Assets, Inc. | 26–90541 | 6273 |
| BitAccess Inc. | 26–90542 | N/A |

On [●], 2026, the Court entered an order [Docket No. ___ ] (the "***Bar Date Order***") in the above-captioned Chapter 11 Cases establishing certain deadlines for filing proofs of claim. Pursuant to the Bar Date Order, the Court has established:

- **July 21, 2026 at 5:00 p.m. (prevailing Central Time)** as the general bar date for filing prepetition claims in the Debtors' Chapter 11 Cases (the "***General Bar Date***");

- **November 23, 2026 at 5:00 p.m. (prevailing Central Time)** as the bar date for Governmental Units to file proofs of claim (the "***Governmental Bar Date***");

- **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Central Time), on the date that is 21 days from the date on which the Debtors provide notice of a previously unfiled Schedule or amendment or supplement to the Schedules (as defined herein)** as the bar date for claimants holding claims affected by such filing, amendment, or supplement to file proofs of claim (the "***Amended Schedules Bar Date***"); and

- **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (prevailing Central Time) on the date that is 30 days after the effective date of rejection of any executory contracts or unexpired leases of the Debtors and/or abandonment of property in connection therewith** as the bar date for claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease to file Proofs of Claim for damages arising from such rejection (the "***Rejection Damages Bar Date***").[2]

As used in this notice, the term "**claim**" has the meaning given to it in section 101(5) of the Bankruptcy Code:  (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

As used in this notice, the term "**entity**" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, and governmental units.  In addition,

---

[2]  To the extent any executory contract or unexpired lease is rejected pursuant to the terms of any chapter 11 plan confirmed in these Chapter 11 Cases (the "***Plan***"), the order confirming the Plan shall provide a separate bar date as the deadline on or before which claimants holding claims for damages arising from such rejection must file proofs of claim with respect to such rejection.

the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

## THE BAR DATES

The Bar Date Order establishes the following bar dates for filing claims in these cases (collectively, the "**Bar Dates**"):

**General Bar Date**.  Pursuant to the Bar Date Order, except as described below, all persons or entities other than governmental units, that hold claims (whether secured, unsecured, priority, or unsecured nonpriority, including section 503(b)(9) claims)[3] against the Debtors that arose before the Petition Date must file proofs of claim so as to be **postmarked on or before July 21, 2026 at 5:00 p.m**. (prevailing Central Time).

**Governmental Bar Date**.  Pursuant to the Bar Date Order, except as described below, all governmental units holding claims (whether secured, unsecured, priority, or unsecured nonpriority, including section 503(b)(9) claims) against the Debtors that arose before the Petition Date must file proofs of claim so as to be **postmarked on or before November 23, 2026 at 5:00 p.m.** (prevailing Central Time).

**Amended Schedules Bar Date**.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims affected by the Debtors filing a previously unfiled schedule of assets and liabilities and schedule of executory contracts and unexpired leases (the "*Schedules*"), or amending or supplementing their Schedules must file proofs of claims so as to be **postmarked on or before the Amended Schedules Bar Date**.

**Rejection Damages Bar Date**.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims for damages arising from the rejection of any executory contract or unexpired lease of the Debtors and/or abandonment of property in connection therewith must file proofs of claim with respect to such rejection so as to be **postmarked on or before the Rejection Damages Bar Date**. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a proof of claim for such amounts on or before the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date, as applicable.

---

[3]   Section 503(b)(9) of the Bankruptcy Code provides for an administrative expense claim with respect to the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

3

**<u>INSTRUCTIONS FOR FILING CLAIMS</u>**

**1.      WHO MUST FILE**

The following persons or entities must file proofs of claim on or before the applicable Bar Date:

- a.      any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed in such Schedules as "contingent," "unliquidated," or "disputed," if such person or entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

- b.      any person or entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

- c.      any person or entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and who desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

- d.      any person or entity who believes that its claim (or a portion of its claim) against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**2.      WHO DOES NOT NEED TO FILE**

The Bar Date Order provides that the following persons or entities, whose claims would otherwise be subject to the Bar Dates, need not file proofs of claim in these Chapter 11 Cases:

- a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

- b.      any person or entity that has already filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Kroll, the Debtors' claims and noticing agent, in a form substantially similar to Official Form 410;

- c.      any person or entity whose claim is listed on the Schedules if:  (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

- d.      any person or entity whose claim has previously been allowed by order of the Court on or before the applicable Bar Date;

4

e.  any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f.  any Debtor having a claim against another Debtor;

g.  any person or entity whose claim is based on an equity interest in any of the Debtors;

h.  any current officer or director of any of the Debtors for claims based on indemnification, contribution, or reimbursement;

i.  any person or entity holding a claim for which a separate deadline is fixed by this Court;

j.  any person or entity holding a claim allowable under sections 503(b) or 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided, however*, that any person or entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a proof of claim on or prior to the General Bar Date;

k.  any claim held by a current employee of the Debtors if an order of the Court authorizes the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided however, that any current or former employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

l.  any claim held by any person or entity solely against a non-Debtor entity; and

m.  professionals retained by the Debtors or the Committee;

**The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors. You should not file a proof of claim if you do not have a claim against any of the Debtors.**

## 3.  WHAT TO FILE

Parties asserting claims against the Debtors that arose before the Petition Date, including section 503(b)(9) claims, must use the copy of the proof of claim form (the "***Proof of Claim Form***") included with this notice. The Proof of Claim Form will state, along with the claimant's name: (a) whether the claimant's claim is listed in the Schedules and, if so, the Debtor against which the claimant's claim is scheduled; (b) whether the claimant's claim is listed as disputed, contingent, or unliquidated; and (c) whether the claimant's claim is listed as secured, unsecured, or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules) also will be identified on the Proof of Claim Form. **If you disagree with any of the information on the Proof of Claim Form regarding your claim, you must correct it on the Proof of Claim Form**. Additional copies of the Proof of Claim Form may be obtained through the Debtors' case website, at

5

https://restructuring.ra.kroll.com/bitcoindepot   or   by   calling   Kroll   at   (844) 339-4117 (Toll-Free U.S./Canada) or + 1 (332) 232-7827 (International).

**4.      WHEN AND WHERE TO FILE**

Persons and entities must file proofs of claim so that it is **marked by the U.S. Postal Service as received for mailing on or before the applicable Bar Date**.  Proofs of claim may be submitted:  (a) electronically through Kroll's website, using the interface available on such website located at https://restructuring.ra.kroll.com/bitcoindepot, (b) by delivering the original Proof of Claim Form by first-class mail to:

Bitcoin Depot Inc.
Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

(c) by delivering the original Proof of Claim Form by hand delivery or overnight mail to:

Bitcoin Depot Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

or (d) in a manner that is otherwise acceptable to the Debtors in consultation with the Committee.

Proofs of claim will be deemed filed when **marked by the U.S. Postal Service as received for mailing**.

Proofs of claim **may not be delivered via facsimile or electronic mail transmission**.  Any facsimile or electronic mail submissions will not be accepted.

Proofs of claim will be collected, docketed, and maintained by Kroll.  If you would like a copy of your proof of claim returned to you as proof of receipt, please enclose an additional copy of your proof of claim and a self-addressed postage-paid envelope.

All Proof of Claim Forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  The Proof of Claim Form must be completed in English and be denominated in United States currency.  You should set forth with specificity the legal and factual basis for the alleged claim and attach to your completed Proof of Claim Form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any person or entity asserting claims against multiple Debtors must file a separate proof of claim with respect to each Debtor.  In addition, any person or entity filing a proof of claim must identify on its Proof of Claim Form the particular Debtor against which the person or entity asserts its claim.  Any proof of claim filed under the Debtors' jointly administered case number in these

6

Chapter 11 Cases or that otherwise fails to identify a Debtor shall be deemed as filed **only** against Debtor Bitcoin Depot Inc.  If an entity lists more than one Debtor on any one proof of claim, the relevant claims will be treated as filed **only** against the first listed Debtor.

### NO REQUIREMENT FOR STOCKHOLDERS TO FILE PROOFS OF INTEREST

Any entity holding an interest in the Debtors (an "*Interest Holder*"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or right to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest, must file a proof of claim by the applicable Bar Date, unless another exception applies.

### CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a proof of claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes of (a) voting upon any plan in these Chapter 11 Cases and (b) distribution from property of the Debtors' estates.

### RESERVATION OF RIGHTS

Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in the Motion and this notice shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien, security interest in, or other encumbrances against the Debtors and the property of their estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim or interest; (d) an implication or admission that any particular claim or interest is of a type specified or defined in the Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

### ADDITIONAL INFORMATION

If you require additional information regarding the filing of a claim, you may contact Kroll **at (844) 339-4117 (Toll-Free U.S./Canada) or + 1 (332) 232-7827 (International)** or by submitting an inquiry through the Debtors' case website at: https://restructuring.ra.kroll.com/bitcoindepot.

7

Kroll cannot advise you how to file, or whether you should file, a claim.  You may wish to consult an attorney regarding this matter.

Dated: June 24, 2026
Houston, Texas

/s/  Paul E. Heath
**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Sara Zoglman (TX 24121600)
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
Email: pheath@velaw.com
szoglman@velaw.com

-and-

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Tel:  212.237.0000
Fax:  212.237.0100
Email: dmeyer@velaw.com
jpeet@velaw.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

## EXHIBIT C

**Proof of Claim Form**

4908-1907-9095

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  _____

**2. Has this claim been acquired from someone else?**

❑ No

❑ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

_____
Name

_____
Number       Street

_____
City                         State                ZIP Code

Contact phone  _____

Contact email  _____

**Where should payments to the creditor be sent?** (if different)

_____
Name

_____
Number       Street

_____
City                         State                ZIP Code

Contact phone  _____

Contact email  _____

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

❑ No

❑ Yes.  Claim number on court claims registry (if known) _____          Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❑ No

❑ Yes.  Who made the earlier filing? _____

Official Form 410                                **Proof of Claim**                                page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|---|

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No

❑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❑ Motor vehicle

❑ Other. Describe:   _____

**Basis for perfection:**   _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**:                      $_____

**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**      $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

---

Official Form 410                                    **Proof of Claim**                                    page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❏ No<br><br>❏ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❏ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❏ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❏ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:**     **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❏  I am the creditor.

❏  I am the creditor's attorney or authorized agent.

❏  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❏  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    _____
                    MM  /  DD  /  YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name     _____
         First name              Middle name              Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number        Street

         _____
         City                              State      ZIP Code

Contact phone  _____    Email  _____

---