United States Bankruptcy Court
Southern District of Texas
ENTERED
June 25, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |

**ORDER (I) SCHEDULING A COMBINED HEARING; (II) ESTABLISHING OBJECTION DEADLINES; (III) APPROVING THE SOLICITATION MATERIALS AND TABULATION PROCEDURES; (IV) CONDITIONALLY APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") (a) scheduling a Combined Hearing, (b) establishing objection deadlines, (c) approving the Solicitation Materials and Tabulation Procedures, (d) conditionally approving the Combined Disclosure Statement and Plan, and (e) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Combined Disclosure Statement and Plan, as applicable.

28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective Estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. The Combined Hearing, at which time the Court will consider, among other things, the adequacy and confirmation of the *Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "***Combined Disclosure Statement and Plan***"), will be held **virtually by video conference** before the Honorable Judge Christopher M. Lopez, United States Bankruptcy Judge, on **August 7, 2026 at 9:00 a.m. (Central Time)**. The Combined Hearing may be adjourned from time to time, subject to the terms of the Combined Disclosure Statement and Plan, without further notice other than an announcement of the adjourned date(s) in open court, at the Combined Hearing, or by an appropriate filing with the Court, and notice of such adjourned date(s) will be available on the Solicitation Agent's website: https://restructuring.ra.kroll.com/bitcoindepot.

2. Any objections to the approval or confirmation of the Combined Disclosure Statement and Plan must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Combined Disclosure

Statement and Plan that would resolve such objections; and (e) be filed with the Court with proof of service, so as to be received **no later than 5:00 p.m. (Central Time) on July 30, 2026**. Objections must be served on:

a. proposed counsel to the Debtors, Vinson & Elkins LLP, 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman and 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036 Attn: David S. Meyer and Jessica C. Peet;

b. counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: James Vincequerra;

c. the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen;

d. counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: James H. Burbage and Emma Kari; and

e. those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

3. Objections, if any, not timely filed and served in the manner set forth above may, in the Court's discretion, not be considered and may be overruled.

4. The following additional dates and deadlines related to the solicitation of votes on the Combined Disclosure Statement and Plan are approved as set forth below:

| Event | Date |
|---|---|
| Voting Record Date[3] | June 22, 2026 |
| Notice Date[4] | Within one (1) business day following entry of the Order (or as soon as practicable thereafter) |
| Solicitation Mailing Deadline and Deadline to Mail the Notice of Non-Voting Status | Within three (3) business days of entry of the Order (or as soon as practicable thereafter) |
| Publication Deadline | Within five (5) business days following entry of the Order (or as soon as practicable thereafter) |
| Plan Supplement Filing Deadline | July 16, 2026 |
| Voting Deadline[5] and Objection Deadline | July 30, 2026 at 5:00 p.m. (Central Time) |
| Reply Deadline | August 4, 2026 at 5:00 p.m. (Central Time) |
| Deadline to File the Voting Report | August 4, 2026 |
| Combined Hearing Date | August 7, 2026 at 9:00 a.m. (Central Time) |

5. The Solicitation Materials and Tabulation Procedures satisfy the requirements of the Bankruptcy Code and Bankruptcy Rules and are approved. The Ballots, substantially in the form attached to the Motion as **Exhibit B**, **Exhibit C**, and **Exhibit D** are approved in all respects. The forms of the Notice of Non-Voting Status and the Combined Hearing Notice, attached to the Motion as **Exhibit E** and **Exhibit F**, respectively, are approved in all respects and shall be deemed good and sufficient notice of these Chapter 11 Cases, the Combined Hearing, the Objection Deadline, and the procedures for objecting to the adequacy and/or confirmation of the Combined Disclosure Statement and Plan and, with respect to Holders of Claims in Classes 1 and 2, opting

---

3 The "***Voting Record Date***" is the date as of which a holder of record of a claim entitled to vote on the Combined Disclosure Statement and Plan must have held such claim to cast a vote to accept or reject the Combined Disclosure Statement and Plan.

4 The "***Notice Date***" is the date by which the Combined Hearing Notice (as defined below) will be served upon the Debtors' creditor matrix and all interest holders of record as of the Voting Record Date to provide notice of the Combined Hearing.

5 The "***Voting Deadline***" is the deadline by which the Solicitation Agent must have received the ballots of the Voting Classes (as described below) to be properly counted.

out of the releases in Article IX of the Combined Disclosure Statement and Plan, and service thereof complies with the requirements of the Bankruptcy Code and the Bankruptcy Rules and is approved.

6. The Court conditionally approves the Combined Disclosure Statement and Plan as containing adequate information as required by section 1125 of the Bankruptcy Code without prejudice to any party in interest objecting to the Combined Disclosure Statement and Plan at the Combined Hearing; provided, that any party in interest who has not (a) notified the Debtors of its intention to object to the Combined Disclosure Statement and Plan on the basis that it does not include adequate information prior to the Voting Deadline, (b) provided the Debtors with a written request for additional information that would cure such objection, and (c) provided sufficient opportunity for the Debtors to cure such objection or provide such information, shall be deemed to have waived such objection to the Combined Disclosure Statement and Plan.

7. The Solicitation Materials and Tabulation Procedures set forth in the Motion are approved as modified herein.

8. Solely for the purpose of voting to accept or reject the Plan and not for purposes of allowance or distribution on account of a Claim, each Claim within a Voting Class shall be temporarily allowed in an amount equal to (i) the amount asserted in a timely filed Proof of Claim, or, if no timely Proof of Claim has been filed, (ii) the liquidated, non-contingent, undisputed amount of such Claim set forth in the Schedules, subject to the following exceptions:

a. If a Claim is deemed Allowed pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan.

b. If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court.

c. If an objection to, or request for estimation of, a Claim has been filed by the Voting Deadline, such Claim shall be temporarily disallowed or estimated for voting purposes only with respect to the Plan and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or request for estimation; *provided* if the claimant files a response thereto, the matter shall be resolved by the Court.

d. If the voting amount of a Claim has been established by a stipulation, settlement, or other agreement filed by the Debtors on or before the Voting Deadline, such Claim shall be allowed for voting purposes only with respect to the Plan, and not for purposes of allowance or distribution, in the stipulation, settled, or otherwise agreed-to amount.

e. If a Claim was listed in the Debtors' filed Schedules in an amount that is liquidated, non-contingent, and undisputed, and a Proof of Claim was not filed by the Voting Record Date, such Claim is allowed for voting in the liquidated, non-contingent, undisputed amount set forth in the Debtors' filed Schedules.

f. If a Claim, for which a Proof of Claim was timely filed, is listed as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution.

g. If a Claim, for which a Proof of Claim was timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Debtors and/or Solicitation Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

h. Claims filed for $0.00 are not entitled to vote.

i. If a Claim, for which a Proof of Claim has not been timely filed and/or as to which the applicable Claims filing deadline has not passed, and which is listed in the Debtors' filed Schedules as wholly unknown, contingent, and/or disputed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

j. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

k. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single

Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

l. If a Claim has been amended by a later-filed Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to a Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

m. For the avoidance of doubt, a Holder shall only be entitled to vote on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date, or by such later date as provided for in the Solicitation Materials and Tabulation Procedures, or as directed by the Court.

9. If, before the filing of the final Voting Report, the Debtors and the Holder of the Claim reach an agreement to alter the amount of the voting Claim or the classification of the voting Claim for tabulation purposes, the Solicitation Agent is authorized to rely on such an agreement and tabulate the votes accordingly. Such agreement shall be memorialized in an email or other correspondence sent from the Debtors to the Solicitation Agent copying the Holder whose Claim is being tabulated, and the Solicitation Agent shall memorialize the existence of such agreement in its Voting Report. The Debtors shall be permitted to file a supplemental Voting Report prior to the Combined Hearing to permit ballots received after the Voting Deadline to be included on account of claims timely filed by the July 21, 2026 General Bar Date established in these Chapter 11 Cases.

10. With respect to the Term Loan Claims in Class 3, to the extent applicable, the amount of such Claims for voting purposes only will be established based on the amounts of the applicable positions held by each Holder, as of the Voting Record Date, as evidenced by (a) the Debtors' books and records or (b) the applicable books and records maintained by the Term Loan

Agent, which will be provided to the Debtors or the Solicitation Agent in electronic Microsoft Excel format no later than one (1) Business Day following the entry of this Order.

11. Notwithstanding any provision to the contrary contained herein, with respect to Equipment Financing Agreement Claims in Class 4, the Claim amounts for voting purposes only shall be established based on the amounts of the applicable positions held by each claimant, as of the Voting Record Date, as evidenced by the applicable books and records maintained by the Debtors, and/or the applicable equipment financing counterparty, with the register therefor provided, pursuant to the Court's direction, to the Solicitation Agent in electronic Microsoft Excel, or similar electronic, format within one (1) Business Day following the entry of this Order.

12. The Debtors and / or the Solicitation Agent shall provide the following documents via electronic mail to current and former customers at the electronic mailing addresses listed in the Debtors' records:

a. Following the filing of the Investigation Subcommittee's report, a single electronic mailing containing (i) the Schedules; (ii) the identity of the Released Parties; and (iii) any material documents filed with the Court by July 7, 2026, which relate to the Sales Process.

b. Following the filing of the Plan Supplement, an initial electronic mailing of the Plan Supplement to customers who have filed a Proof of Claim by July 16, 2026, or who are otherwise included on the Schedules, and thereafter, additional electronic mailings of the Plan Supplement on a rolling basis to customers who file Proofs of Claim through the applicable Bar Date.

13. Unless specifically provided herein, and notwithstanding any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute (a) an implication or admission as to the validity, priority, enforceability, or perfection of any claim, lien, security interest in, or other encumbrances against the Debtors and the property of their estates; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to contest or dispute any such claim, lien, or interest; (c) a promise or requirement to pay any prepetition claim

or interest; (d) an implication or admission that any particular claim or interest is of a type specified or defined in the Motion or any proposed order; (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

14. The Term Loan Agent is hereby authorized and directed to provide a register of individual Holders of the Class 3 Term Loan Claims, including the Claim amount for voting purposes only and mailing and/or email addresses for each such Holder, as of the Voting Record Date, directly to the Solicitation Agent in Microsoft Excel or similar electronic format no later than one Business Day after entry of this Order.

15. All time periods set forth in this Order shall be deemed to meet the statutory requirements or are hereby altered in accordance with Bankruptcy Rule 9006(a).

16. The Debtors are authorized to take or refrain from taking all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion without seeking further order from the Court.

17. Notwithstanding anything in the Bankruptcy Code or the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: June 25, 2026

Christopher Lopez
United States Bankruptcy Judge

# EXHIBIT 1

## Publication Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |

**NOTICE OF (A) COMBINED HEARING TO CONSIDER FINAL APPROVAL OF AND CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, (B) DEADLINE FOR FILING OBJECTIONS TO FINAL APPROVAL AND CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND (C) OTHER RELEVANT INFORMATION**

**PLEASE TAKE NOTICE THAT** on June 24, 2026, Bitcoin Depot Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "***Debtors***") in the above-captioned cases, filed the *Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (as may be modified, amended, or supplemented, the "***Combined Disclosure Statement and Plan***") [Docket No. [•]] pursuant to sections 1125 and 1126(b) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***"). On [•], 2026, the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") entered an order [Docket No. [•]] (the "***Disclosure Statement Order***"): (a) scheduling a combined hearing (the "***Combined Hearing***") to consider approval and confirmation of the Combined Disclosure Statement and Plan; (b) setting a deadline by which parties must file objections to the adequacy of the Disclosure Statement and the confirmation of the Plan (the "***Objection Deadline***")[2] and a deadline for the Debtors to reply thereto and file a brief in support of approval and confirmation of the Combined Disclosure Statement and Plan (the "***Reply Deadline***"); (c) approving the form of the Solicitation Materials and Tabulation Procedures, including the forms of ballots; (d) conditionally approving the Combined Disclosure Statement and Plan; and (e) granting related relief. Copies of the Combined Disclosure Statement and Plan may be obtained free of charge by visiting the website maintained by the Debtors' claims, noticing and solicitation agent, Kroll Restructuring Administration LLC (the "***Solicitation Agent***"), at

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2] The Objection Deadline shall also be the deadline for Holders of Claims in Classes 1 and 2 to return their completed Opt-Out Forms, which will be included in the Notice of Non-Voting Status (each as defined below).

https://restructuring.ra.kroll.com/bitcoindepot. Copies of the Combined Disclosure Statement and Plan may also be obtained by calling the Solicitation Agent at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll).

**PLEASE TAKE FURTHER NOTICE THAT** the Combined Hearing will commence on **August 7, 2026, at 9:00 a.m. (prevailing Central Time)** before The Honorable Christopher M. Lopez, United States Bankruptcy Judge, **virtually by video conference**, or as soon thereafter as counsel may be heard.

**Critical Information Regarding Voting on the Plan**

Within three (3) business days of entry of the Disclosure Statement Order, or as soon as practicable thereafter (the "***Solicitation Mailing Deadline***"), the Debtors will complete the initial mailing of the solicitation packages to solicit votes to accept or reject the Plan from the Holders of Claims in Class 3, Class 4, and Class 5, each of record as of June 22, 2026, (the "***Voting Record Date***"). **The deadline for the submission of votes to accept or reject the Plan is at 5:00 p.m. (prevailing Central Time) on July 30, 2026, unless such time is extended by the Debtors.**

**Critical Information Regarding Objecting to the Plan or Disclosure Statement**

Any objections to confirmation of the Plan and the adequacy of the Disclosure Statement on a final basis must a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Combined Disclosure Statement and Plan that would resolve such objections; and (e) be filed with the Court with proof of service, so as to be received **no later than the Objection Deadline**.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT. IF THE PLAN IS CONFIRMED BY THE COURT, IT WILL BE BINDING ON THE DEBTORS, ANY AND ALL HOLDERS OF CLAIMS OR INTERESTS (REGARDLESS OF WHETHER THEIR CLAIMS OR INTERESTS ARE DEEMED TO HAVE ACCEPTED OR REJECTED THE PLAN), ALL ENTITIES THAT ARE PARTIES TO OR ARE SUBJECT TO THE SETTLEMENTS, COMPROMISES, RELEASES, DISCHARGES, AND INJUNCTIONS DESCRIBED IN THE PLAN OR THE CONFIRMATION ORDER, EACH ENTITY ACQUIRING PROPERTY UNDER THE PLAN OR THE CONFIRMATION ORDER, AND ANY AND ALL NON-DEBTOR PARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES WITH THE DEBTORS.**

**Important Information Regarding Discharges, Injunctions, Exculpations, and Releases**

**If you do not opt out of granting the releases set forth in the Plan, you shall be deemed to have consented to the releases contained in Article IX.C of the Plan.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

# EXHIBIT B

**Form of Class 3 Term Loan Claims Ballot**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**IMPORTANT: THE DEBTORS' CHAPTER 11 CASES HAVE BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT. THE COMPANY INTENDS TO PROMPTLY SEEK CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN BY THE COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTORS' COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN FOR BITCOIN DEPOT INC. AND ITS DEBTOR AFFILIATES**

***CLASS 3 – TERM LOAN CLAIMS***

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT IS 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026 (THE "*VOTING DEADLINE*").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTORS' DISCRETION.**

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

Bitcoin Depot Inc. and its affiliated debtors listed in footnote 1 (collectively, the "***Debtors***") have provided you with this ballot (the "***Ballot***") to solicit your vote to accept or reject the *Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (as may be modified, amended, or supplemented, the "***Combined Disclosure Statement and Plan***"), which is being proposed by the Debtors.[2]

If you are, **on June 22, 2026** (the "***Voting Record Date***"), a Holder of a Class 3 Term Loan Claim against any of the Debtors arising under that certain *Second Amended and Restated Credit Agreement*, dated as of November 1, 2024 (as amended or otherwise modified prior to the Petition Date), by and among (a) Term Loan Borrower, (b) HoldCo, (c) the subsidiary guarantors party thereto, (d) the Term Loan Lenders, and (e) the Term Loan Agent (the "***Term Loan Agreement***"), please use this Ballot to cast your vote to accept or reject the Combined Disclosure Statement and Plan, which accompanies this Ballot.

The Debtors have already commenced cases under chapter 11 of the Bankruptcy Code (these "***Chapter 11 Cases***"). The Combined Disclosure Statement and Plan has not yet been approved by any court with respect to whether it contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code. The Debtors intend to seek approval and confirmation of the Combined Disclosure Statement and Plan at a combined hearing before the Court (the "***Combined Hearing***"), on a date and time to be announced.

The Combined Disclosure Statement and Plan, as well as all other documents filed on the docket, are available for review and download free of charge on the Debtors' restructuring website maintained by the Solicitation Agent (as defined below) at https://restructuring.ra.kroll.com/bitcoindepot. They are also available for review for a fee on the Court's website at www.txs.uscourts.gov and are on file with the Clerk of the Court, 4th Floor, 515 Rusk Street, Houston, Texas 77002, where they are available for review during normal operating hours. Printed copies of the Combined Disclosure Statement and Plan may be obtained free of charge by contacting the Solicitation Agent via (a) telephone at (844) 339-4117 ( U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll) or (b) email at bitcoindepotinfo@ra.kroll.com (with "Bitcoin Depot Solicitation Inquiry" in the subject line).

Before you transmit your vote, please review the Combined Disclosure Statement and Plan, and all related documents enclosed herewith carefully. The Combined Disclosure Statement and Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of (a) at least two-thirds in dollar amount and more than one-half in number of Claims in each Class of Claims entitled to vote and that actually vote on the Combined Disclosure Statement and Plan and (b) at least two-thirds in number of Interests in each Class of Interests entitled to vote and that actually vote on the Combined Disclosure Statement and Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Combined Disclosure

[2] Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Combined Disclosure Statement and Plan.

Statement and Plan), the Court may nonetheless confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Combined Disclosure Statement and Plan contemplates separate Classes of Claims and Interests for voting and distribution purposes. Depending on the nature of the Claims or Interests that are held in or against the Debtors, a creditor may have Claims and/or Interests in multiple Classes. The Combined Disclosure Statement and Plan sets forth a description of the Classes.

Your receipt of this Ballot does not signify that your Claim has been or will be Allowed. This Ballot is solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and not for the purpose of allowance or disallowance of or distribution on account of Class 3 Term Loan Claims. You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Please also note that the Combined Disclosure Statement and Plan may be modified as described in Article XI of the Combined Disclosure Statement and Plan. If the Combined Disclosure Statement and Plan is so modified, the Debtors may not be required to and, accordingly, may not resolicit votes on the Combined Disclosure Statement and Plan. In such case, a vote to accept the Combined Disclosure Statement and Plan submitted prior to the Voting Deadline will be considered a vote to accept the Combined Disclosure Statement and Plan as so modified.**

If you have any questions on how to properly complete this Ballot, please call Kroll Restructuring Administration, LLC, the Debtors' claims, noticing, and solicitation agent (the "***Solicitation Agent***" or "***Kroll***") at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll) or email—with a reference to "Bitcoin Depot Solicitation Inquiry" in the subject line—to bitcoindepotinfo@ra.kroll.com. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE BELOW INSTRUCTIONS CAREFULLY. COMPLETE, SIGN (ELECTRONIC SIGNATURE IS ACCEPTABLE) AND DATE YOUR CUSTOMIZED BALLOT (PURSUANT TO THE INSTRUCTIONS BELOW), AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN. IF THIS BALLOT IS NOT COMPLETED, SIGNED, AND ACTUALLY RECEIVED BY THE SOLICITATION AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTORS' DISCRETION.**

**IMPORTANT**

**You should carefully review the Combined Disclosure Statement and Plan before you vote. You may wish to seek legal or other professional advice concerning the Combined Disclosure Statement and Plan and your Term Loan Claim. Your Term Loan Claim against the Debtors has been placed in Class 3 under the Combined Disclosure Statement and Plan.**

**VOTING DEADLINE: 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026.**

**If your Ballot is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count except in the Debtors' discretion.**

**If the Combined Disclosure Statement and Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A COPY OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR (C) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT BY CALLING (844) 339-4117 (U.S./CANADA, TOLL FREE) OR +1 (332) 232-7827 (INTERNATIONAL, TOLL) OR EMAIL—WITH A REFERENCE TO "BITCOIN DEPOT SOLICITATION INQUIRY" IN THE SUBJECT LINE— BITCOINDEPOTINFO@RA.KROLL.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**VOTING DEADLINE: JULY 30, 2026 AT 5:00 P.M. (CENTRAL TIME)**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Solicitation Agent by no later than July 30, 2026 at 5:00 p.m. (Central Time), unless such time is extended in writing by the Debtors. Please submit a Ballot with your vote in the envelope provided or by *one* of the following methods:**

**If Submitting Your Vote through the E-Balloting Portal**

**Kroll will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://restructuring.ra.kroll.com/bitcoindepot, and under the Case Navigation section of the website, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:______________________________________________**

**Kroll's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**If by First Class Mail, Overnight Courier, or Hand Delivery:**

**Bitcoin Depot Inc. Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange hand delivery of your Ballot, please contact the Solicitation Agent via email at bitcoindepotballots@ra.kroll.com (with "Bitcoin Depot Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.**

**PLEASE READ THE ATTACHED VOTING INFORMATION**
**AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**Item 1.** ***Amount of Class 3 Term Loan Claim.***[3] The undersigned hereby certifies that on **June 22, 2026**, the Voting Record Date, the undersigned was the record Holder (or authorized signatory of such a Holder) of a Term Loan Claim in Class 3 under the Combined Disclosure Statement and Plan, in the aggregate unpaid principal amount of:

**Claim Amount: $ _______________**

**Debtor:__________________________________**

***Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes.***

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A TERM LOAN CLAIM.**

**Item 2.** ***Vote on the Combined Disclosure Statement and Plan.*** The undersigned Holder of a Term Loan Claim in Class 3 under the Combined Disclosure Statement and Plan, as described in Item 1 above, votes all such Claims to (check one box):

☐ **Accept** the Combined Disclosure Statement and Plan

OR

☐ **Reject** the Combined Disclosure Statement and Plan

**Item 3**. ***Optional Opt-Out of Releases***.

Following Confirmation, subject to Article X of the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article IX of the Combined Disclosure Statement and Plan will become effective. In determining how to cast your vote on the Combined Disclosure Statement and Plan, it is important to read the provisions contained in Article X of the Combined Disclosure Statement and Plan very carefully so that you understand how confirmation and substantial consummation of the Combined Disclosure Statement and Plan—which effectuates such provisions—will affect you and any

[3] For voting purposes only, subject to tabulation rules.

Claim(s) you may hold against the Debtors and/or certain other Released Parties specified in the Combined Disclosure Statement and Plan.[4]

Article IX.C of the Combined Disclosure Statement and Plan contains the following provision:

*C. Releases by the Releasing Parties[5] Other Than the Debtors*

**Notwithstanding anything contained herein to the contrary, upon and as of the Effective Date, each Releasing Party (other than the Debtors and the Estates) releases each Debtor, the Estates, and each other Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors and the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), any securities issued by the Debtors and the ownership thereof, the Term Loan Facility, the Equipment Financing Agreements, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to claims actually asserted and pursued against the Debtors), intercompany transactions, the Chapter 11 Cases, the Canadian Proceedings, the**

---

[4] "***Released Party***" means each Person or Entity identified as a Released Party in the Plan Supplement as recommended by the Independent Subcommittee and filed on the Bankruptcy Court's docket no later than July 7, 2026, which may include, each of the following solely in its capacity as such and the extent permitted by applicable law: (a)(i) the Debtors; (ii) the Estates; and (iii) with respect to each Debtor, each Debtor's directors, managers, members, officers, principals, committees (including special committees or subcommittees), the Investigation Subcommittee, Restructuring Committee, Chief Restructuring Officer, the Information Officer; (iv) each Related Party of each Entity in clauses (a)(i)-(a)(iii); and (b)(i) the Committee and its members, each in their capacities as such; and (ii) with respect to the Committee, its retained Professionals, including its attorneys, and financial advisors; *provided*, *however*, that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases set forth in Article IX of the Combined Disclosure Statement and Plan; or (y) timely objects to the releases set forth in Article IX of the Combined Disclosure Statement and Plan and such objection is not resolved before Confirmation. For the avoidance of doubt, the Non-Released Parties shall not be a "Released Party" under the Combined Disclosure Statement and Plan and shall not receive a release under the Combined Disclosure Statement and Plan. **For more information on the Released Parties, see Articles I.G, I.H, and I.I of the Combined Disclosure Statement and Plan describing the Independent Investigation, the Committee Investigation, and Potential Released Parties**.

**Interested parties will be able to obtain and view the list of identified Released Parties no later than July 7, 2026, free of charge at the following website: https://restructuring.ra.kroll.com/bitcoindepot.**

[5] "***Releasing Parties***" means each of the following, solely in its capacity as such: (a)(i) the Debtors; and (ii) the Estates; (b)(i) all Holders of Claims and Interests that vote to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (ii) all Holders of Claims or Interests whose vote to accept or reject the Combined Disclosure Statement and Plan is solicited but that do not vote either to accept or to reject the Combined Disclosure Statement and Plan and do not opt out of granting the releases set forth herein; (iii) all Holders of Claims or Interests that are presumed to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (vi) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's current and former Affiliates; (v) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's Related Party for which such Entity is legally entitled to bind such Related Party to the releases contained in the Combined Disclosure Statement and Plan under applicable law (in each case, solely in its capacity as such); and (c)(i) the members of any statutory committee, including the Committee, appointed in the Chapter 11 Cases and (ii) such committee's Professionals.

**formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, or any 363 Asset Sale, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, any 363 Asset Sale, the Chapter 11 Cases, the Canadian Proceedings, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the Sales Process, the administration and implementation of the Combined Disclosure Statement and Plan, the Sales Process, or the distribution of property under the Combined Disclosure Statement and Plan, the Sales Process, or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any Person or Entity under the Combined Disclosure Statement and Plan, any 363 Asset Sale Transaction Documents, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Combined Disclosure Statement and Plan or any 363 Asset Sale; (b) any Non-Released Party; or (c) any Person or Entity from any claim or Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by such Person or Entity.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing releases, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (a) consensual; (b) essential to the Confirmation of the Combined Disclosure Statement and Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the claims released by the Releasing Parties; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing releases.**

Check the box below if you elect not to grant the releases contained in Article IX.C of the Combined Disclosure Statement and Plan. Election to withhold consent is at your option. If you submit a Ballot accepting or rejecting the Combined Disclosure Statement and Plan, or if you abstain from submitting a Ballot, and in either case, you do not check the box below, you will be deemed to consent to the releases contained in Article IX.C of the Combined Disclosure Statement and Plan to the fullest extent permitted by applicable law. Please be advised that your decision to opt out does not affect the amount of distribution you will receive under the Combined Disclosure Statement and Plan. Specifically, your recovery under the Combined Disclosure Statement and Plan will be the same whether or not you opt out of the releases contained in Article IX.C of the Combined Disclosure Statement and Plan.

**<u>The Holder of a Class 3 Term Loan Claim set forth in Item 1 elects to</u>:**

☐ **OPT OUT** of the Releases Contained in Article IX.C of the Combined Disclosure Statement and Plan

**IF YOU VOTE TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOU DO NOT CHECK THE "OPT OUT" BOX IN ITEM 3 AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES OF THE RELEASED PARTIES SET FORTH IN ARTICLE IX.C OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

**IF YOU ABSTAIN FROM VOTING ON THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOU DO NOT TIMELY SUBMIT YOUR BALLOT WITH THE "OPT OUT" BOX IN ITEM 3 CHECKED, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES OF THE RELEASED PARTIES SET FORTH IN ARTICLE IX.C OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

**Item 4:** ***Certifications.*** By returning this Ballot, the undersigned Holder of a Class 3 Term Loan Claim under the Combined Disclosure Statement and Plan, as described in Item 1 above, certifies that (a)(i) it was the record Holder of the Claims described in Item 1 on June 22, 2026, and/or (ii) it has full power and authority to vote to accept or reject the Combined Disclosure Statement and Plan; (b) it has received a copy of the Combined Disclosure Statement and Plan (and all attachments and supplements thereto); (c) the Holder has cast the same vote with respect to all of its Class 3 Claims described in Item 1; and (d) no other Class 3 Ballots with respect to the amount of the Claims described in Item 1 have been cast or, if any other Class 3 Ballots have been cast with respect to such Claims, then any such earlier Class 3 Ballots are hereby revoked. The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Combined Disclosure Statement and Plan.

Name of Holder: ______________________________

Signature: ______________________________

Print Name: ______________________________

| | |
|---|---|
| Title: | ___________________________________ |
| Street Address: | ___________________________________ |
| City, State and Zip Code: | ___________________________________ |
| Telephone Number: | ___________________________________ |
| Email Address: | ___________________________________ |
| Date Completed: | ___________________________________ |

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE <u>RECEIVED</u> NO LATER THAN 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED, EXCEPT IN THE DEBTORS' DISCRETION.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CALL THE SOLICITATION AGENT AT (844) 339-4117 (U.S./CANADA, TOLL FREE) OR +1 (332) 232-7827 (INTERNATIONAL) OR EMAIL AT BITCOINDEPOTINFO@RA.KROLL.COM WITH A REFERENCE TO "BITCOIN DEPOT SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

1. In order for your vote to count, you must:

   a) In Item 2, indicate either acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

   b) Make sure to read the information regarding releases in Item 3 and check the box **if you elect to opt out** of the releases;

   c) Review the certifications in Item 4 of the Ballot; and either

      i. electronically complete, sign, and return your customized electronic Ballot by utilizing the "E-Ballot" platform on Kroll's website so that it is **actually received** by Kroll no later than the Voting Deadline of 5:00 P.M. Central Time on July 30, 2026 (unless such time is extended by the Debtors); **OR**

      ii. complete, sign, and return your Ballot by first class mail, overnight courier or hand delivery per mailing instructions provided above so that it is **actually received** by Kroll no later than the Voting Deadline of 5:00 P.M. Central Time on July 30, 2026 (unless such time is extended by the Debtors). A pre-addressed, postage pre-paid return envelope is enclosed for your convenience. Any unsigned Ballot will not be counted.

2. **The method of delivery of your Ballot is at your election and at your own risk. YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM. Kroll's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Kroll's website. Your Ballot must be received by Kroll no later than the Voting Deadline, unless such time is extended by the Debtors.**

**Creditors who cast a Ballot using Kroll's "E-Ballot" platform should NOT also submit a paper Ballot.**

If you are unable to use the E-Ballot platform or need assistance from Kroll in completing and submitting your Ballot, please contact Kroll by email—with a reference to "Bitcoin Depot Solicitation Inquiry" in the subject line—to: bitcoindepotinfo@ra.kroll.com or by telephone at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll).

3. A properly completed, executed, and timely-returned Ballot that either (a) indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan or (b) fails to indicate either an acceptance or rejection of the Combined Disclosure Statement and Plan will not be counted.

4. You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan. Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Combined Disclosure Statement and Plan will not be counted.

5. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot. If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

6. Any Ballot cast by a person or entity that did not hold a Claim in Class 3 (Term Loan Claims) as of the Voting Record Date will not be counted.

7. Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

8. The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

9. It is important that you vote. The Combined Disclosure Statement and Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of (a) at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Combined Disclosure Statement and Plan and (b) at least two-thirds in number of Interests in each Class entitled to vote and that actually vote on the Combined Disclosure Statement and Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Combined Disclosure Statement and Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

10. Each Ballot you receive is for voting only your Claim described in that Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class 3 Term Loan Claims.

11. The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Combined Disclosure Statement and Plan. Holders should not surrender, at this time, certificates (if any) representing their securities. No party will accept delivery of any such certificates surrendered together with this Ballot.

12. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE COMBINED DISCLOSURE STATEMENT AND PLAN.

13. PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT KROLL BY EMAIL—WITH A REFERENCE TO "BITCOIN DEPOT SOLICITATION INQUIRY" IN THE SUBJECT LINE—TO: BITCOINDEPOTINFO@RA.KROLL.COM OR BY TELEPHONE AT (844) 339-4117 (U.S./CANADA, TOLL FREE) or +1 (332) 232-7827 (INTERNATIONAL, TOLL). THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.

# EXHIBIT C

## Form of Class 4 Equipment Financing Agreement Claims Ballot

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**IMPORTANT: THE DEBTORS' CHAPTER 11 CASES HAVE BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT. THE COMPANY INTENDS TO PROMPTLY SEEK CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN BY THE COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT**
**OR REJECT THE DEBTORS' COMBINED**
**DISCLOSURE STATEMENT AND CHAPTER 11 PLAN FOR**
**BITCOIN DEPOT INC. AND ITS DEBTOR AFFILIATES**

***CLASS 4 – EQUIPMENT FINANCING AGREEMENT CLAIMS***

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT IS 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026 (THE "*VOTING DEADLINE*").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTORS' DISCRETION.**

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

Bitcoin Depot Inc. and its affiliated debtors listed in footnote 1 (collectively, the "***Debtors***") have provided you with this ballot (the "***Ballot***") to solicit your vote to accept or reject the *Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (as may be modified, amended, or supplemented, the "***Combined Disclosure Statement and Plan***"), which is being proposed by the Debtors.[2]

If you are, **on June 22, 2026** (the "***Voting Record Date***"), a Holder of a Class 4 Equipment Financing Agreement Claim against any of the Debtors arising under the VFS Financing Agreement and the NFS Financing Agreement (the "***Equipment Financing Agreements***"), please use this Ballot to cast your vote to accept or reject the Combined Disclosure Statement and Plan, which accompanies this Ballot.

The Debtors have already commenced cases under chapter 11 of the Bankruptcy Code (these "***Chapter 11 Cases***"). The Combined Disclosure Statement and Plan has not yet been approved by any court with respect to whether it contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code. The Debtors intend to seek approval and confirmation of the Combined Disclosure Statement and Plan at a combined hearing before the Court (the "***Combined Hearing***"), on a date and time to be announced.

The Combined Disclosure Statement and Plan, as well as all other documents filed on the docket, are available for review and download free of charge on the Debtors' restructuring website maintained by the Solicitation Agent (as defined below) at https://restructuring.ra.kroll.com/bitcoindepot. They are also available for review for a fee on the Court's website at www.txs.uscourts.gov and are on file with the Clerk of the Court, 4th Floor, 515 Rusk Street, Houston, Texas 77002, where they are available for review during normal operating hours. Printed copies of the Combined Disclosure Statement and Plan may be obtained free of charge by contacting the Solicitation Agent via (a) telephone at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll) or (b) email at bitcoindepotinfo@ra.kroll.com (with "Bitcoin Depot Solicitation Inquiry" in the subject line).

Before you transmit your vote, please review the Combined Disclosure Statement and Plan, and all related documents enclosed herewith carefully. The Combined Disclosure Statement and Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of (a) at least two-thirds in dollar amount and more than one-half in number of Claims in each Class of Claims entitled to vote and that actually vote on the Combined Disclosure Statement and Plan and (b) at least two-thirds in number of Interests in each Class of Interests entitled to vote and that actually vote on the Combined Disclosure Statement and Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Combined Disclosure Statement and Plan), the Court may nonetheless confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan provides fair and equitable

[2] Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Combined Disclosure Statement and Plan.

treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Combined Disclosure Statement and Plan contemplates separate Classes of Claims and Interests for voting and distribution purposes. Depending on the nature of the Claims or Interests that are held in or against the Debtors, a creditor may have Claims and/or Interests in multiple Classes. The Combined Disclosure Statement and Plan sets forth a description of the Classes.

Your receipt of this Ballot does not signify that your Claim has been or will be Allowed. This Ballot is solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and not for the purpose of allowance or disallowance of or distribution on account of Class 4 Equipment Financing Agreement Claims. You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Please also note that the Combined Disclosure Statement and Plan may be modified as described in Article XI of the Combined Disclosure Statement and Plan. If the Combined Disclosure Statement and Plan is so modified, the Debtors may not be required to and, accordingly, may not resolicit votes on the Combined Disclosure Statement and Plan. In such case, a vote to accept the Combined Disclosure Statement and Plan submitted prior to the Voting Deadline will be considered a vote to accept the Combined Disclosure Statement and Plan as so modified.**

If you have any questions on how to properly complete this Ballot, please call Kroll Restructuring Administration, LLC, the Debtors' claims, noticing, and solicitation agent (the "***Solicitation Agent***" or "***Kroll***") at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll) or email—with a reference to "Bitcoin Depot Solicitation Inquiry" in the subject line—to bitcoindepotinfo@ra.kroll.com. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE BELOW INSTRUCTIONS CAREFULLY. COMPLETE, SIGN (ELECTRONIC SIGNATURE IS ACCEPTABLE) AND DATE YOUR CUSTOMIZED BALLOT (PURSUANT TO THE INSTRUCTIONS BELOW), AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN. IF THIS BALLOT IS NOT COMPLETED, SIGNED, AND ACTUALLY RECEIVED BY THE SOLICITATION AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTORS' DISCRETION.**

**IMPORTANT**

**You should carefully review the Combined Disclosure Statement and Plan before you vote. You may wish to seek legal or other professional advice concerning the Combined Disclosure Statement and Plan and your Equipment Financing Agreement Claim. Your Equipment Financing Agreement Claim against the Debtors has been placed in Class 4 under the Combined Disclosure Statement and Plan.**

**VOTING DEADLINE: 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026.**

**If your Ballot is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count except in the Debtors' discretion.**

**If the Combined Disclosure Statement and Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A COPY OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR (C) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT BY CALLING (844) 339-4117 (U.S./CANADA, TOLL FREE) OR +1 (332) 232-7827 (INTERNATIONAL, TOLL) OR EMAIL—WITH A REFERENCE TO "BITCOIN DEPOT SOLICITATION INQUIRY" IN THE SUBJECT LINE— BITCOINDEPOTINFO@RA.KROLL.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**VOTING DEADLINE: JULY 30, 2026 AT 5:00 P.M. (CENTRAL TIME)**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Solicitation Agent by no later than July 30, 2026 at 5:00 p.m. (Central Time), unless such time is extended in writing by the Debtors. Please submit a Ballot with your vote in the envelope provided or by *one* of the following methods:**

**If Submitting Your Vote through the E-Balloting Portal**

**Kroll will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://restructuring.ra.kroll.com/bitcoindepot, and under the Case Navigation section of the website, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:______________________________________________**

**Kroll's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**If by First Class Mail, Overnight Courier, or Hand Delivery:**

**Bitcoin Depot Inc. Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange hand delivery of your Ballot, please contact the Solicitation Agent via email at bitcoindepotballots@ra.kroll.com (with "Bitcoin Depot Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.**

**PLEASE READ THE ATTACHED VOTING INFORMATION**
**AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**Item 1.** ***Amount of Class 4 Equipment Financing Agreement Claim.*** [3] The undersigned hereby certifies that on **June 22, 2026**, the Voting Record Date, the undersigned was the record Holder (or authorized signatory of such a Holder) of an Equipment Financing Agreement Claim in Class 4 under the Combined Disclosure Statement and Plan, in the aggregate unpaid amount of:

| |
|---|
| **Claim Amount: $ _______________** |
| **Debtor:__________________________________** |

***Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes.***

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO THE DEBTOR AGAINST WHOM YOU HAVE A EQUIPMENT FINANCING AGREEMENT CLAIM, AS REFLECTED ABOVE IN ITEM 1.**

**Item 2.** ***Vote on the Combined Disclosure Statement and Plan.*** The undersigned Holder of an Equipment Financing Agreement Claim in Class 4 under the Combined Disclosure Statement and Plan, as described in Item 1 above, votes all such Claims to (check one box):

☐ **Accept** the Combined Disclosure Statement and Plan

OR

☐ **Reject** the Combined Disclosure Statement and Plan

**Item 3**. ***Optional Opt-Out of Releases***.

Following Confirmation, subject to Article X of the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article IX of the Combined Disclosure Statement and Plan will become effective. In determining how to cast your vote on the Combined Disclosure Statement and Plan, it is important to read the provisions contained in Article X of the Combined Disclosure Statement and Plan very carefully so that you understand how confirmation and substantial consummation of the Combined Disclosure Statement and Plan—which effectuates such provisions—will affect you and any

[3] For voting purposes only, subject to tabulation rules.

Claim(s) you may hold against the Debtors and/or certain other Released Parties specified in the Combined Disclosure Statement and Plan.[4]

Article IX.C of the Combined Disclosure Statement and Plan contains the following provision:

*C. Releases by the Releasing Parties[5] Other Than the Debtors*

**Notwithstanding anything contained herein to the contrary, upon and as of the Effective Date, each Releasing Party (other than the Debtors and the Estates) releases each Debtor, the Estates, and each other Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors and the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), any securities issued by the Debtors and the ownership thereof, the Term Loan Facility, the Equipment Financing Agreements, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to claims actually asserted and pursued against the Debtors), intercompany transactions, the Chapter 11 Cases, the Canadian Proceedings, the**

---

4 "***Released Party***" means each Person or Entity identified as a Released Party in the Plan Supplement as recommended by the Independent Subcommittee and filed on the Bankruptcy Court's docket no later than July 7, 2026, which may include, each of the following solely in its capacity as such and the extent permitted by applicable law: (a)(i) the Debtors; (ii) the Estates; and (iii) with respect to each Debtor, each Debtor's directors, managers, members, officers, principals, committees (including special committees or subcommittees), the Investigation Subcommittee, Restructuring Committee, Chief Restructuring Officer, the Information Officer; (iv) each Related Party of each Entity in clauses (a)(i)-(a)(iii); and (b)(i) the Committee and its members, each in their capacities as such; and (ii) with respect to the Committee, its retained Professionals, including its attorneys, and financial advisors; *provided*, *however*, that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases set forth in Article IX of the Combined Disclosure Statement and Plan; or (y) timely objects to the releases set forth in Article IX of the Combined Disclosure Statement and Plan and such objection is not resolved before Confirmation. For the avoidance of doubt, the Non-Released Parties shall not be a "Released Party" under the Combined Disclosure Statement and Plan and shall not receive a release under the Combined Disclosure Statement and Plan. **For more information on the Released Parties, see Articles I.G, I.H, and I.I of the Combined Disclosure Statement and Plan describing the Independent Investigation, the Committee Investigation, and Potential Released Parties**.

**Interested parties will be able to obtain and view the list of identified Released Parties no later than July 7, 2026, free of charge at the following website: https://restructuring.ra.kroll.com/bitcoindepot**.

5 "***Releasing Parties***" means each of the following, solely in its capacity as such: (a)(i) the Debtors; and (ii) the Estates; (b)(i) all Holders of Claims and Interests that vote to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (ii) all Holders of Claims or Interests whose vote to accept or reject the Combined Disclosure Statement and Plan is solicited but that do not vote either to accept or to reject the Combined Disclosure Statement and Plan and do not opt out of granting the releases set forth herein; (iii) all Holders of Claims or Interests that are presumed to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (vi) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's current and former Affiliates; (v) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's Related Party for which such Entity is legally entitled to bind such Related Party to the releases contained in the Combined Disclosure Statement and Plan under applicable law (in each case, solely in its capacity as such); and (c)(i) the members of any statutory committee, including the Committee, appointed in the Chapter 11 Cases and (ii) such committee's Professionals.

**formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, or any 363 Asset Sale, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, any 363 Asset Sale, the Chapter 11 Cases, the Canadian Proceedings, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the Sales Process, the administration and implementation of the Combined Disclosure Statement and Plan, the Sales Process, or the distribution of property under the Combined Disclosure Statement and Plan, the Sales Process, or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any Person or Entity under the Combined Disclosure Statement and Plan, any 363 Asset Sale Transaction Documents, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Combined Disclosure Statement and Plan or any 363 Asset Sale; (b) any Non-Released Party; or (c) any Person or Entity from any claim or Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by such Person or Entity.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing releases, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (a) consensual; (b) essential to the Confirmation of the Combined Disclosure Statement and Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the claims released by the Releasing Parties; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing releases.**

Check the box below if you elect not to grant the releases contained in Article IX.C of the Combined Disclosure Statement and Plan. Election to withhold consent is at your option. If you submit a Ballot accepting or rejecting the Combined Disclosure Statement and Plan, or if you abstain from submitting a Ballot, and in either case, you do not check the box below, you will be deemed to consent to the releases contained in Article IX.C of the Combined Disclosure Statement and Plan to the fullest extent permitted by applicable law. Please be advised that your decision to opt out does not affect the amount of distribution you will receive under the Combined Disclosure Statement and Plan. Specifically, your recovery under the Combined Disclosure Statement and Plan will be the same whether or not you opt out of the releases contained in Article IX.C of the Combined Disclosure Statement and Plan.

**<u>The Holder of a Class 4 Equipment Financing Agreement Claim set forth in Item 1 elects to</u>:**

☐ **OPT OUT** of the Releases Contained in Article IX.C of the Combined Disclosure Statement and Plan

**IF YOU VOTE TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOU DO NOT CHECK THE "OPT OUT" BOX IN ITEM 3 AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES OF THE RELEASED PARTIES SET FORTH IN ARTICLE IX.C OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

**IF YOU ABSTAIN FROM VOTING ON THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOU DO NOT TIMELY SUBMIT YOUR BALLOT WITH THE "OPT OUT" BOX IN ITEM 3 CHECKED, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES OF THE RELEASED PARTIES SET FORTH IN ARTICLE IX.C OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

**Item 4:** ***Certifications.*** By returning this Ballot, the undersigned Holder of a Class 4 Equipment Financing Agreement Claim under the Combined Disclosure Statement and Plan, as described in Item 1 above, certifies that (a)(i) it was the record Holder of the Claims described in Item 1 on June 22, 2026, and/or (ii) it has full power and authority to vote to accept or reject the Combined Disclosure Statement and Plan; (b) it has received a copy of the Combined Disclosure Statement and Plan (and all attachments and supplements thereto); (c) the Holder has cast the same vote with respect to all of its Class 4 Claims described in Item 1; and (d) no other Class 4 Ballots with respect to the amount of the Claims described in Item 1 have been cast or, if any other Class 4 Ballots have been cast with respect to such Claims, then any such earlier Class 4 Ballots are hereby revoked. The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Combined Disclosure Statement and Plan.

Name of Holder: ______________________________

Signature: ______________________________

| | |
|---|---|
| Print Name: | ______________________________ |
| Title: | ______________________________ |
| Street Address: | ______________________________ |
| City, State and Zip Code: | ______________________________ |
| Telephone Number: | ______________________________ |
| Email Address: | ______________________________ |
| Date Completed: | ______________________________ |

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE RECEIVED NO LATER THAN 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED, EXCEPT IN THE DEBTORS' DISCRETION.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CALL THE SOLICITATION AGENT AT (844) 339-4117 (U.S./CANADA, TOLL FREE) OR +1 (332) 232-7827 (INTERNATIONAL, TOLL) OR EMAIL AT BITCOINDEPOTINFO@RA.KROLL.COM WITH A REFERENCE TO "BITCOIN DEPOT SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

1. In order for your vote to count, you must:

   a) In Item 2, indicate either acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

   b) Make sure to read the information regarding releases in Item 3 and check the box **if you elect to opt out** of the releases;

   c) Review the certifications in Item 4 of the Ballot; and either

      i. electronically complete, sign, and return your customized electronic Ballot by utilizing the "E-Ballot" platform on Kroll's website so that it is **actually received** by Kroll no later than the Voting Deadline of 5:00 P.M. Central Time on July 30, 2026 (unless such time is extended by the Debtors); **OR**

      ii. complete, sign, and return your Ballot by first class mail, overnight courier or hand delivery per mailing instructions provided above so that it is **actually received** by Kroll no later than the Voting Deadline of 5:00 P.M. Central Time on July 30, 2026 (unless such time is extended by the Debtors). A pre-addressed, postage pre-paid return envelope is enclosed for your convenience. Any unsigned Ballot will not be counted.

2. **The method of delivery of your Ballot is at your election and at your own risk. YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM. Kroll's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Kroll's website. Your Ballot must be received by Kroll no later than the Voting Deadline, unless such time is extended by the Debtors.**

**Creditors who cast a Ballot using Kroll's "E-Ballot" platform should NOT also submit a paper Ballot.**

If you are unable to use the E-Ballot platform or need assistance from Kroll in completing and submitting your Ballot, please contact Kroll by email—with a reference to "Bitcoin Depot Solicitation Inquiry" in the subject line—to: bitcoindepotinfo@ra.kroll.com or by telephone at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll).

3. A properly completed, executed, and timely-returned Ballot that either (a) indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan or (b) fails to indicate either an acceptance or rejection of the Combined Disclosure Statement and Plan will not be counted.

4. You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan. Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Combined Disclosure Statement and Plan will not be counted.

5. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot. If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

6. Any Ballot cast by a person or entity that did not hold a Claim in Class 4 (Equipment Financing Agreement Claims) as of the Voting Record Date will not be counted.

7. Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

8. The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

9. It is important that you vote. The Combined Disclosure Statement and Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of (a) at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Combined Disclosure Statement and Plan and (b) at least two-thirds in number of Interests in each Class entitled to vote and that actually vote on the Combined Disclosure Statement and Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Combined Disclosure Statement and Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

10. Each Ballot you receive is for voting only your Claim described in that Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class 4 Equipment Financing Agreement Claims.

11. The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Combined Disclosure Statement and Plan. Holders should not surrender, at this time, certificates (if any) representing their securities. No party will accept delivery of any such certificates surrendered together with this Ballot.

12. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE COMBINED DISCLOSURE STATEMENT AND PLAN.

13. PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT KROLL BY EMAIL—WITH A REFERENCE TO "BITCOIN DEPOT SOLICITATION INQUIRY" IN THE SUBJECT LINE—TO: BITCOINDEPOTINFO@RA.KROLL.COM OR BY TELEPHONE AT (844) 339-4117 (U.S./CANADA, TOLL FREE) or +1 (332) 232-7827 (INTERNATIONAL, TOLL). THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.

# <u>EXHIBIT D</u>

## Form of Class 5 General Unsecured Claims Ballot

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**IMPORTANT: THE DEBTORS' CHAPTER 11 CASES HAVE BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT. THE COMPANY INTENDS TO PROMPTLY SEEK CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN BY THE COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT**
**OR REJECT THE DEBTORS' COMBINED**
**DISCLOSURE STATEMENT AND CHAPTER 11 PLAN FOR**
**BITCOIN DEPOT INC. AND ITS DEBTOR AFFILIATES**

***CLASS 5 – GENERAL UNSECURED CLAIMS***

**THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT IS 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026 (THE "*VOTING DEADLINE*").**

**IF YOUR BALLOT IS NOT RECEIVED ON OR PRIOR TO THE VOTING DEADLINE, THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTORS' DISCRETION.**

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

Bitcoin Depot Inc. and its affiliated debtors listed in footnote 1 (collectively, the "***Debtors***") have provided you with this ballot (the "***Ballot***") to solicit your vote to accept or reject the *Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (as may be modified, amended, or supplemented, the "***Combined Disclosure Statement and Plan***"), which is being proposed by the Debtors.[2]

If you are, **on June 22, 2026** (the "***Voting Record Date***"), a Holder of a Class 5 General Unsecured Claim against any of the Debtors, please use this Ballot to cast your vote to accept or reject the Combined Disclosure Statement and Plan, which accompanies this Ballot.

The Debtors have already commenced cases under chapter 11 of the Bankruptcy Code (these "***Chapter 11 Cases***"). The Combined Disclosure Statement and Plan has not yet been approved by any court with respect to whether it contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code. The Debtors intend to seek approval and confirmation of the Combined Disclosure Statement and Plan at a combined hearing before the Court (the "***Combined Hearing***"), on a date and time to be announced.

The Combined Disclosure Statement and Plan, as well as all other documents filed on the docket, are available for review and download free of charge on the Debtors' restructuring website maintained by the Solicitation Agent (as defined below) at https://restructuring.ra.kroll.com/bitcoindepot. They are also available for review for a fee on the Court's website at www.txs.uscourts.gov and are on file with the Clerk of the Court, 4th Floor, 515 Rusk Street, Houston, Texas 77002, where they are available for review during normal operating hours. Printed copies of the Combined Disclosure Statement and Plan may be obtained free of charge by contacting the Solicitation Agent via (a) telephone at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll) or (b) email at bitcoindepotinfo@ra.kroll.com (with "Bitcoin Depot Solicitation Inquiry" in the subject line).

Before you transmit your vote, please review the Combined Disclosure Statement and Plan, and all related documents enclosed herewith carefully. The Combined Disclosure Statement and Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of (a) at least two-thirds in dollar amount and more than one-half in number of Claims in each Class of Claims entitled to vote and that actually vote on the Combined Disclosure Statement and Plan and (b) at least two-thirds in number of Interests in each Class of Interests entitled to vote and that actually vote on the Combined Disclosure Statement and Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Combined Disclosure Statement and Plan), the Court may nonetheless confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

---

[2] Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Combined Disclosure Statement and Plan.

Please note that the Combined Disclosure Statement and Plan contemplates separate Classes of Claims and Interests for voting and distribution purposes. Depending on the nature of the Claims or Interests that are held in or against the Debtors, a creditor may have Claims and/or Interests in multiple Classes. The Combined Disclosure Statement and Plan sets forth a description of the Classes.

Your receipt of this Ballot does not signify that your Claim has been or will be Allowed. This Ballot is solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and not for the purpose of allowance or disallowance of or distribution on account of Class 5 General Unsecured Claims. You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Please also note that the Combined Disclosure Statement and Plan may be modified as described in Article XI of the Combined Disclosure Statement and Plan. If the Combined Disclosure Statement and Plan is so modified, the Debtors may not be required to and, accordingly, may not resolicit votes on the Combined Disclosure Statement and Plan. In such case, a vote to accept the Combined Disclosure Statement and Plan submitted prior to the Voting Deadline will be considered a vote to accept the Combined Disclosure Statement and Plan as so modified.**

If you have any questions on how to properly complete this Ballot, please call Kroll Restructuring Administration, LLC, the Debtors' claims, noticing, and solicitation agent (the "***Solicitation Agent***" or "***Kroll***") at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll) or email—with a reference to "Bitcoin Depot Solicitation Inquiry" in the subject line—to bitcoindepotinfo@ra.kroll.com. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE BELOW INSTRUCTIONS CAREFULLY. COMPLETE, SIGN (ELECTRONIC SIGNATURE IS ACCEPTABLE) AND DATE YOUR CUSTOMIZED BALLOT (PURSUANT TO THE INSTRUCTIONS BELOW), AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE OF <u>5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026</u> IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN. IF THIS BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTORS' DISCRETION.**

**IMPORTANT**

**You should carefully review the Combined Disclosure Statement and Plan before you vote. You may wish to seek legal or other professional advice concerning the Combined Disclosure Statement and Plan and your General Unsecured Claim. Your General Unsecured Claim against the Debtors has been placed in Class 5 under the Combined Disclosure Statement and Plan.**

**VOTING DEADLINE: 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026.**

**If your Ballot is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, your vote will not count except in the Debtors' discretion.**

**If the Combined Disclosure Statement and Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THE BALLOT, (B) DID NOT RECEIVE A COPY OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR (C) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT BY CALLING (844) 339-4117 (U.S./CANADA, TOLL FREE) OR +1 (332) 232-7827 (INTERNATIONAL, TOLL) OR EMAIL—WITH A REFERENCE TO "BITCOIN DEPOT SOLICITATION INQUIRY" IN THE SUBJECT LINE— BITCOINDEPOTINFO@RA.KROLL.COM. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE COURT. THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**VOTING DEADLINE: JULY 30, 2026 AT 5:00 P.M. (CENTRAL TIME)**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by the Solicitation Agent by no later than July 30, 2026 at 5:00 p.m. (Central Time), unless such time is extended in writing by the Debtors. Please submit a Ballot with your vote in the envelope provided or by *one* of the following methods:**

**If Submitting Your Vote through the E-Balloting Portal**

**Kroll will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://restructuring.ra.kroll.com/bitcoindepot, and under the Case Navigation section of the website, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:____________________________________________**

**Kroll's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.**

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Bitcoin Depot Inc. Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange hand delivery of your Ballot, please contact the Solicitation Agent via email at bitcoindepotballots@ra.kroll.com (with "Bitcoin Depot Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.**

**PLEASE READ THE ATTACHED VOTING INFORMATION**
**AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**Item 1.** ***Amount of Class 5 General Unsecured Claim.*** [3] The undersigned hereby certifies that on **June 22, 2026**, the Voting Record Date, the undersigned was the record Holder (or authorized signatory of such a Holder) of a General Unsecured Claim in Class 5 under the Combined Disclosure Statement and Plan, in the aggregate unpaid amount of:

**Claim Amount: $ _______________**

**Debtor:______________________________**

***Any admission of Claims for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes.***

**YOUR VOTE ON THIS BALLOT WILL BE APPLIED TO THE DEBTOR AGAINST WHOM YOU HAVE A GENERAL UNSECURED CLAIM, AS REFLECTED ABOVE IN ITEM 1.**

**Item 2.** ***Vote on the Combined Disclosure Statement and Plan.*** The undersigned Holder of a General Unsecured Claim in Class 5 under the Combined Disclosure Statement and Plan, as described in Item 1 above, votes all such Claims to (check one box):

☐ **Accept** the Combined Disclosure Statement and Plan

OR

☐ **Reject** the Combined Disclosure Statement and Plan

**Item 3**. ***Optional Opt-Out of Releases***.

Following Confirmation, subject to Article X of the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article IX of the Combined Disclosure Statement and Plan will become effective. In determining how to cast your vote on the Combined Disclosure Statement and Plan, it is important to read the provisions contained in Article X of the Combined Disclosure Statement and Plan very carefully so that you understand how confirmation and substantial consummation of the Combined Disclosure Statement and Plan—which effectuates such provisions—will affect you and any

[3] For voting purposes only, subject to tabulation rules.

Claim(s) you may hold against the Debtors and/or certain other Released Parties specified in the Combined Disclosure Statement and Plan.[4]

Article IX.C of the Combined Disclosure Statement and Plan contains the following provision:

*C. Releases by the Releasing Parties[5] Other Than the Debtors*

**Notwithstanding anything contained herein to the contrary, upon and as of the Effective Date, each Releasing Party (other than the Debtors and the Estates) releases each Debtor, the Estates, and each other Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors and the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), any securities issued by the Debtors and the ownership thereof, the Term Loan Facility, the Equipment Financing Agreements, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to claims actually asserted and pursued against the Debtors), intercompany transactions, the Chapter 11 Cases, the Canadian Proceedings, the**

---

4 "***Released Party***" means each Person or Entity identified as a Released Party in the Plan Supplement as recommended by the Independent Subcommittee and filed on the Bankruptcy Court's docket no later than July 7, 2026, which may include, each of the following solely in its capacity as such and the extent permitted by applicable law: (a)(i) the Debtors; (ii) the Estates; and (iii) with respect to each Debtor, each Debtor's directors, managers, members, officers, principals, committees (including special committees or subcommittees), the Investigation Subcommittee, Restructuring Committee, Chief Restructuring Officer, the Information Officer; (iv) each Related Party of each Entity in clauses (a)(i)-(a)(iii); and (b)(i) the Committee and its members, each in their capacities as such; and (ii) with respect to the Committee, its retained Professionals, including its attorneys, and financial advisors; *provided*, *however*, that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases set forth in Article IX of the Combined Disclosure Statement and Plan; or (y) timely objects to the releases set forth in Article IX of the Combined Disclosure Statement and Plan and such objection is not resolved before Confirmation. For the avoidance of doubt, the Non-Released Parties shall not be a "Released Party" under the Combined Disclosure Statement and Plan and shall not receive a release under the Combined Disclosure Statement and Plan. **For more information on the Released Parties, see Articles I.G, I.H, and I.I of the Combined Disclosure Statement and Plan describing the Independent Investigation, the Committee Investigation, and Potential Released Parties**.

**Interested parties will be able to obtain and view the list of identified Released Parties no later than July 7, 2026, free of charge at the following website: https://restructuring.ra.kroll.com/bitcoindepot**.

5 "***Releasing Parties***" means each of the following, solely in its capacity as such: (a)(i) the Debtors; and (ii) the Estates; (b)(i) all Holders of Claims and Interests that vote to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (ii) all Holders of Claims or Interests whose vote to accept or reject the Combined Disclosure Statement and Plan is solicited but that do not vote either to accept or to reject the Combined Disclosure Statement and Plan and do not opt out of granting the releases set forth herein; (iii) all Holders of Claims or Interests that are presumed to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (vi) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's current and former Affiliates; (v) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's Related Party for which such Entity is legally entitled to bind such Related Party to the releases contained in the Combined Disclosure Statement and Plan under applicable law (in each case, solely in its capacity as such); and (c)(i) the members of any statutory committee, including the Committee, appointed in the Chapter 11 Cases and (ii) such committee's Professionals.

**formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, or any 363 Asset Sale, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, any 363 Asset Sale, the Chapter 11 Cases, the Canadian Proceedings, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the Sales Process, the administration and implementation of the Combined Disclosure Statement and Plan, the Sales Process, or the distribution of property under the Combined Disclosure Statement and Plan, the Sales Process, or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any Person or Entity under the Combined Disclosure Statement and Plan, any 363 Asset Sale Transaction Documents, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Combined Disclosure Statement and Plan or any 363 Asset Sale; (b) any Non-Released Party; or (c) any Person or Entity from any claim or Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by such Person or Entity.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing releases, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (a) consensual; (b) essential to the Confirmation of the Combined Disclosure Statement and Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the claims released by the Releasing Parties; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing releases.**

Check the box below if you elect not to grant the releases contained in Article IX.C of the Combined Disclosure Statement and Plan. Election to withhold consent is at your option. If you submit a Ballot accepting or rejecting the Combined Disclosure Statement and Plan, or if you abstain from submitting a Ballot, and in either case, you do not check the box below, you will be deemed to consent to the releases contained in Article IX.C of the Combined Disclosure Statement and Plan to the fullest extent permitted by applicable law. Please be advised that your decision to opt out does not affect the amount of distribution you will receive under the Combined Disclosure Statement and Plan. Specifically, your recovery under the Combined Disclosure Statement and Plan will be the same whether or not you opt out of the releases contained in Article IX.C of the Combined Disclosure Statement and Plan.

**<u>The Holder of a Class 5 General Unsecured Claim set forth in Item 1 elects to</u>:**

☐ **OPT OUT** of the Releases Contained in Article IX.C of the Combined Disclosure Statement and Plan

| |
|---|
| **IF YOU VOTE TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOU DO NOT CHECK THE "OPT OUT" BOX IN ITEM 3 AND TIMELY SUBMIT YOUR BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES OF THE RELEASED PARTIES SET FORTH IN ARTICLE IX.C OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.** |
| **IF YOU ABSTAIN FROM VOTING ON THE COMBINED DISCLOSURE STATEMENT AND PLAN AND YOU DO NOT TIMELY SUBMIT YOUR BALLOT WITH THE "OPT OUT" BOX IN ITEM 3 CHECKED, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES OF THE RELEASED PARTIES SET FORTH IN ARTICLE IX.C OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.** |

**Item 4:** ***Certifications.*** By returning this Ballot, the undersigned Holder of a Class 5 General Unsecured Claim under the Combined Disclosure Statement and Plan, as described in Item 1 above, certifies that (a)(i) it was the record Holder of the Claims described in Item 1 on June 22, 2026, and/or (ii) it has full power and authority to vote to accept or reject the Combined Disclosure Statement and Plan; (b) it has received a copy of the Combined Disclosure Statement and Plan (and all attachments and supplements thereto); (c) the Holder has cast the same vote with respect to all of its Class 5 Claims described in Item 1; and (d) no other Class 5 Ballots with respect to the amount of the Claims described in Item 1 have been cast or, if any other Class 5 Ballots have been cast with respect to such Claims, then any such earlier Class 5 Ballots are hereby revoked. The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Combined Disclosure Statement and Plan.

| | |
|---|---|
| Name of Holder: | ______________________________ |
| Signature: | ______________________________ |
| Print Name: | ______________________________ |

| | |
|---|---|
| Title: | ______________________________ |
| Street Address: | ______________________________ |
| City, State and Zip Code: | ______________________________ |
| Telephone Number: | ______________________________ |
| Email Address: | ______________________________ |
| Date Completed: | ______________________________ |

**PLEASE PROMPTLY RETURN YOUR COMPLETED BALLOT.**

**BALLOTS MAY BE SUBMITTED VIA THE E-BALLOT PORTAL, IN THE RETURN ENVELOPE PROVIDED, OR AS DIRECTED IN THE VOTING INSTRUCTIONS.**

**IN ORDER TO COUNT, YOUR COMPLETED BALLOT MUST BE RECEIVED NO LATER THAN 5:00 P.M. (CENTRAL TIME) ON JULY 30, 2026 OR THE VOTES TRANSMITTED THEREBY WILL NOT BE COUNTED, EXCEPT IN THE DEBTORS' DISCRETION.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS BALLOT, THE COMBINED DISCLOSURE STATEMENT AND PLAN, OR OTHER RELATED MATERIALS OR DOCUMENTS, PLEASE CALL THE SOLICITATION AGENT AT (844) 339-4117 (U.S./CANADA, TOLL FREE) OR +1 (332) 232-7827 (INTERNATIONAL, TOLL) OR EMAIL AT BITCOINDEPOTINFO@RA.KROLL.COM WITH A REFERENCE TO "BITCOIN DEPOT SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

## **INSTRUCTIONS FOR COMPLETING THE BALLOT**

1. In order for your vote to count, you must:

   a) In Item 2, indicate either acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

   b) Make sure to read the information regarding releases in Item 3 and check the box **if you elect to opt out** of the releases;

   c) Review the certifications in Item 4 of the Ballot; and either

      i. electronically complete, sign, and return your customized electronic Ballot by utilizing the "E-Ballot" platform on Kroll's website so that it is **actually received** by Kroll no later than the Voting Deadline of 5:00 P.M. Central Time on July 30, 2026 (unless such time is extended by the Debtors); **OR**

      ii. complete, sign, and return your Ballot by first class mail, overnight courier or hand delivery per mailing instructions provided above so that it is **actually received** by Kroll no later than the Voting Deadline of 5:00 P.M. Central Time on July 30, 2026 (unless such time is extended by the Debtors). A pre-addressed, postage pre-paid return envelope is enclosed for your convenience. Any unsigned Ballot will not be counted.

2. **The method of delivery of your Ballot is at your election and at your own risk. YOU ARE STRONGLY ENCOURAGED TO SUBMIT YOUR BALLOT VIA THE E-BALLOT PLATFORM. Kroll's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted. If voting online, to have your vote counted, you must electronically complete, sign, and submit the electronic Ballot by utilizing the E-Ballot platform on Kroll's website. Your Ballot must be received by Kroll no later than the Voting Deadline, unless such time is extended by the Debtors.**

**Creditors who cast a Ballot using Kroll's "E-Ballot" platform should NOT also submit a paper Ballot.**

If you are unable to use the E-Ballot platform or need assistance from Kroll in completing and submitting your Ballot, please contact Kroll by email—with a reference to "Bitcoin Depot Solicitation Inquiry" in the subject line—to: bitcoindepotinfo@ra.kroll.com or by telephone at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll).

3. A properly completed, executed, and timely-returned Ballot that either (a) indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan or (b) fails to indicate either an acceptance or rejection of the Combined Disclosure Statement and Plan will not be counted.

4. You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan. Accordingly, a Ballot (or multiple Ballots with respect to Claims within a single Class) that partially rejects and partially accepts the Combined Disclosure Statement and Plan will not be counted.

5. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last valid Ballot timely received shall be deemed to reflect the voter's intent and shall supersede and revoke any earlier received Ballot. If you simultaneously cast inconsistent duplicate Ballots with respect to the same Claim, such Ballots shall not be counted.

6. Any Ballot cast by a person or entity that did not hold a Claim in Class 5 (General Unsecured Claims) as of the Voting Record Date will not be counted.

7. Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

8. The Ballot does not constitute, and shall not be deemed to be, a proof of claim or equity interest or an assertion or admission of a Claim or an Interest.

9. It is important that you vote. The Combined Disclosure Statement and Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of (a) at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Combined Disclosure Statement and Plan and (b) at least two-thirds in number of Interests in each Class entitled to vote and that actually vote on the Combined Disclosure Statement and Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. The votes of Claims actually voted in your Class will bind both those who vote and those who do not vote. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan: (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Combined Disclosure Statement and Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

10. Each Ballot you receive is for voting only your Claim described in that Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Class 5 General Unsecured Claims.

11. The Ballot is not a letter of transmittal and may not be used for any purposes other than to cast a vote to accept or reject the Combined Disclosure Statement and Plan. Holders should not surrender, at this time, certificates (if any) representing their securities. No party will accept delivery of any such certificates surrendered together with this Ballot.

12. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE COMBINED DISCLOSURE STATEMENT AND PLAN.

13. PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT KROLL BY EMAIL—WITH A REFERENCE TO "BITCOIN DEPOT SOLICITATION INQUIRY" IN THE SUBJECT LINE—TO: BITCOINDEPOTINFO@RA.KROLL.COM OR BY TELEPHONE AT (844) 339-4117 (U.S./CANADA, TOLL FREE) or +1 (332) 232-7827 (INTERNATIONAL, TOLL). THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.

# EXHIBIT E

## Notice of Non-Voting Status

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |

**NOTICE OF (A) NON-VOTING STATUS, (B) DEADLINE FOR FILING OBJECTIONS TO FINAL APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN AND CONFIRMATION OF PLAN, AND (C) OTHER RELEVANT INFORMATION**

**PLEASE TAKE NOTICE THAT** on May 17, 2026 (the "***Petition Date***"), Bitcoin Depot Inc., and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***Court***"). On June 24, 2026, the Debtors filed the *Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. [●]] (as may be modified, amended, or supplemented, the "***Combined Disclosure Statement and Plan***"), pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Combined Disclosure Statement and Plan may be obtained upon request of the Debtors' counsel at the address specified below and are on file with the Clerk of the Court, 515 Rusk Street, Houston, Texas 77002 where they are available for review during normal operating hours. The Combined Disclosure Statement and Plan is also available for inspection for a fee on the Court's website at www.txs.uscourts.gov or for review and download free of charge on the Debtors' restructuring website at https://restructuring.ra.kroll.com/bitcoindepot.[2] Printed copies of the Combined Disclosure Statement and Plan and the other documents filed in these chapter 11 cases may be obtained free of charge by contacting Kroll Restructuring Administration

---

1 The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Combined Disclosure Statement and Plan as applicable. The statements contained herein are summaries of the provisions contained in the Combined Disclosure Statement and Plan and do not purport to be precise or complete statements of all the terms and provisions of the Combined Disclosure Statement and Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan, as applicable, shall govern and control.

LLC, the Debtors' claims, noticing, and solicitation agent ("***Kroll***" or the "***Solicitation Agent***") via (a) telephone at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll) or (b) email at bitcoindepotinfo@ra.kroll.com (with "Bitcoin Depot Solicitation Inquiry" in the subject line).

**<u>Non-Voting Status</u>**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED. CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS MAY AFFECT YOUR RIGHTS REGARDLESS OF WHETHER YOU ARE ENTITLED TO VOTE ON THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

**ANY PERSON OR ENTITY WHO OPPOSES THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, EXCULPATION, OR INJUNCTION PROVISIONS SET FORTH THEREIN AND RESTATED BELOW, SHOULD FILE A TIMELY OBJECTION TO THE COMBINED DISCLOSURE STATEMENT AND PLAN IN ACCORDANCE WITH THIS NOTICE. UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT AT THE COMBINED HEARING.**

**You are receiving this notice (this "*Notice of Non-Voting Status*") because, under the terms of the Combined Disclosure Statement and Plan, you are a Holder of Claim(s) in a Class that has been presumed to either accept or reject the Combined Disclosure Statement and Plan (Class 1 – Senior Priority Lien Claims, Class 2 – Other Priority Claims, Class 7 – Subordinated Claims, and Class 9 – Equity Interests) and is therefore not entitled to vote on the Combined Disclosure Statement and Plan. Accordingly, this Notice of Non-Voting Status is being mailed to you for your information only. If you are a Holder of a Claim in Class 1 or**

**Class 2, this Notice of Non-Voting Status also provides you the opportunity to opt out of certain releases contained in the Combined Disclosure Statement and Plan by completing and returning the enclosed Opt-Out Form. If you are a Holder of a Claim or Interest in Classes 7 or 9, you are not required to take any action with respect to the releases, and no Opt-Out Form is enclosed with your notice.**

**If, notwithstanding this Notice of Non-Voting Status, you believe that you may have a Claim or Interest against the Debtors that should be classified in a Class that is entitled to vote on the Combined Disclosure Statement and Plan, you should immediately request the appropriate Ballot by contacting the Solicitation Agent.**

**Executory Contracts and Unexpired Leases**

On the Effective Date, except as otherwise provided herein or in any contract, instrument, release, or other agreement or document entered into in connection with the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan shall serve as a motion under sections 365 and 1123(b)(2) of the Bankruptcy Code to reject all Executory Contracts and Unexpired Leases, other than the Retained Executory Contracts and Unexpired Leases, and all Executory Contracts and Unexpired Leases shall be rejected as of the Effective Date without the need for any further notice to or action, order, or approval of the Bankruptcy Court, except for any Executory Contract or Unexpired Lease: (1) that has been assumed by the Debtors and assigned to any Purchaser in connection with a 363 Asset Sale; (2) that has been previously rejected or assumed by a Final Order; (3) that is the subject of a separate motion or notice pursuant to the Rejection Procedures to assume or reject Executory Contracts or Unexpired Leases that is pending on the Effective Date; (4) that is subject to a motion or notice pursuant to the Rejection Procedures to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date; (5) that is a Retained Executory Contract or Unexpired Lease or (6) that has previously expired or terminated pursuant to its own terms or by agreement of the parties thereto.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's order approving the rejection of Executory Contracts or Unexpired Leases as set forth herein pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Except as otherwise specifically set forth herein, the rejection of Executory Contracts and Unexpired Leases pursuant to the Combined Disclosure Statement and Plan is effective as of the Effective Date. Any motions to reject Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by the Bankruptcy Court on or after the Effective Date.

**IF YOU DO NOT OBJECT TO THE PROPOSED REJECTION OF YOUR EXECUTORY CONTRACT OR UNEXPIRED LEASE BEFORE THE OBJECTION DEADLINE: (A) YOUR EXECUTORY CONTRACT OR UNEXPIRED LEASE SHALL BE REJECTED AS OF THE EFFECTIVE DATE, IN WHICH CASE YOU WILL BE DEEMED TO HAVE CONSENTED AND WILL BE BOUND BY ORDER OF THE BANKRUPTCY COURT TO SUCH REJECTION; (B) YOU WILL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING OR CLAIMING AGAINST THE DEBTORS THAT ANY ADDITIONAL AMOUNTS ARE DUE OR DEFAULTS EXIST UNDER SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE; AND (C) ANY CLAIMS YOU HAVE FILED ON ACCOUNT OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE SHALL BE DISALLOWED AND EXPUNGED IN THESE CHAPTER 11 CASES AS TO THE DEBTORS AND THEIR RESPECTIVE ESTATES.**

**Objections to the Combined Disclosure Statement and Plan**

The deadline for filing objections to the Combined Disclosure Statement and Plan is **July 30, 2026, at 5:00 p.m. (Central Time)**. Any objections (each respectively, an "***Objection***") must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas; (c) state the name and address of the

objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors; and (d) state with particularity the legal and factual basis for such objections, and the specific grounds thereof.

Objections must be filed with the Court and served so as to be **actually received** no later than **July 30, 2026, at 5:00 p.m. (Central Time)**, by the following parties:

a. proposed counsel to the Debtors, Vinson & Elkins LLP, 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman and 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036 Attn: David S. Meyer and Jessica C. Peet;

b. counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: James Vincequerra;

c. the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen;

d. counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: James H. Burbage and Emma Kari; and

e. those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE OF NON-VOTING STATUS, IT MAY NOT BE CONSIDERED BY THE COURT.**

**AS DESCRIBED ABOVE, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

## Summary of Plan Treatment

The following chart summarizes the treatment provided by the Combined Disclosure Statement and Plan for each Class of Claims against and Interests in the Debtors, and indicates the voting status of each Class:

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| 1 | Senior Priority Lien Claims | To the extent there are any Allowed Senior Priority Lien Claims, unless the Holder of such Claim and the applicable Debtor or the Liquidation Trustee, as applicable, agree to a different treatment, on the Effective Date, or as soon as practicable thereafter, each Holder of an Allowed Senior Priority Lien Claim (if any) shall receive, at the option of the applicable Debtor or the Liquidation Trustee:<br>payment in full in Cash of its Allowed Senior Priority Lien Claim;<br>the collateral securing its Allowed Senior Priority Lien Claim; or<br>such other treatment that renders its Allowed Senior Priority Lien Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code. | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 2 | Other Priority Claims | Each Holder of an Allowed Other Priority Claim shall receive, at the option of the Debtors or the Liquidation Trustee, payment in full in Cash on the Effective Date, or treatment otherwise consistent with section 1129(a)(9)(c) of the Bankruptcy Code, unless the Holder of such Claim and the applicable Debtor or the Liquidation Trustee, as applicable, agree to a less favorable different treatment. | Unimpaired | Not Entitled to Vote (Deemed to Accept) |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| 3 | Term Loan Claims | In full and final satisfaction, compromise, settlement, release, and discharge of its Claim (unless the applicable Holder agrees to a less favorable treatment), each Holder of an Allowed Term Loan Claim shall receive on the Effective Date or as soon as reasonably practicable thereafter from Cash on deposit in the Adequate Protection Account: (i) in the event of a Term Loan Settlement, such Holder's *Pro Rata* share of the Term Loan Settlement Amount, or (ii) after Allowance by a Final Order, Cash in an amount equal to such Holder's contractual share of the Allowed Term Loan Claims. | Impaired | Entitled to Vote |
| 4 | Equipment Financing Agreement Claims | In full and final satisfaction, compromise, settlement, release, and discharge of its Claim (unless the applicable Holder agrees to a less favorable treatment), each Holder of an Allowed Equipment Financing Agreement Claim shall receive on the Effective Date or as soon as reasonably practicable thereafter: (i) Cash in an amount equal to such Holder's applicable Equipment Financing Agreement Collateral Proceeds, and (ii) solely to the extent the amount of such Holder's Allowed Equipment Financing Agreement Claims as of the Petition Date exceeds the applicable Equipment Financing Agreement Collateral Proceeds, such Holder's *Pro Rata* share of Liquidation Trust Interests. | Impaired | Entitled to Vote |
| 5 | General Unsecured Claims | Each Holder of an Allowed General Unsecured Claim shall receive on the Effective Date or as soon as reasonably practicable thereafter its *Pro Rata* share of the Liquidation Trust Interests. | Impaired | Entitled to Vote |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| 6 | Intercompany Claims | On the Effective Date, Allowed Intercompany Claims, shall, at the election of the Liquidation Trustee, and subject to the orders of the CCAA Court in the Canadian Proceedings, be (a) Reinstated, (b) converted to equity, (c) otherwise set off, settled, distributed, contributed, cancelled, or released, or (d) otherwise addressed at the option of the Liquidation Trustee without any distribution, in each case in accordance with the Liquidation Trust Agreement. For the avoidance of doubt, no Intercompany Claim shall be entitled to vote or to receive a distribution under this Combined Disclosure Statement and Plan. For the avoidance of doubt, no Holder of an Intercompany Claim shall become a beneficiary of the Liquidation Trust. | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |
| 7 | Subordinated Claims | Holders of Subordinated Claims shall not receive any distribution on account of such Subordinated Claims. On the Effective Date, all Subordinated Claims shall be discharged, cancelled, released, and extinguished as of the Effective Date, and shall be of no further force or effect. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Intercompany Interests | On the Effective Date, Allowed Intercompany Interests shall, at the election of the Liquidation Trustee, and subject to the orders of the CCAA Court in the Canadian Proceedings, be (a) Reinstated, (b) set off, settled, addressed, distributed, contributed, merged, cancelled, or released, or (c) otherwise addressed at the option of the Liquidation Trustee, without any distribution, in each case in accordance with the Liquidation Trust Agreement. For the avoidance of doubt, no Holder of an Intercompany | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| | | Interest shall become a beneficiary of the Liquidation Trust. | | |
| 9 | Equity Interests | Holders of Equity Interests will not receive any distribution or property, on account of such Interests, which will be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect. | Impaired | Not Entitled to Vote (Deemed to Reject) |

**Releases, Exculpation, and Injunctions**

Please be advised that Article IX of the Combined Disclosure Statement and Plan contains certain release, exculpation, and injunction provisions as follows:

**Relevant Definitions**

"***Released Party***" means each Person or Entity identified as a Released Party in the Plan Supplement as recommended by the Independent Subcommittee and filed on the Bankruptcy Court's docket no later than July 7, 2026, which may include, each of the following solely in its capacity as such and the extent permitted by applicable law: (a)(i) the Debtors; (ii) the Estates; and (iii) with respect to each Debtor, each Debtor's directors, managers, members, officers, principals, committees (including special committees or subcommittees), the Investigation Subcommittee, Restructuring Committee, Chief Restructuring Officer, the Information Officer; (iv) each Related Party of each Entity in clauses (a)(i)-(a)(iii); and (b)(i) the Committee and its members, each in their capacities as such; and (ii) with respect to the Committee, its retained Professionals, including its attorneys, and financial advisors; provided, however, that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases set forth in Article IX of the Combined Disclosure Statement and Plan; or (y) timely objects to the releases set forth in Article IX of the Combined Disclosure Statement and Plan and such objection is not resolved before Confirmation. For the avoidance of doubt, the Non-Released Parties shall not be a "Released Party" under the Combined Disclosure Statement and Plan and shall not receive a release under the Combined Disclosure Statement and Plan. **For more information on the Released Parties, see Articles I.G, I.H, and I.I of the Combined Disclosure Statement and Plan describing the Independent Investigation, the Committee Investigation, and Potential Released Parties.**

**Interested parties will be able to obtain and view the list of identified Released Parties no later than July 7, 2026, free of charge at the following website: https://restructuring.ra.kroll.com/bitcoindepot**.

"***Releasing Parties***" means each of the following, solely in its capacity as such: (a)(i) the Debtors; and (ii) the Estates; (b)(i) all Holders of Claims and Interests that vote to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (ii) all Holders of Claims or Interests whose vote to accept or reject the Combined

Disclosure Statement and Plan is solicited but that do not vote either to accept or to reject the Combined Disclosure Statement and Plan and do not opt out of granting the releases set forth herein; (iii) all Holders of Claims or Interests that are presumed to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (vi) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's current and former Affiliates; (v) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's Related Party for which such Entity is legally entitled to bind such Related Party to the releases contained in the Combined Disclosure Statement and Plan under applicable law (in each case, solely in its capacity as such); and (c)(i) the members of any statutory committee, including the Committee, appointed in the Chapter 11 Cases and (ii) such committee's Professionals.

"***Exculpated Parties***" means the following Entities, each in their respective capacities as such: (a) the Debtors; (b) the Investigation Subcommittee; (c) the Committee; and (d) the members of the Committee and any other statutory committee appointed in the Chapter 11 Cases.

**RELEASES BY THE DEBTORS**

**Notwithstanding anything contained herein to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on the Effective Date, each Released Party is deemed released by the Debtors and their Estates from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors or the Estates, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), any securities issued by the Debtors and the ownership thereof, the Term Loan Facility, the Equipment Financing Agreements, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims actually asserted and pursued against the Debtors), intercompany transactions, the Chapter 11 Cases, the Canadian Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, or any 363 Asset Sale, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, any 363 Asset Sale, the Chapter 11 Cases, the Canadian Proceedings, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the Sales Process, the administration and implementation of the Combined Disclosure Statement and Plan or the distribution of property under the Combined Disclosure Statement and Plan, the Sales Process, or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any Person or Entity under the Combined Disclosure Statement and Plan, any 363 Asset Sale Transaction Documents, or any document, instrument, or agreement (including those set**

**forth in the Plan Supplement) executed to implement the Combined Disclosure Statement and Plan or any 363 Asset Sale; (b) any Non-Released Party; or (c) any Person or Entity from any claim or Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by such Person or Entity.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Releases, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor Releases are: (a) in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Chapter 11 Cases, the Canadian Proceedings, and implementing the Combined Disclosure Statement and Plan; (b) a good faith settlement and compromise of the claims released by the Debtor Releases; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Liquidation Trust, Liquidation Trustee, Debtors or the Debtors' Estates asserting any claim or Cause of Action released pursuant to the Debtor Releases. Notwithstanding anything to the contrary in the foregoing, only those Parties or Entities recommended by the Investigation Subcommittee to be a Released Party shall be eligible to receive a release hereunder. Any such determination along with a summary of the findings of the Investigation Subcommittee with respect to each of the Released Parties will be included in the Plan Supplement. To the extent that the Investigation Subcommittee determines to recommend that any Debtor and the Estate thereto should not grant releases in favor of any Person or Entity with respect to any claims, obligation, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, such Person or Entity shall be deemed a Non-Released Party.**

**RELEASES BY RELEASING PARTIES OTHER THAN THE DEBTORS**

**Notwithstanding anything contained herein to the contrary, upon and as of the Effective Date, each Releasing Party (other than the Debtors and the Estates) releases each Debtor, the Estates, and each other Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors and the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), any securities issued by the Debtors and the ownership thereof, the Term Loan Facility, the Equipment Financing Agreements, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to claims actually asserted and pursued against the Debtors), intercompany transactions, the Chapter 11 Cases, the Canadian Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, or any 363 Asset Sale, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, any 363 Asset Sale, the**

**Chapter 11 Cases, the Canadian Proceedings, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the Sales Process, the administration and implementation of the Combined Disclosure Statement and Plan, the Sales Process, or the distribution of property under the Combined Disclosure Statement and Plan, the Sales Process, or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any Person or Entity under the Combined Disclosure Statement and Plan, any 363 Asset Sale Transaction Documents, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Combined Disclosure Statement and Plan or any 363 Asset Sale; (b) any Non-Released Party; or (c) any Person or Entity from any claim or Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by such Person or Entity.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing releases, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (a) consensual; (b) essential to the Confirmation of the Combined Disclosure Statement and Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the claims released by the Releasing Parties; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing releases.**

**EXCULPATION**

**Except as otherwise specifically provided herein, no Exculpated Party shall have or incur liability for and each Exculpated Party is hereby exculpated from any Cause of Action for any claim related to any act or omission taking place between the Petition Date and the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the Canadian Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, or any 363 Asset Sale, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, any 363 Asset Sale, the Chapter 11 Cases, the Canadian Proceedings, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the Sales Process, the administration and implementation of the Combined Disclosure Statement and Plan, the Sales Process, or the distribution of property under the Combined Disclosure Statement and Plan, the Sales Process, or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place between the Petition Date and the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent**

**jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence; *provided* that, to the fullest extent permitted by applicable law, such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities regarding the Chapter 11 Cases, the Canadian Proceedings, and pursuant to the Combined Disclosure Statement and Plan.**

**The Exculpated Parties shall be deemed to have participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Combined Disclosure Statement and Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Combined Disclosure Statement and Plan or distributions made pursuant to the Combined Disclosure Statement and Plan.**

**INJUNCTION**

**Except as otherwise expressly provided herein or for obligations issued or required to be paid pursuant to the Combined Disclosure Statement and Plan or the Confirmation Order, all Holders of Claims and Interests who have held, hold, or may hold Claims or Interests that are treated under this Combined Disclosure Statement and Plan, or are barred by exculpation, are enjoined, from and after the Effective Date through and until the date upon which all remaining property of the Debtors' Estates vested in any Purchaser or the Liquidation Trust, as applicable, has been liquidated and distributed to any Purchaser, creditors, or otherwise in accordance with the terms of the Combined Disclosure Statement and Plan, and the Confirmation Order and the Combined Disclosure Statement and Plan has been fully administered, subject to further extension or reduction by motion on notice, with all parties' rights with respect to such extension or reduction reserved, from taking any of the following actions against, as applicable, the Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing, in any manner or in any place, any suit, action, or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Persons or Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Persons or Entities or the property of such Persons or Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff or subrogation of any kind against any obligation due from such Persons or Entities or against the property of such Persons or Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; or (5) commencing or continuing in any manner any action or other proceeding of any kind, in each case on account of or in connection with or with respect to any such Claims or Interests treated under the Combined Disclosure Statement and Plan.**

**No Person or Entity may commence or pursue a claim or Cause of Action, as applicable, of any kind against the Exculpated Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a claim or Cause of Action, as applicable, subject to Article IX hereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or Cause of Action, as applicable, represents a colorable claim of any kind that has not been exculpated, released, or otherwise barred, and (ii) specifically authorizing such Person or Entity to bring such claim or Cause of Action, as applicable, against any such Exculpated Party; *provided, however*, that no claim or Cause of Action of any kind may be asserted, commenced or pursued against the Information Officer or any Related Party thereto without leave of the CCAA Court. At the hearing for the Bankruptcy Court to determine whether such claim or Cause of Action represents a colorable claim of any kind that has not been exculpated, released, or otherwise barred, the Bankruptcy Court may, or shall if any Exculpated Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such claim or Cause of Action File a proposed complaint with the Bankruptcy Court embodying such claim or Cause of Action, such complaint satisfying the applicable Federal Rules of Civil Procedure, including Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any Claims or Causes of Action not explicitly included in the authorized complaint or petition must obtain authorization from the Bankruptcy Court before filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by the law.**

## CRITICAL INFORMATION REGARDING THE COMBINED DISCLOSURE STATEMENT AND PLAN'S THIRD-PARTY RELEASES

ARTICLE IX OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

IF YOU ARE THE HOLDER OF A CLAIM OR INTEREST IN CLASSES 1 OR 2 AND YOU DO NOT AFFIRMATIVELY OPT OUT OF GRANTING THE THIRD-PARTY RELEASES AS DESCRIBED IN THE NOTICE OF NON-VOTING STATUS, THEN YOU WILL BE BOUND BY SUCH RELEASES.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |

**PLAN ARTICLE IX.C OPT-OUT FORM**

If you are a Holder of a Claim in Class 1 (Senior Priority Lien Claims) or Class 2 (Other Priority Claims), by checking the box below and signing this Opt-Out Form, the undersigned exercises its option to opt out of the releases in favor of the Released Parties set forth in Article IX.C of the Combined Disclosure Statement and Plan.

☐ The undersigned hereby **OPTS OUT** of the releases in favor of the Released Parties set forth in Article IX.C of the Combined Disclosure Statement and Plan.

______________________________
Date

______________________________
Name of Holder of Claim or Interest (Print or Type)

______________________________
Signature

______________________________
Name and Title of Authorized Agent (Print or Type)

______________________________
Address

______________________________
City, State, Zip

______________________________
Telephone / Email Address

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

Completed Opt-Out Forms must be actually received by the Solicitation Agent **by 5:00 p.m. Central Time on July 30, 2026.** Send your completed Opt-Out Form by **ONLY ONE** of the following means of submission:

**SUBMISSION VIA THE E-BALLOT PORTAL**

Kroll will accept Opt-Out Forms if properly completed through the E-Ballot Portal. To submit your Opt-Out Form via the E-Ballot Portal, visit https://restructuring.ra.kroll.com/bitcoindepot, under the Case Navigation section of the website, click on "Submit E-Ballot", and follow the instructions to submit your Opt-Out Form. **If you choose to submit your Opt-Out Form via the E-Ballot Portal, you should not return a hard copy of your Opt-Out Form.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Opt-Out Form:**

**Unique E-Opt-Out ID#:**____________________________________

The E-Ballot Portal is the sole manner in which Opt-Out Forms will be accepted via electronic or online transmission. Opt-Out Forms submitted by facsimile, email or other means of electronic transmission will not be counted.

**SUBMISSION VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY**

Submission of your Opt-Out Form via the E-Ballot Portal is strongly recommended. However, you may submit the completed and signed paper original of your Opt-Out Form in the prepaid business reply envelope provided or otherwise via first class mail, overnight courier, or hand delivery to the Solicitation Agent:

**If by First Class mail, overnight courier, or hand delivery:**

Bitcoin Depot Inc. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Opt-Out Form, please contact the Solicitation Agent via email at bitcoindepotballots@ra.kroll.com (with "Bitcoin Depot Opt-Out Form Delivery" in the subject line) at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Dated: [___], 2026
Houston, Texas

*/s/ [Draft]*

**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Sara Zoglman (TX 24121600)
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
Email: pheath@velaw.com
szoglman@velaw.com

-and-

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Tel: 212.237.0000
Fax: 212.237.0100
Email: dmeyer@velaw.com
jpeet@velaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT F

## Combined Hearing Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BITCOIN DEPOT INC., *et al.*, | ) | Case No. 26–90528 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |

**NOTICE OF (A) COMBINED HEARING TO CONSIDER FINAL APPROVAL OF AND CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, (B) DEADLINE FOR FILING OBJECTIONS TO FINAL APPROVAL AND CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, AND (C) OTHER RELEVANT INFORMATION**

**PLEASE TAKE NOTICE THAT** on May 17, 2026 (the "***Petition Date***"), Bitcoin Depot Inc., and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***Court***"). On June 24, 2026, the Debtors filed the *Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (as may be modified, amended, or supplemented, the "***Combined Disclosure Statement and Plan***"), pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Combined Disclosure Statement and Plan may be obtained upon request of the Debtors' counsel at the address specified below and are on file with the Clerk of the Court, 515 Rusk Street, Houston, Texas 77002 where they are available for review during normal operating hours. The Combined Disclosure Statement and Plan is also available for inspection for a fee on the Court's website at www.txs.uscourts.gov or for review and download free of charge on the Debtors' restructuring website at https://restructuring.ra.kroll.com/bitcoindepot.[2] Printed copies

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/bitcoindepot. The location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Combined Disclosure Statement and Plan as applicable. The statements contained herein are summaries of the provisions contained in the Combined Disclosure Statement and Plan and do not purport to be precise or complete statements of all the terms and provisions of the Combined Disclosure Statement and Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan, as applicable, shall govern and control.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED. CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS MAY AFFECT YOUR RIGHTS REGARDLESS OF WHETHER YOU ARE ENTITLED TO VOTE ON THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

**ANY PERSON OR ENTITY WHO OPPOSES THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, EXCULPATION, OR INJUNCTION PROVISIONS SET FORTH THEREIN AND RESTATED BELOW, SHOULD FILE A TIMELY OBJECTION TO THE COMBINED DISCLOSURE STATEMENT AND PLAN IN ACCORDANCE WITH THIS NOTICE. UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT AT THE COMBINED HEARING.**

of the Combined Disclosure Statement and Plan and the other documents filed in these chapter 11 cases may be obtained free of charge by contacting Kroll Restructuring Administration LLC, the Debtors' claims, noticing, and solicitation agent ("***Kroll***" or the "***Solicitation Agent***") via (a) telephone at (844) 339-4117 (U.S./Canada, toll free) or +1 (332) 232-7827 (international, toll) or (b) email at bitcoindepotinfo@ra.kroll.com (with "Bitcoin Depot Solicitation Inquiry" in the subject line).

**<u>Hearing on Adequacy and Confirmation of the Combined Disclosure Statement and Plan</u>**

The hearing (the "***Combined Hearing***") will be held **virtually by video conference** before the Honorable Christopher M. Lopez, United States Bankruptcy Judge, on **August 7, 2026, at 9:00 a.m. (Central Time)**, to consider the adequacy of and confirmation of the Combined Disclosure Statement and Plan, any objections thereto, and any other matter that may properly come before the Court. Information regarding access to the virtual hearing will be made available in accordance with the procedures of the United States Bankruptcy Court.

Participation at the Combined Hearing will only be permitted by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. Parties may access the facility by calling 832-917-1510. Once connected, participants will be prompted to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be conducted by use of the GoToMeeting platform. Participants may connect via the free GoToMeeting application or by clicking the GoToMeeting link available on Judge Lopez's home page. The meeting code is "JudgeLopez." Participants should click the settings icon in the upper right corner and enter their name under the personal information setting.

Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make an appearance, parties must click the "Electronic Appearance" link on Judge Lopez's home page, select the case name, complete the required fields, and click "Submit" to complete the appearance.

Please be advised that the Combined Hearing may be continued from time to time by the Court or the Debtors without further notice, other than by such adjournment being announced during the hearing or by a notice of adjournment filed with the Court and served on other parties entitled to notice.

**Information Regarding the Combined Disclosure Statement and Plan**

**Voting Record Date**. The Voting Record Date was June 22, 2026, which was the date for determining which Holders of Claims and Interests in Classes 3, 4, and 5 of the Combined Disclosure Statement and Plan were entitled to vote.

**Objections to the Combined Disclosure Statement and Plan**. The deadline for filing objections to the Combined Disclosure Statement and Plan is **July 30, 2026, at 5:00 p.m. (Central Time)**. Any objections (each respectively, an "***Objection***") must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas; (c) state the name and address of the objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors; and (d) state with particularity the legal and factual basis for such objections, and the specific grounds thereof.

Objections must be filed with the Court and served so as to be **actually received** no later than **July 30, 2026, at 5:00 p.m. (Central Time)**, by the following parties:

a. proposed counsel to the Debtors, Vinson & Elkins LLP, 845 Texas Avenue, Suite 4700, Houston, Texas 77002, Attn: Paul E. Heath and Sara Zoglman and 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036 Attn: David S. Meyer and Jessica C. Peet;

b. counsel to the Term Loan Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016, Attn: James Vincequerra;

c. the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Andrew Jimenez and Ha Nguyen;

d. counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: James H. Burbage and Emma Kari; and

e. those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

**AS DESCRIBED ABOVE, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**Summary of Plan Treatment**

The following chart summarizes the treatment provided by the Combined Disclosure Statement and Plan for each Class of Claims against and Interests in the Debtors, and indicates the voting status of each Class:

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| 1 | Senior Priority Lien Claims | To the extent there are any Allowed Senior Priority Lien Claims, unless the Holder of such Claim and the applicable Debtor or the Liquidation Trustee, as applicable, agree to a different treatment, on the Effective Date, or as soon as practicable thereafter, each Holder of an Allowed Senior Priority Lien Claim (if any) shall receive, at the option of the applicable Debtor or the Liquidation Trustee:<br>payment in full in Cash of its Allowed Senior Priority Lien Claim;<br>the collateral securing its Allowed Senior Priority Lien Claim; or<br>such other treatment that renders its Allowed Senior Priority Lien Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code. | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 2 | Other Priority Claims | Each Holder of an Allowed Other Priority Claim shall receive, at the option of the Debtors or the Liquidation Trustee, payment in full in Cash on the Effective Date, or treatment otherwise consistent with section 1129(a)(9)(c) of the Bankruptcy Code, unless the Holder of such Claim and the applicable Debtor or the Liquidation Trustee, as applicable, agree to a less favorable different treatment. | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 3 | Term Loan Claims | In full and final satisfaction, compromise, settlement, release, and discharge of its Claim (unless the applicable Holder agrees to a less favorable treatment), each Holder of | Impaired | Entitled to Vote |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| | | an Allowed Term Loan Claim shall receive on the Effective Date or as soon as reasonably practicable thereafter from Cash on deposit in the Adequate Protection Account: (i) in the event of a Term Loan Settlement, such Holder's *Pro Rata* share of the Term Loan Settlement Amount, or (ii) after Allowance by a Final Order, Cash in an amount equal to such Holder's contractual share of the Allowed Term Loan Claims. | | |
| 4 | Equipment Financing Agreement Claims | In full and final satisfaction, compromise, settlement, release, and discharge of its Claim (unless the applicable Holder agrees to a less favorable treatment), each Holder of an Allowed Equipment Financing Agreement Claim shall receive on the Effective Date or as soon as reasonably practicable thereafter: (i) Cash in an amount equal to such Holder's applicable Equipment Financing Agreement Collateral Proceeds, and (ii) solely to the extent the amount of such Holder's Allowed Equipment Financing Agreement Claims as of the Petition Date exceeds the applicable Equipment Financing Agreement Collateral Proceeds, such Holder's *Pro Rata* share of Liquidation Trust Interests. | Impaired | Entitled to Vote |
| 5 | General Unsecured Claims | Each Holder of an Allowed General Unsecured Claim shall receive on the Effective Date or as soon as reasonably practicable thereafter its *Pro Rata* share of the Liquidation Trust Interests. | Impaired | Entitled to Vote |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| 6 | Intercompany Claims | On the Effective Date, Allowed Intercompany Claims, shall, at the election of the Liquidation Trustee, and subject to the orders of the CCAA Court in the Canadian Proceedings, be (a) Reinstated, (b) converted to equity, (c) otherwise set off, settled, distributed, contributed, cancelled, or released, or (d) otherwise addressed at the option of the Liquidation Trustee without any distribution, in each case in accordance with the Liquidation Trust Agreement. For the avoidance of doubt, no Intercompany Claim shall be entitled to vote or to receive a distribution under this Combined Disclosure Statement and Plan. For the avoidance of doubt, no Holder of an Intercompany Claim shall become a beneficiary of the Liquidation Trust. | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |
| 7 | Subordinated Claims | Holders of Subordinated Claims shall not receive any distribution on account of such Subordinated Claims. On the Effective Date, all Subordinated Claims shall be discharged, cancelled, released, and extinguished as of the Effective Date, and shall be of no further force or effect. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Intercompany Interests | On the Effective Date, Allowed Intercompany Interests shall, at the election of the Liquidation Trustee, and subject to the orders of the CCAA Court in the Canadian Proceedings, be (a) Reinstated, (b) set off, settled, addressed, distributed, contributed, merged, cancelled, or released, or (c) otherwise addressed at the option of the Liquidation Trustee, without any distribution, in each case in accordance with the Liquidation Trust Agreement. For the avoidance of doubt, no Holder of an Intercompany | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |

| Class | Claim or Interest | Treatment | Status | Voting Rights |
|---|---|---|---|---|
| | | Interest shall become a beneficiary of the Liquidation Trust. | | |
| 9 | Equity Interests | Holders of Equity Interests will not receive any distribution or property, on account of such Interests, which will be canceled, released, and extinguished as of the Effective Date, and will be of no further force or effect. | Impaired | Not Entitled to Vote (Deemed to Reject) |

**Releases, Exculpation, and Injunctions**

Please be advised that Article IX of the Combined Disclosure Statement and Plan contains certain release, exculpation, and injunction provisions as follows:

**Relevant Definitions**

"***Released Party***" means each Person or Entity identified as a Released Party in the Plan Supplement as recommended by the Independent Subcommittee and filed on the Bankruptcy Court's docket no later than July 7, 2026, which may include, each of the following solely in its capacity as such and the extent permitted by applicable law: (a)(i) the Debtors; (ii) the Estates; and (iii) with respect to each Debtor, each Debtor's directors, managers, members, officers, principals, committees (including special committees or subcommittees), the Investigation Subcommittee, Restructuring Committee, Chief Restructuring Officer, the Information Officer; (iv) each Related Party of each Entity in clauses (a)(i)-(a)(iii); and (b)(i) the Committee and its members, each in their capacities as such; and (ii) with respect to the Committee, its retained Professionals, including its attorneys, and financial advisors; provided, however, that in each case, an Entity shall not be a Released Party if it: (x) elects to opt out of the releases set forth in Article IX of the Combined Disclosure Statement and Plan; or (y) timely objects to the releases set forth in Article IX of the Combined Disclosure Statement and Plan and such objection is not resolved before Confirmation. For the avoidance of doubt, the Non-Released Parties shall not be a "Released Party" under the Combined Disclosure Statement and Plan and shall not receive a release under the Combined Disclosure Statement and Plan. **For more information on the Released Parties, see Articles I.G, I.H, and I.I of the Combined Disclosure Statement and Plan describing the Independent Investigation, the Committee Investigation, and Potential Released Parties.**

**Interested parties will be able to obtain and view the list of identified Released Parties no later than July 7, 2026, free of charge at the following website: https://restructuring.ra.kroll.com/bitcoindepot**.

"***Releasing Parties***" means each of the following, solely in its capacity as such: (a)(i) the Debtors; and (ii) the Estates; (b)(i) all Holders of Claims and Interests that vote to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (ii) all Holders of Claims or Interests whose vote to accept or reject the Combined Disclosure Statement and Plan is solicited but that do not vote either to accept or to reject the

Combined Disclosure Statement and Plan and do not opt out of granting the releases set forth herein; (iii) all Holders of Claims or Interests that are presumed to accept the Combined Disclosure Statement and Plan but do not opt out of granting the releases set forth herein; (vi) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's current and former Affiliates; (v) with respect to each of the foregoing parties in clauses (b)(i) through (b)(vi), each of such Entity's Related Party for which such Entity is legally entitled to bind such Related Party to the releases contained in the Combined Disclosure Statement and Plan under applicable law (in each case, solely in its capacity as such); and (c)(i) the members of any statutory committee, including the Committee, appointed in the Chapter 11 Cases and (ii) such committee's Professionals.

"***Exculpated Parties***" means the following Entities, each in their respective capacities as such: (a) the Debtors; (b) the Investigation Subcommittee; (c) the Committee; and (d) the members of the Committee and any other statutory committee appointed in the Chapter 11 Cases.

**RELEASES BY THE DEBTORS**

**Notwithstanding anything contained herein to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on the Effective Date, each Released Party is deemed released by the Debtors and their Estates from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of the Debtors or the Estates, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors or the Estates, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), any securities issued by the Debtors and the ownership thereof, the Term Loan Facility, the Equipment Financing Agreements, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims actually asserted and pursued against the Debtors), intercompany transactions, the Chapter 11 Cases, the Canadian Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, or any 363 Asset Sale, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, any 363 Asset Sale, the Chapter 11 Cases, the Canadian Proceedings, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the Sales Process, the administration and implementation of the Combined Disclosure Statement and Plan or the distribution of property under the Combined Disclosure Statement and Plan, the Sales Process, or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any Person or Entity under the Combined Disclosure Statement and Plan, any 363 Asset Sale Transaction Documents, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Combined Disclosure Statement**

**and Plan or any 363 Asset Sale; (b) any Non-Released Party; or (c) any Person or Entity from any claim or Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by such Person or Entity.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Releases, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor Releases are: (a) in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Chapter 11 Cases, the Canadian Proceedings, and implementing the Combined Disclosure Statement and Plan; (b) a good faith settlement and compromise of the claims released by the Debtor Releases; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Liquidation Trust, Liquidation Trustee, Debtors or the Debtors' Estates asserting any claim or Cause of Action released pursuant to the Debtor Releases. Notwithstanding anything to the contrary in the foregoing, only those Parties or Entities recommended by the Investigation Subcommittee to be a Released Party shall be eligible to receive a release hereunder. Any such determination along with a summary of the findings of the Investigation Subcommittee with respect to each of the Released Parties will be included in the Plan Supplement. To the extent that the Investigation Subcommittee determines to recommend that any Debtor and the Estate thereto should not grant releases in favor of any Person or Entity with respect to any claims, obligation, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, such Person or Entity shall be deemed a Non-Released Party.**

**RELEASES BY RELEASING PARTIES OTHER THAN THE DEBTORS**

**Notwithstanding anything contained herein to the contrary, upon and as of the Effective Date, each Releasing Party (other than the Debtors and the Estates) releases each Debtor, the Estates, and each other Released Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors and the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), any securities issued by the Debtors and the ownership thereof, the Term Loan Facility, the Equipment Financing Agreements, the Debtors' in- or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to claims actually asserted and pursued against the Debtors), intercompany transactions, the Chapter 11 Cases, the Canadian Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, or any 363 Asset Sale, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, any 363 Asset Sale, the Chapter 11 Cases, the Canadian Proceedings, the filing of the Chapter 11 Cases, the**

**pursuit of Confirmation, the pursuit of consummation, the Sales Process, the administration and implementation of the Combined Disclosure Statement and Plan, the Sales Process, or the distribution of property under the Combined Disclosure Statement and Plan, the Sales Process, or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any Person or Entity under the Combined Disclosure Statement and Plan, any 363 Asset Sale Transaction Documents, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Combined Disclosure Statement and Plan or any 363 Asset Sale; (b) any Non-Released Party; or (c) any Person or Entity from any claim or Causes of Action related to an act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence by such Person or Entity.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the foregoing releases, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (a) consensual; (b) essential to the Confirmation of the Combined Disclosure Statement and Plan; (c) given in exchange for the good and valuable consideration provided by the Released Parties; (d) a good faith settlement and compromise of the claims released by the Releasing Parties; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the foregoing releases.**

**EXCULPATION**

**Except as otherwise specifically provided herein, no Exculpated Party shall have or incur liability for and each Exculpated Party is hereby exculpated from any Cause of Action for any claim related to any act or omission taking place between the Petition Date and the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, the Canadian Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, or any 363 Asset Sale, contract, instrument, release, or other agreement or document created or entered into in connection with the Combined Disclosure Statement and Plan, the Cash Collateral Orders, the Plan Supplement, any 363 Asset Sale, the Chapter 11 Cases, the Canadian Proceedings, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation, the Sales Process, the administration and implementation of the Combined Disclosure Statement and Plan, the Sales Process, or the distribution of property under the Combined Disclosure Statement and Plan, the Sales Process, or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place between the Petition Date and the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence;**

***provided*** **that, to the fullest extent permitted by applicable law, such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities regarding the Chapter 11 Cases, the Canadian Proceedings, and pursuant to the Combined Disclosure Statement and Plan.**

**The Exculpated Parties shall be deemed to have participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Combined Disclosure Statement and Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Combined Disclosure Statement and Plan or distributions made pursuant to the Combined Disclosure Statement and Plan.**

**INJUNCTION**

**Except as otherwise expressly provided herein or for obligations issued or required to be paid pursuant to the Combined Disclosure Statement and Plan or the Confirmation Order, all Holders of Claims and Interests who have held, hold, or may hold Claims or Interests that are treated under this Combined Disclosure Statement and Plan, or are barred by exculpation, are enjoined, from and after the Effective Date through and until the date upon which all remaining property of the Debtors' Estates vested in any Purchaser or the Liquidation Trust, as applicable, has been liquidated and distributed to any Purchaser, creditors, or otherwise in accordance with the terms of the Combined Disclosure Statement and Plan, and the Confirmation Order and the Combined Disclosure Statement and Plan has been fully administered, subject to further extension or reduction by motion on notice, with all parties' rights with respect to such extension or reduction reserved, from taking any of the following actions against, as applicable, the Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing, in any manner or in any place, any suit, action, or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Persons or Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Persons or Entities or the property of such Persons or Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff or subrogation of any kind against any obligation due from such Persons or Entities or against the property of such Persons or Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; or (5) commencing or continuing in any manner any action or other proceeding of any kind, in each case on account of or in connection with or with respect to any such Claims or Interests treated under the Combined Disclosure Statement and Plan.**

**No Person or Entity may commence or pursue a claim or Cause of Action, as applicable, of any kind against the Exculpated Parties that relates to or is reasonably likely**

**to relate to any act or omission in connection with, relating to, or arising out of a claim or Cause of Action, as applicable, subject to Article IX hereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or Cause of Action, as applicable, represents a colorable claim of any kind that has not been exculpated, released, or otherwise barred, and (ii) specifically authorizing such Person or Entity to bring such claim or Cause of Action, as applicable, against any such Exculpated Party; *provided, however*, that no claim or Cause of Action of any kind may be asserted, commenced or pursued against the Information Officer or any Related Party thereto without leave of the CCAA Court. At the hearing for the Bankruptcy Court to determine whether such claim or Cause of Action represents a colorable claim of any kind that has not been exculpated, released, or otherwise barred, the Bankruptcy Court may, or shall if any Exculpated Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such claim or Cause of Action File a proposed complaint with the Bankruptcy Court embodying such claim or Cause of Action, such complaint satisfying the applicable Federal Rules of Civil Procedure, including Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any Claims or Causes of Action not explicitly included in the authorized complaint or petition must obtain authorization from the Bankruptcy Court before filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by the law.**

Dated: [___], 2026
Houston, Texas

*/s/ [Draft]*

**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Sara Zoglman (TX 24121600)
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Tel: 713.758.2222
Fax: 713.758.2346
Email: pheath@velaw.com
szoglman@velaw.com

-and-

David S. Meyer (*pro hac vice* pending)
Jessica C. Peet (*pro hac vice* pending)

1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Tel: 212.237.0000
Fax: 212.237.0100
Email: dmeyer@velaw.com
jpeet@velaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*