**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 26-90528 (CML)** |
| **BITCOIN DEPOT INC., *et al.*,** | ) | **CHAPTER 11** |
| | ) | **(Jointly Administered)** |
| **Debtors[1].** | ) | |

**STIPULATION BETWEEN DEBTOR AND SIMON PROPERTY GROUP, L.P. FOR REJECTION OF LEASE AGREEMENT AND ABANDONMENT OF PERSONAL PROPERTY**

Bitcoin Depot Inc., *et al.,* (the "Debtor") and Simon Property Group, L.P., as Landlord and on behalf of its related entity, Simon Management Associates II, LLC (the "Landlord"), by and through their counsel, hereby stipulate as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue for this matter is proper in the Southern District of Texas (Houston Division) pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are Sections 365(a), 365(d)(3), 365(d)(4), 503(b)(1), and 554 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6007 and 9014 of the Federal Rules of Bankruptcy Procedure.

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https:\\restrucuring.ra.kroll.com\bitcoindepot.

## BACKGROUND

5. The Debtor is the Tenant under a master lease agreement with Landlord, dated December 22, 2025 ("Master Lease"), which includes twenty-one (21) locations (the "Premises").

6. Pursuant to the Master Lease, the Landlord asserts the Debtor was required to pay, on the first day of each month, Rent accruing under the Master Lease.

7. On or about May 18, 2026 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

8. The Debtor has ceased operations and closed its business and is no longer operating in the Premises.

9. The Parties have conferred in good faith and have agreed as follows.

## STIPULATION AND AGREED RELIEF

10. The Parties agree and request entry of an order: (i) approving this Stipulation; (ii) authorizing and approving rejection of the Master Lease effective as of the date of entry of the order approving this Stipulation (the "Rejection Effective Date");[2] (iii) providing that the Debtor shall surrender the Premises to Landlord as of the Rejection Effective Date; and (iv) providing that any personal property remaining within the Premises as of the Rejection Effective Date is abandoned pursuant to 11 U.S.C. § 554, with such property being burdensome to the estate or of inconsequential value and benefit to the estate; provided, however, that any Bitcoin kiosks remaining at the Premises that were purchased by the successful purchaser(s) (the "Buyer") pursuant to a sale under section 363 of the Bankruptcy Code in connection with the Debtor's sale

---

[2] For the avoidance of doubt, the Debtor and the Liquidating Trustee reserve all rights to assert that the Premises identified on Schedule A attached to the *Twelfth Omnibus Notice of Rejection of Certain Executory Contracts and Unexpired Leases and Abandonment of Property in Connection Therewith* [Docket No. 429] were rejected effective prior to the Rejection Effective Date set forth herein.

process shall not be deemed abandoned property, and Landlord shall protect and preserve any such Bitcoin kiosks pending retrieval by the Buyer, provided that such retrieval occurs no later than thirty (30) days following the closing of the applicable sale transaction, unless otherwise agreed to in writing by the parties.

**BASIS FOR AGREED RELIEF**

11. Except as otherwise set forth herein and in any order approving this Stipulation, the Parties further agree that the Master Lease shall be rejected effective as of the Rejection Effective Date.[3] As of the Rejection Effective Date, the Debtor shall surrender the Premises to Landlord, and Landlord shall be authorized to exercise its rights with respect to the Premises under the Master Lease and applicable non-bankruptcy law, subject to the terms of any order approving this Stipulation.

12. The Parties further agree that any personal property remaining within the Premises as of the Rejection Effective Date is burdensome to the estate or of inconsequential value and benefit to the estate and shall be abandoned pursuant to Section 554 of the Bankruptcy Code; provided, however, that any Bitcoin kiosks remaining at the Premises that were purchased by the Buyer pursuant to a sale under section 363 of the Bankruptcy Code in connection with the Debtor's sale process shall not be deemed abandoned property, and Landlord shall protect and preserve any such Bitcoin kiosks pending retrieval by the Buyer, provided that such retrieval occurs no later than thirty (30) days following the closing of the applicable sale transaction, unless otherwise agreed to in writing by the parties. Upon entry of the order approving this Stipulation, Landlord

[3] For the avoidance of doubt, the Debtor and the Liquidating Trustee reserve all rights to assert that the Premises identified on Schedule A attached to the *Twelfth Omnibus Notice of Rejection of Certain Executory Contracts and Unexpired Leases and Abandonment of Property in Connection Therewith* [Docket No. 429] were rejected effective prior to the Rejection Effective Date set forth herein.

may dispose of any such abandoned personal property remaining at the Premises in accordance with applicable law, without further obligation of the Debtor's estate.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order (I) approving this Stipulation; (II) authorizing and approving rejection of the Master Lease effective as of the Rejection Effective Date; (III) directing the Debtor to surrender the Premises to Landlord on or before the Rejection Effective Date; (IV) providing that any personal property remaining within the Premises as of the Rejection Effective Date is abandoned pursuant to 11 U.S.C. § 554, provided, however, that any Bitcoin kiosks remaining at the Premises that were purchased by the Buyer pursuant to a sale under section 363 of the Bankruptcy Code in connection with the Debtor's sale process shall not be deemed abandoned property, and Landlord shall protect and preserve any such Bitcoin kiosks pending retrieval by the Buyer, provided that such retrieval occurs no later than thirty (30) days following the closing of the applicable sale transaction, unless otherwise agreed to in writing by the parties; and (VI) granting such other and further relief as the Court deems just and proper.

Date: August 20, 2026

VINSON & ELKINS LLP

Sara Zoglman
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
(214) 220-7818 (telephone)

*/s/ Sara Zoglman*
Sara Zoglman
Texas Bar Number 24121600
szoglman@velaw.com
*Counsel to the Debtor*

SINGER & LEVICK, PC

Michelle E. Shriro
16200 Addison Road
Suite 140
Addison, TX 75001
(972) 380-5533 (telephone)

*/s/ Michelle E. Shriro*
Michelle E. Shriro
Texas Bar Number 18310900
mshriro@singerlevick.com
*Counsel to Simon Property Group, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties listed below, on this 20th day of August, 2026.

| | |
|---|---|
| **DEBTORS:**<br>Bitcoin Depot Inc., *et al.*<br>8601 Dunwoody Place<br>Sandy Springs, GA 30350<br>**VIA ECF Noticing through their attorney** | **COUNSEL FOR THE DEBTORS:**<br>**Vinson & Elkins LLP**<br>Paul E. Heath<br>pheath@velaw.com<br>Sara Zoglman<br>szoglman@velaw.com<br>845 Texas Avenue, Suite 4700<br>Houston, TX 77002<br><br>David S. Meyer<br>dmeyer@velaw.com<br>Jessica C. Peet<br>jpeet@velaw.com<br>1114 Avenue of the Americas,<br>32nd Floor<br>New York, NY 10036<br>**VIA ECF Noticing and Email** |
| | **UNITED STATES TRUSTEE:**<br>Office of the United States Trustee for the Southern District of Texas<br>515 Rusk Street, Suite 3516<br>Houston, TX 77002<br>Andrew Jimenez<br>Andrew.Jimenez@usdoj.gov<br>Ha Ngyuen<br>Ha.Nguyen@usdoj.gov<br>**VIA ECF Noticing and Email** |