United States Bankruptcy Court
Southern District of Texas

**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 26-90528 (CML)** |
| **BITCOIN DEPOT INC., *et al.*,** | ) | **CHAPTER 11** |
| | ) | **(Jointly Administered)** |
| **Debtors[1].** | ) | |

**AGREED ORDER APPROVING STIPULATION BETWEEN DEBTOR AND SIMON PROPERTY GROUP, L.P. FOR REJECTION OF LEASE AGREEMENT AND ABANDONMENT OF PERSONAL PROPERTY**

THIS S*TIPULATION BETWEEN DEBTOR AND LANDLORD FOR REJECTION OF LEASE AGREEMENT, AND ABANDONMENT OF PERSONAL PROPERTY* (the "Stipulation"), came on for consideration and after due and proper notice, if required, and the Court being otherwise fully advised, finds as follows:

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in the Southern District of Texas (Houston Division) pursuant to 28 U.S.C. §§1408 and 1409. Notice of the Stipulation was adequate and sufficient under the circumstances, and parties in interest were afforded an opportunity to object. By submission of this Order for entry, the submitting counsel represents that the parties identified in the Stipulation agree to the form and content of this Order.

Good and sufficient cause exists for approval of the Stipulation and entry of this Order.

[1] The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https:\\restrucuring.ra.kroll.com\bitcoindepot.

Accordingly, it is **ORDERED**:

1. The Stipulation is approved in its entirety.

2. The rejection of the Master Lease is authorized and approved, effective as of the date of entry of this Order (the "Rejection Effective Date"). Notwithstanding the foregoing, the Debtor's right to assert that the Premises identified on Schedule A attached to the *Twelfth Omnibus Notice of Rejection of Certain Executory Contracts and Unexpired Leases and Abandonment of Property in Connection Therewith* [Docket No. 429] were rejected effective prior to the Rejection Effective Date are hereby reserved.

3. On or before the Rejection Effective Date, the Debtor shall surrender the Premises to the Landlord.

4. Any personal property of the estate remaining at the Premises as of the Rejection Effective Date is abandoned pursuant to 11 U.S.C. § 554; provided, however, that any Bitcoin kiosks remaining at the Premises that were purchased by the successful purchaser(s) (the "Buyer") pursuant to a sale under section 363 of the Bankruptcy Code in connection with the Debtor's sale process shall not be deemed abandoned property, and Landlord shall protect and preserve any such Bitcoin kiosks pending retrieval by the Buyer, provided that such retrieval occurs no later than thirty (30) days following the closing of the applicable sale transaction, unless otherwise agreed to in writing by the parties. The Landlord may dispose of any abandoned personal property in accordance with applicable non-bankruptcy law.

5. The Landlord's deadline for filing a claim for rejection damages arising from rejection of the Master Lease and any asserted Administrative Rent is within thirty (30) days after entry of this Order.

6. Nothing in this Order constitutes a waiver of any rights of any party except as expressly provided herein or in the Stipulation.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: August 24, 2026

Christopher Lopez
United States Bankruptcy Judge