United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| | § | |
| **BITCOIN DEPOT, INC., ET AL.,** | § | **CASE NO. 26-90528 (CML)** |
| | § | |
| | § | |
| **DEBTORS.**[1] | § | **(JOINTLY ADMINISTERED)** |
| | § | |

**STIPULATED ORDER REJECTING EXECUTORY CONTRACTS RELATING TO DIGITAL CURRENCY KIOSK LOCATIONS**

WHEREAS, on June 9, 2026, this Court entered the Order Approving Procedures for the Rejection of the Debtors' Executory Contracts and Unexpired Leases [Docket No. 186] (the "Rejection Procedures Order") pursuant to 11 U.S.C. §§ 105 and 365 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas and the Procedures for Complex Cases in the Southern District of Texas (collectively, the "Local Rules"); and

WHEREAS, pursuant to the Rejection Procedures Order, the Debtors filed their Third Omnibus Notice of Rejection of Executory Contracts [Docket No. 197], Fifth Omnibus Notice of Rejection of Executory Contracts [Docket No. 199], and Eighth Omnibus Notice of Rejection of

1 The Debtors in these Chapter 11 Cases (as defined herein) and the last four digits of their respective federal tax identification numbers (if applicable) may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll/bitcoindepot. The Location of the Debtors' corporate headquarters is: 8601 Dunwoody Place, Sandy Springs, Georgia 30350.

Executory Contracts [Docket No. 214] (collectively, the "Rejection Notices") seeking to reject certain digital currency kiosk locations by specific location; and

WHEREAS, Circle K Stores Inc., Circle K Procurement and Brands Ltd., Couche-Tard Inc. and Mac's Convenience Stores Inc. (collectively, "Circle K") are counterparties to certain of the executory contracts subject to the Rejection Notices; and

WHEREAS, Circle K filed its Objection and Reservation of Rights Regarding Debtors' Third, Fifth, and Eighth Omnibus Notices of Rejection of Executory Contracts [Docket No. 408] (the "Objection") to the Rejection Notices; and

WHEREAS, the parties agree that the executory contracts governing those kiosk locations should be rejected in their entirety, together with all kiosk locations subject thereto; and

WHEREAS, the Debtors and Circle K desire to resolve the Objection on the terms set forth herein;

NOW, THEREFORE, the Court being otherwise fully and duly advised in the premises, IT IS HEREBY ORDERED as follows:

1. The Debtors reject, and the Court hereby approves rejection of, the following executory contracts in their entirety (collectively, the "Rejected Contracts"):

   (a) that certain Kiosk Site Location Agreement, dated June 5, 2020, between Lux Vending, LLC (predecessor-in-interest to Debtor Bitcoin Depot Operating LLC) and Circle K Procurement and Brands Ltd., together with all addenda and amendments thereto;

   (b) that certain Kiosk Site Location Agreement, dated May 13, 2021, between Express Vending Inc. (predecessor-in-interest to Debtor Bitcoin Depot

Operating LLC) and Couche-Tard Inc. and Mac's Convenience Stores Inc., together with all addenda and amendments thereto; and

(c) that certain Master Placement Agreement, dated January 9, 2023, between Lux Vending, LLC d/b/a Bitcoin Depot (predecessor-in-interest to Debtor Bitcoin Depot Operating LLC) and GetGo Operating, LLC, together with all addenda and amendments thereto.

2. The Rejected Contracts, together with all kiosk locations subject thereto, are hereby REJECTED, and all of the Debtors' personal property located at any premises subject to the Rejected Contracts, including without limitation all kiosk equipment listed on **Exhibit A**, is hereby deemed abandoned.

3. The entry of this Order is without prejudice to the right of Circle K to assert a claim for rejection damages arising from the rejection of the Rejected Contracts in accordance with Section 502(g) of the Bankruptcy Code and the applicable claims bar date.

4. The Court shall retain jurisdiction to enforce the terms and conditions of this Order.

Signed: September 03, 2026

Christopher Lopez
United States Bankruptcy Judge